BRANCART & BRANCART
Christopher Brancart (SBN 128475)
cbrancart@brancart.com
P.O. Box 686
Pescadero, CA 94060
Tel:   (650) 879-0141
Fax:   (650) 879-1103

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF RIVERSIDE COUNTY, INC., and JAMES BEASLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> GROUP XIII PROPERTIES LP, GROUP XIII PROPERTIES, INC., SWARANJIT (MIKE) NIJJAR, and ELISA VALERIO, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** |

1. Plaintiffs James Beasley and the Fair Housing Council of Riverside County, Inc. hereby sue defendants – owners and operators of the Villa La Paz apartments in Hemet, California – for housing discrimination in violation of the federal and state fair housing laws.

## I. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 3613. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over plaintiffs' state law claims since those state law

-1-

1 claims arise out of a common nucleus of operative facts, and form part of the same
2 case or controversy under Article III of the United States Constitution.
3     3.     Venue is proper because the claims alleged in this complaint arise
4 from unlawful conduct occurring in Riverside County, California, where the real
5 property at the center of this action is also located.

## II. PARTIES

7     4.     Plaintiff James Beasley is an African-American individual who
8 resides in Hemet, California. Beasley is a citizen of the United States of America.
9     5.     Plaintiff Fair Housing Center of Riverside County, Inc. ("Fair
10 Housing Center") is a private, nonprofit organization formed under the laws of the
11 State of California with its principal place of business in Riverside, California. Its
12 mission is to actively support and promote fair housing through education,
13 advocacy, and enforcement. The Fair Housing Center works to identify barriers to
14 fair housing in Riverside County and seeks to counteract and eliminate
15 discriminatory housing practices. It is engaged in several different activities to
16 further its mission of promoting equal housing opportunities, including: an
17 outreach and education program for housing providers, tenants, homeowners,
18 nonprofit organizations, and local governments regarding fair housing; tenant and
19 landlord counseling regarding rights and responsibilities under state and local
20 housing laws; fair housing counseling regarding rights and responsibilities under
21 federal and state fair housing laws; and investigation of housing discrimination,
22 including referral for enforcement of fair housing laws.
23     6.     Since at least December 31, 2018, defendant Group XIII Properties,
24 LP has owned and operated the Villa La Paz apartments, a rental dwelling located
25 at 675 South San Jacinto Street in Hemet, California, 92543.
26     7.     Defendant Group XIII Properties, Inc., a California corporation, is the
27 general partner of defendant Group XIII Properties, LP.  Defendant Swaranjit
28 (Mike) Nijjar is the president and chief executive officer of Group XIII Properties,

Inc. Nijjar, acting through various corporate entities, controls the ownership and operation of hundreds of rental dwellings throughout Riverside County, including the Villa La Paz apartments.

8. Defendant Elisa Valerio managed the Villa La Paz apartments on behalf of the other defendants named in this action.

9. Based on information and belief, plaintiffs allege that Nijjar directed, ratified, or condoned the discriminatory housing practices alleged in this action. Accordingly, Nijjar is directly liable for each discriminatory housing practice alleged in this complaint. Each defendant acted as the agent of each other defendant; accordingly, each defendant is vicariously liable for the discriminatory housing practices alleged in this action.

### III. FACTUAL ALLEGATIONS

#### A. *Beasley's Housing Search*

10. In Spring 2020, plaintiff James Beasley urgently needed to find a new home to rent in Hemet, having given his landlord his thirty-day notice of his intent to move.

11. On Thursday, April 23, 2020, at 6:50 pm, Beasley texted defendant Elisa Valerio regarding an apartment advertised for rent at the Villa La Paz apartments, asking:

*What one bedroom [do] you have available?*

At 6:51 pm, Valerio responded:

*I have 2 next month first week of [M]ay. 1 bed 1 bath 950 rent, 700 deposit.*

Beasley asked where the apartment was located, and Valerio replied at 6:52 pm:

*I'm on san jacinto st by Whitter. Villa La Paz apartments.*

Beasley asked how he could obtain an application to apply and whether the monthly rent for each of the two available apartments was $950. Valerio answered at 6:53 pm:

*You have to pick it up. Yes both.*

1  Valerio then provided her address at 6:54 pm:

2      *675 s san jacinto st Hemet ca 92543.*

3      12.    On Wednesday, April 29, 2020 at 11:27 am, Beasley completed and
4  returned to Valerio by email a rental application, attaching a copy of his California
5  Identification Card.  Beasley wrote Valerio:
6      *Plz let me know when you received them. Ill hav money order around 1 p.m.*
7      *today.*
8      13.    On Tuesday, May 5, 2020, Valerio texted Beasley at 12:59 pm:
9      *You we[]re approved.  just deposit is 800 so it will be 950 rent 800 deposit.*
10     *You can come see apartment.*
11     14.    After work on that same date, Beasley traveled to the Villa La Paz
12 apartments, where he met Valerio and a man whom Valerio introduced as her
13 husband.  Together they lead Beasley to a vacant apartment for Beasley to inspect.
14     15.    As soon as Beasley entered the apartment with Valerio, he observed
15 that it was not ready to be rented.  The carpeting was soiled and there was trash on
16 the floor:



28 The backyard had trash and weeds:



16. Beasley complained to Valerio that the apartment was not ready to be rented, pointing to things that needed to be cleaned or walls to be painted.

17. Valerio promised that the apartment would be cleaned and ready for occupancy by Saturday, May 9, 2020, and then exited the apartment, leaving Beasley inside to continue looking around.

18. As she was exiting, Beasley overheard Valerio tell her husband, "This is why I don't like renting to niggers; they are always complaining."

19. Shocked, Beasley said nothing in response. After taking one last look around the apartment, Beasley stepped outside, thanked Valerio and departed.

20. Beasley was torn. On the one hand, he liked the location, size, and price of the apartment – and he needed to move, fast. On the other hand, he was hurt and offended by Valerio's slur and assumption that he would consider renting

a dirty apartment.

21. But Beasley had to move somewhere. So, the next day, Wednesday, May 6, 2020, Beasley texted Valerio at 9:33 am to confirm that the apartment would be ready by May 9, 2020, as Valerio had promised:

> *Everything will be done by sat including backyard?*

Valerio responded at 9:36 am:

> *Yes.*

22. Beasley told his friend, Shandra Burks, about his visit to the Villa La Paz apartments and Valerio's slur. He asked Burks to visit the apartment with him to help him decide what to do. Wednesday evening, May 6, 2020, Burks traveled with Beasley to the Villa La Paz apartments to see the unit and to discuss with Beasley what he should do. Valerio was not at home and Burks and Beasley looked into the apartment through the windows.

23. Running out of time, Beasley texted Valerio on Friday, May 8, 2020 at 10:05 am to ask if she had any other apartments available:

> *Morning. Any other apt more ready then the one you keep showing me? I just want everything fixed carpet clean and walls painted [before] i give my [money] that i want back when i move.*

24. Valerio responded at 11:07 am:

> *I'm going to send you a address so you can go look at that apartment. 145 n Inez st Hemet ca. 9097056098 call manager. Maybe you will like that one it's ready to rent.*

25. Beasley was familiar with the location of the Inez apartment. It was located in an undesirable location behind a liquor store that attracted crime, which Beasley wanted to avoid.

**B.     Valerio Tells Beasley the Villa La Pax Apartment is Unavailable**

26. Out of options, Beasley texted Valerio on Friday, May 8, 2020, at 3:37 pm offering to pay the $800 deposit for Villa La Paz apartment:

1  *So can i give you the deposit now then after apartment cleaned i give you*
2  *the rest? I think its only fair since i came twice and apartment has not been*
3  *cleaned and fixed yet?*
4  Receiving no reply, Beasley sent a second text at 4:08 pm:
5  *Hi. I need to know if you'll take $800.00 deposit [before] i come to*
6  *apartment so i can pick up money order from my house.*
7  Valerio replied:  *Sorry apartment has been rented*.

### C.  Something's Not Right

27.  Valerio's conduct made Beasley suspicious:  Her slur, her unwillingness to clean and paint the Villa La Paz apartment for him as a new tenant, and now the apartment was suddenly unavailable.  To determine if Valerio was telling the truth, Beasley asked two friends – Shandra Burks and Blair Edwards – to test his suspicion.

### D.  Valerio Tells Others the Villa La Paz Apartment is Available for Rent

28.  On Monday May 11, 2020 at approximately 11:03am,  Burks texted Valerio about the Villa La Paz apartment:

*Do you have any 1 bedrooms available please let me know my name is Shandra Burks.*

Valerio responded immediately with the same information that Valerio had previously provided to Beasley about the Villa La Paz apartment:

*I have 1 bed 1 bath for rent 950 a month 800 deposit.*

Burks replied, texting:

*sounds good is it available to move in this weekend? I am ready now.*

Valerio answered, texting:

*Yes it is. If you want to bring me the application with all the requirements. When can you bring it?*

Burks texted back:

*Tomorrow morning around 10 am.*

1  And Valerio responded:
2      *Ok perfect.*
3  Burks then asked:
4      *Who do I ask for tomorrow when I come?*
5  Valerio responded, providing Burks with the address for the Villa La Paz
6  apartments and stating that she was the manager:
7      *Just come here at my address. 675 s san Jacinto st Hemet ca 92543. I'm the*
8      *manager.*
9  Valerio then asked:
10     *You have the application already[?]*
11 Burks responded:
12     *No when I come tomorrow I will have all of my information and complete it*
13     *there. I already have income, last bills, bank statements and copy of my ID*
14     *AND SSN.*
15 Valerio confirmed:
16     *Okay yes you need most recent paystubs copy of social and ID a 35 dollar*
17     *in money order. When you come you can filled out application.*
18     29.   On Tuesday, May 12, 2020, at 10:21 am, Edwards texted Valerio
19 about the availability of one-bedroom apartments:
20     *[Do you have any one] bedroom apts available? And could you sent the*
21     *name and address if so?*
22 As with Burks, Valerio responded, texting:
23     *I have a 1 bed 1 bath available ready to move in. 675 s san Jacinto st Hemet*
24     *ca 92543.*
25 Edwards thanked Valerio:
26     *Thank you for your time.*
27 And Valerio responded:
28     *No problem lmk [let me know] if your coming plz I need time.*


### E. Beasley Tries Again

30. Burks told Beasley about Valerio's texts. So, on Monday, May 11, 2020, Beasley texted Valerio:

*[Good morning.] Is any apartments ready? You said you had 3 apartments. So i know one should be done? I need to move asap.*

Valerio answered, texting:

*Their [sic] Rented Already.*

31. Edwards told Beasley about Valerio's texts. So, on Tuesday, May 12, 2020, at 10:46am, Beasley texted Valerio:

*When is the next time you will have apartment available? I reall[y] need to move.*

Valerio replied, texting:

*Don't have anything available rn [right now] sorry.*

### F. The Fair Housing Council Responds

32. Beasley contacted the Fair Housing Council of Riverside County complaining about Valerio's treatment.

33. The Fair Housing Council researched the ownership and operation of the Villa La Paz apartments and determined that dwellings were owned or operated by one of defendant Swaranjit (Mike) Nijjar's companies, the source of numerous complaints by tenants in Riverside County. Since 2014, the Fair Housing Council has received hundreds of complaints about the condition and management of rental dwellings controlled by Nijjar.

34. In response to Beasley's complaint, the Fair Housing Council implemented an education and outreach campaign, diverting resources from other activities to counteract the effects of discrimination reported by Beasley and other tenants. Between September and November 2020, the Fair Housing Center distributed fair housing brochures at social service locations in Hemet and surrounding communities where Nijjar controls a substantial portion of the rental

1 housing.

## G. Injuries

35. As a result of defendants' discriminatory housing practices, Beasley suffered injury, including emotional distress, humiliation, embarrassment, stress, and attendant bodily injuries. Beasley also suffered violation of his fair housing rights and loss of an important housing opportunity. Accordingly, Beasley is entitled to compensatory damages.

36. As a result of defendants' discriminatory housing practices, the Fair Housing Council suffered injury, including diversion of its limited resources and frustration of its mission. Accordingly, the Fair Housing Council is entitled to compensatory damages.

37. In doing the acts of which plaintiffs complain, defendants acted with recklessly disregard of Beasley's and the Fair Housing Council's federally protected fair housing rights. Accordingly, each plaintiff is entitled to punitive damages pursuant to the Fair Housing Act, 42 U.S.C. § 3613(c)(1).

38. There now exists an actual controversy between the parties regarding defendants' duties under federal and state fair housing laws. Accordingly, each plaintiff is entitled to declaratory relief.

39. Unless enjoined, defendants will continue to engage in the discriminatory housing practices alleged in this complaint. Neither plaintiff has a complete remedy at law. Each plaintiff is now suffering and will continue to suffer irreparable injury from defendants' discriminatory housing practices. Accordingly, each plaintiff is entitled to injunctive relief.

## IV. CLAIMS

### A. First Claim

**[Federal Fair Housing Act: 42 U.S.C. § 3604(a)]**

40. Plaintiffs reallege and incorporate herein by reference each preceding paragraph.

41. Each defendant, directly or through its agents, committed the following discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. § 3604(a):

    a. Refusing to rent a dwelling to any person because of race or color, 24 CFR § 100.60(a)(2); and,

    b. Subjecting a person to harassment because of race or color that causes the person to abandon efforts to secure the dwelling, 24 CFR § 100.60(a)(7).

42. Each plaintiff was injured as a result of these discriminatory housing practices committed by defendants; accordingly, each plaintiff is an aggrieved person, 42 U.S.C. § 3602(i), entitled to relief, 42 U.S.C. § 3613.

### B. Second Claim
### [Federal Fair Housing Act: 42 U.S.C. § 3604(c)]

43. Plaintiffs reallege and incorporate herein by reference each preceding paragraph.

44. Each defendant, directly or through its agents, committed the following discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. § 3604(c):

    a. Using words or phrases which convey that dwellings are available or not available to a particular group of persons because of race or color, 24 CFR § 100.75(c)(1); and,

    b. expressing to agents, employees, prospective renters or any other persons a preference for or limitation on any renter because of race or color of such persons, 24 CFR § 100.75(c)(2).

45. Each plaintiff was injured as a result of these discriminatory housing practices committed by defendants; accordingly, each plaintiff is an aggrieved person, 42 U.S.C. § 3602(i), entitled to relief, 42 U.S.C. § 3613.

### C. Third Claim
### [Federal Fair Housing Act: 42 U.S.C. § 3604(d)]

46. Plaintiffs reallege and incorporate herein by reference each preceding paragraph.

47. Each defendant, directly or through its agents, committed the following discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. § 3604(d):

    a. Indicating through words or conduct that a dwelling which is available for inspection or rental has been rented, because of race or color, 24 CFR § 100.80(b)(1);

    b. limiting information, by word or conduct, regarding suitably priced dwellings available for inspection or rental, because of race or color, 24 CFR § 100.80(b)(4); and,

    c. providing false or inaccurate information regarding the availability of a dwelling for rental to any person, because of race or color, 24 CFR § 100.80(b)(5).

48. Each plaintiff was injured as a result of these discriminatory housing practices committed by defendants; accordingly, each plaintiff is an aggrieved person, 42 U.S.C. § 3602(i), entitled to relief, 42 U.S.C. § 3613.

### D. Fourth Claim
### [42 U.S.C. § 1982]

49. Plaintiffs reallege and incorporate herein by reference each preceding paragraph.

50. Defendants injured plaintiff James Beasley by denying him, a black citizen, of the same right to lease real property as is enjoyed by white citizens, in violation of the Civil Rights Act of 1866, 42 U.S. Code § 1982.

### E. Fifth Claim
### [California Fair Employment and Housing Act]

51. Plaintiffs reallege and incorporate herein by reference each preceding paragraph.

52. Each defendant, directly or through its agents, committed the following discriminatory housing practices in violation of the Fair Employment and Housing Act, Cal. Govt. Code § 12955:

 a. Discriminating on the basis of race or color as prohibited by the Unruh Civil Rights Act, Cal. Gov. Code, §§ 12948, 12955, subd. (d); Cal. Civ. Code, §§ 51, 51.2, 52(a);

 b. Denying or aiding, inciting, or conspiring in the denial of the rights created by the Unruh Civil Rights Act, Cal. Gov. Code, §§ 12948, 12955(d); Cal. Civ. Code, §§ 51, 51.2, 52(a);

 c. Aiding, abetting, inciting, compelling, or coercing acts or practices declared unlawful by the FEHA, or attempting to do so, Cal. Gov. Code, § 12955(g);

 d. Otherwise making unavailable or denying a dwelling based on race or color, Cal. Gov. Code, §§ 12948, 12955(k), Cal. Civ. Code, §§ 51, 51.2, 52(a); and,

 e. Interfering with persons in the exercise or enjoyment fair housing rights protected by the FEHA, Cal. Gov. Code, § 12955.7; and,

 f. Making discriminatory statement with respect to rental of a dwelling, Cal. Gov. Code, § 12955(c).

53. Each plaintiff was injured as a result of these discriminatory housing practices committed by defendants; accordingly, each plaintiff is an aggrieved person, Cal. Govt. Code § 12927, entitled to relief, Cal. Govt. Code § 12989.2.

### F. Sixth Claim
### [Negligence]

54. Plaintiffs reallege and incorporate herein by reference each preceding paragraph.

55. Defendants Group XIII Properties, Inc., Group XIII Properties, LP, and Swaranjit (Mike) Nijjar, and each of them, injured plaintiff James Beasley by

want of ordinary care or skill in the ownership, operation, or management of their rental dwellings, including their failure to provide adequate training and sufficient supervision of their agent, defendant Elisa Valerio, in violation of Cal. Civil Code § 1714.

### G. Seventh Claim
### [Defamation]

56. Plaintiffs reallege and incorporate herein by reference each preceding paragraph.

57. Defendant Elisa Valerio defamed plaintiff James Beasley in the course of her work on behalf of each other defendants. Accordingly, each defendant is liable for Valerio's defamatory misconduct.

### V.  PRAYER FOR RELIEF

Wherefore, plaintiff prays for entry of a judgment:

1. That awards compensatory damages, according to proof;
2. That awards statutory damages under the Unruh Civil Rights Act;
3. That awards punitive damages under the federal Fair Housing Act and federal Civil Rights Act only;
4. That awards declaratory relief that defendants have violated federal and state fair housing law;
5. That awards injunctive relief that enjoins all unlawful practices complained about herein and imposes affirmative relief requiring defendants and their contractors, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants as required by federal, state, and local fair housing laws;
6. For reasonable attorneys' fees and costs of the suit incurred herein; and,

///

7. For such other and further relief as the Court may deem proper and just.

*  *  *

Dated: June 2, 2021.

Respectfully submitted,

BRANCART & BRANCART

*/s/ Christopher Brancart*
Christopher Brancart (SBN 128475)
cbrancart@brancart.com
P.O. Box 686
Pescadero, CA 94060
Tel:   (650) 879-0141
Fax:   (650) 879-1103

Attorneys for Plaintiffs