D. Wayne Leech Esq. SBN 97676
Law Office of D. Wayne Leech a Professional Corporation
11001 Main Street, Suite 200
El Monte, CA 91731
Tele 626-443-0061
Fax 626-443-1165
Email wayne@leechlaw.com
Attorney for Defendants GROUP XIII PROPERTIES LP, GROUP XIII PROPERTIES, INC., SWARANJIT (MIKE) NIJJAR, and ELISA VALERIO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF RIVERSIDE COUNTY, INC., and JAMES BEASLEY,<br><br>        Plaintiffs,<br><br>    v.<br><br>GROUP XIII PROPERTIES LP, GROUP XIII PROPERTIES, INC., SWARANJIT (MIKE) NIJJAR, and ELISA VALERIO,<br><br>        Defendants. | Case No.: 5:21-cv-00941-SP<br><br>**ANSWER TO COMPLAINT BY DEFENDANTS, GROUP XIII PROPERTIES LP, GROUP XIII PROPERTIES, INC., SWARANJIT (MIKE) NIJJAR, and ELISA VALERIO**<br><br>**Demand for Jury Trial** |

COMES NOW, Defendants, GROUP XIII PROPERTIES LP, GROUP XIII PROPERTIES, INC., SWARANJIT (MIKE) NIJJAR, and ELISA VALERIO and hereby answer and respond to the Complaint for Damages on file herein as more fully set forth below.

1.   These answering Defendants have neither information nor belief sufficient to enable them to admit the allegations of the following paragraphs of the complaint herein,

and basing their denial on that ground deny, on information and belief, each and every allegation thereof:  Paragraphs 1, 2, 3, 4, 5, 10, 11, 13, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 40, 43, 46, 49, 51, 54, and 56.

2. These answering Defendants deny the allegations in paragraph 6 of the complaint on file herein except that these answering Defendants admit that GROUP XIII PROPERTIES LP owned the Villa La Paz apartments, a rental dwelling located at 675 South San Jacinto Street in Hemet, California, 92543 from December 31, 2018 to January 2, 2019.

3.  These answering Defendants admit the allegations in paragraph 7 of the complaint on file herein that Defendant Group XIII Properties, Inc., a California corporation, is the general partner of defendant Group XIII Properties, LP, and that Defendant Swaranjit (Mike) Nijjar is the president and chief executive officer of Group XIII Properties Inc.,  but these answering Defendants deny the remaining allegations in paragraph 7 of the Complaint on file herein.

4. These answering Defendants deny the allegations in paragraph 8 of the complaint on file herein.

5. These answering Defendants deny the allegations in paragraph 9 of the complaint on file herein.

6. These answering Defendants have neither information nor belief sufficient to enable them to admit the allegations of the paragraph 12 of the complaint herein, and basing their denial on that ground deny, on information and belief, each and every allegation thereof, except that these answering Defendants admit that Beasley returned a rental application and his California Identification Card.

7. These answering Defendants have neither information nor belief sufficient to enable them to admit the allegations of the paragraph 14 of the complaint herein, and basing their denial on that ground deny, on information and belief, each and every allegation thereof, except that these answering Defendants admit that Beasley traveled to

the Villa La Paz apartments, where he met Valerio and a man whom Valerio introduced as her husband. Together they lead Beasley to a vacant apartment for Beasley to inspect.

8. These answering Defendants admit the allegations in paragraph 15 of the complaint on file herein.

9. These answering Defendants have neither information nor belief sufficient to enable them to admit the allegations of the paragraph 16 of the complaint herein, and basing their denial on that ground deny, on information and belief, each and every allegation thereof, except that these answering Defendants admit that Beasley complained to Valerio that the apartment was not ready to be rented, pointing to things that needed to be cleaned.

10.  These answering Defendants deny the allegations in paragraph 18 of the complaint on file herein.

11. These answering Defendants deny the allegations in paragraph 35 of the complaint on file herein.

12. These answering Defendants deny the allegations in paragraph 36 of the complaint on file herein.

13.  These answering Defendants deny the allegations in paragraph 37 of the complaint on file herein.

14. These answering Defendants deny the allegations in paragraph 38 of the complaint on file herein.

15. These answering Defendants deny the allegations in paragraph 39 of the complaint on file herein.

16. These answering Defendants deny the allegations in paragraph 41 of the complaint on file herein.

17. These answering Defendants deny the allegations in paragraph 42 of the complaint on file herein.

18. These answering Defendants deny the allegations in paragraph 44 of the complaint on file herein.

19. These answering Defendants deny the allegations in paragraph 45 of the complaint on file herein.

20. These answering Defendants deny the allegations in paragraph 47 of the complaint on file herein.

21. These answering Defendants deny the allegations in paragraph 48 of the complaint on file herein.

22. These answering Defendants deny the allegations in paragraph 50 of the complaint on file herein.

23. These answering Defendants deny the allegations in paragraph 52 of the complaint on file herein.

24. These answering Defendants deny the allegations in paragraph 53 of the complaint on file herein.

25. These answering Defendants deny the allegations in paragraph 55 of the complaint on file herein.

26. These answering Defendants deny the allegations in paragraph 57 of the complaint on file herein.

## AFFIRMATIVE DEFENSES TO EACH AND EVERY ALLEGED CAUSE OF ACTION

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

1.      Plaintiffs' Complaint, and each and every cause of action set forth therein alleged against Defendants, fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

#### (Barred by Statute of Limitations)

2.      Plaintiffs' claims are barred in whole or in part by any and all applicable statutes of limitations, including without limitation, California Code of Civil Procedure §§ 335.1, 337, 337.1, 337.1(a)(1), 337.1(a)(2), 337.1(b), 337.15(a)(2), 337.15(g), 338(a),

338(b), 338(c), 338(d), 338.2, 338.3, 338.4, 339(1), 339.1, 340, 342, 343, 359, Government Code §§ 12989.1, 12960 and 12965; and Civil Code section 3144, and Business and Professions Code § 17208.

THIRD AFFIRMATIVE DEFENSE

(Reservation Of Rights)

3.     The Complaint does not describe the claims or facts with sufficient particularity to permit Defendants to ascertain what other defenses may exist. Defendants will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserve the right to amend this answer for the purpose of asserting such additional defenses or claims which may become known during the course of this case.

FOURTH AFFIRMATIVE DEFENSE

(Waiver)

4.     Plaintiffs have waived the right to assert each cause of action in the Complaint by reason of their conduct.

FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

5.     Plaintiffs are barred from relief in this action, in whole or in part, by the doctrine of estoppel because of their conduct.

SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

6.     If Plaintiffs suffered any damages as a result of the facts alleged in his Complaint, which Defendants deny, Plaintiffs are not entitled to recover the damages alleged or any damages due to their failure to make reasonable efforts to mitigate or minimize the damages incurred.

SEVENTH AFFIRMATIVE DEFENSE

(Lack of Knowledge and Intent)

ANSWER TO COMPLAINT BY DEFENDANTS, GROUP XIII PROPERTIES LP, GROUP XIII PROPERTIES, INC., SWARANJIT (MIKE) NIJJAR, and ELISA VALERIO

5

7.      Defendants allege that, while denying each and every act and/or omission alleged by Plaintiffs in the Complaint, if any such acts and/or omissions occurred, they were committed without the intent and/or knowledge (actual and/or constructive) of Defendants.

### EIGHTH AFFIRMATIVE DEFENSE
### (Conduct Not "Unlawful")

8.      Defendants' practice as alleged in the Complaint is not unlawful.

### NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

9.      Plaintiffs are barred from maintaining the Complaint, and each of the purported causes of action asserted therein, as a result of their unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

### TENTH AFFIRMATIVE DEFENSE
### (Laches)

10.     Plaintiffs are barred by the doctrine of laches from pursuing their Complaint, and each of the purported cause of action asserted therein, by reason of their inexcusable and unreasonable delay in filing the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Conduct Not "Unfair"—Business Justification)

11.     Defendants' business practice as alleged in the Complaint is not "unfair" or "illegal". The utility of the practice outweighs any potential harm.

### TWELFTH AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

12.     Plaintiffs' claims are barred, in whole or in part, or recovery reduced, because at all relevant times herein: (a) Defendants took reasonable steps to prevent and correct the conduct alleged in the Complaint; (b) Plaintiffs unreasonably failed to utilize or exhaust internal remedies in good faith, thus failing to avoid the consequences of any

ANSWER TO COMPLAINT BY DEFENDANTS, GROUP XIII PROPERTIES LP, GROUP XIII PROPERTIES, INC., SWARANJIT (MIKE) NIJJAR, and ELISA VALERIO

6

1    alleged discrimination, retaliation, or other alleged unlawful act; and (c) the reasonable

2    use of Defendants' measures would have prevented at least some, if not all, of the

3    damages that Plaintiffs allegedly suffered.

4                          THIRTEENTH AFFIRMATIVE DEFENSE

5                    (Conduct Not "Fraudulent" Nor "Likely to Mislead")

6            13.    Defendants' practice as alleged in the Complaint is and was not likely to

7    fraudulent or likely to mislead the public.

8                          FOURTEENTH AFFIRMATIVE DEFENSE

9                               (Abstention/Preemption)

10           14.    The causes of action-asserted in the Complaint, and each of them, are

11   barred by virtue of the fact that Defendant's conduct is regulated by a detailed and

12   comprehensive enforcement scheme established under California law.

13                          FIFTEENTH AFFIRMATIVE DEFENSE

14                             (Adequate Remedy at Law)

15           15.    Plaintiff's causes of action, and each of them, and the injunctive remedies,

16   are barred in light of the fact that plaintiff and the members of the general public have an

17   adequate remedy.

18                          SIXTEENTH AFFIRMATIVE DEFENSE

19                         (Exhaustion/Primary Jurisdiction)

20           16.    Plaintiff's claims are barred by the doctrines of exhaustion and/or primary

21   jurisdiction.

22                          SEVENTEENTH AFFIRMATIVE DEFENSE

23                                  (Mootness)

24           17.    The injunctive relief should not be granted since the alleged unlawful

25   business practice ceased and is not likely to recur.

26                          EIGHTEENTH AFFIRMATIVE DEFENSE

27                               (Cessation of Practice)

28

18.     The injunctive relief should not be granted since the alleged unlawful
business practice ceased and is not likely to recur.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (No Personal Participation)

19.     Some or all of Plaintiff's claims are barred because Defendants did not
personally participate in the alleged actions.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Consent)

20.     The Complaint is barred in whole or in part due to consent.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Business Judgment Rule)

21.     The Complaint is barred, in whole or in part, by the business judgment rule.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Selective Enforcement)

22.     The Complaint is barred in whole or in part by the defense of selective
enforcement.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Truth)

23. Any alleged defamatory statements are barred because they were true.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Absolute Privilege)

24. Any alleged defamatory statements are barred by the defense of Absolute
Privilege.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Qualified Privilege)

25. Any alleged defamatory statements are barred by the defense of Qualified
Privilege.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

1                           (Fair Comment)

2         26. Any alleged defamatory statements are barred by the defense of Fair

3  Comment.

4                   TWENTY-SEVENTH AFFIRMATIVE DEFENSE

5                      (No Intent to Discriminate)

6         27. The Complaint is barred in whole or in part by since Defendants did not

7  intend to discriminate.

8

9  Date: July 24, 2021           Law Office of D. Wayne Leech a Professional

10                                     Corporation

11                                     By: */s/ D. Wayne Leech*_____

12                                         D. Wayne Leech, Attorney for Defendants GROUP

13                                         XIII PROPERTIES LP, GROUP XIII PROPERTIES,

14                                         INC., SWARANJIT (MIKE) NIJJAR and ELISA

15                                         VALERIO

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT BY DEFENDANTS, GROUP XIII PROPERTIES LP, GROUP XIII PROPERTIES, INC., SWARANJIT (MIKE) NIJJAR, and ELISA VALERIO

9

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Law Office of D. Wayne Leech a Professional Corporation

DATED: July 27, 2021        /s/ *D. Wayne Leech*
                             D. Wayne Leech, Attorneys for Defendant GROUP XIII PROPERTIES LP, GROUP XIII PROPERTIES, INC., SWARANJIT (MIKE) NIJJAR and ELISA VALERIO