1    BRANCART & BRANCART
     Christopher Brancart (SBN 128475)
2    cbrancart@brancart.com
     P.O. Box 686
3    Pescadero, CA 94060
     Tel:    (650) 879-0141
4    Fax:    (650) 879-1103

5    Attorneys for Plaintiffs

6

7

8

9                 **UNITED STATES DISTRICT COURT**

10               **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| **FAIR HOUSING COUNCIL OF RIVERSIDE COUNTY, INC., AND JAMES BEASLEY** ) ) ) | **Case No.: 5:21-cv-00941-JGB-KKx** |
| ) ) | **JOINT RULE 26(f) REPORT** |
|         **Plaintiffs,** ) ) | **Conference:** |
| ) | Date:        **TBD** |
|         **vs.** ) ) | Time:        **TBD** |
| ) | Room:     **Telephonic Conference Requested** |
| **GROUP XIII PROPERTIES LP, GROUP XIII PROPERTIES, INC., SWARANJIT (MIKE) NIJJAR, AND ELISA VALERIO,** ) ) ) ) ) | |
|        **Defendants.** ) ) ) | |

      Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26, plaintiffs Fair Housing Council of Riverside County, Inc. and James Beasley ("plaintiffs") and defendants Group XIII Properties LP, Group XIII Properties, Inc., Swaranjit (Mike) Nijjar, and Elisa Valerio ("defendants") (collectively, the "parties") submit the following Joint Rule 26(f) Report (this "Joint Report").

*///*

a.   **Statement of the Case:**

[1]    Plaintiffs:    In Spring 2020, plaintiff James Beasley urgently needed to find a new home to rent in Hemet, having given his landlord his thirty-day notice of his intent to move. While inspecting a vacant dwelling for rent at the Villa La Paz apartments, a complex operated and managed by defendants, Beasley was racially harassed by defendant Elisa Valerio, manager of the Villa La Paz apartments.   Valerio later denied Beasley an opportunity to rent the Villa La Paz an apartment.  Beasley reported the discrimination to plaintiff Fair Housing Council of Riverside County (FHCRC), which investigated Beasley's complaint and implemented an education and outreach campaign to curb housing discrimination in the area.   Prior to Beasley's complaint, FHCRC had received numerous complaints alleging discrimination at rental dwellings owned or operated by Swaranjit Nijjar.

[2]    Defendants:    Defendants deny the allegations, deny liability and further deny that the defendants were the owners of the Subject Property at the time of the alleged actions. Defendants admit that GROUP XIII PROPERTIES LP owned the Subject Property from December 31, 2018 to January 2, 2019. Thereafter the owner of the Subject Property is and has been DHA OPPORTUNITY 1, LP, a California Limited Partnership. Defendants GROUP XIII PROPERTIES LP, GROUP XIII PROPERTIES, INC., and SWARANJIT (MIKE) NIJJAR did not employ defendant ELISA VALERIO.  ELISA VALERIO was employed by PRO MANAGEMENT COMPANY INC., a Nevada corporation. Plaintiff Beasley did not have, and never presented, the security deposit and first month's rent in order to secure the rental of the Subject Property. The Subject Property was rented to another black tenant, a tenant that presented the security deposit and first month's rent.

-2-

**b.** **Subject Matter Jurisdiction:** This Court has subject matter jurisdiction over this action under the Fair Housing Act, 42 U.S.C. § 3613(a) and 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. Jurisdiction is not disputed.

**c.** **Legal Issues:**

[1] Plaintiffs:

- Whether defendants injured plaintiffs by committing discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. § 3604(a);

- Whether defendants injured plaintiffs by committing discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. § 3604(c);

- Whether defendants injured plaintiffs by committing discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. § 3604(d);

- Whether defendants injured plaintiff James Beasley by denying him, a black citizen, of the same right to lease real property as is enjoyed by white citizens, in violation of the Civil Rights Act of 1866, 42 U.S. Code § 1982.

- Whether defendants injured plaintiffs by committing discriminatory housing practices in violation of the Fair Employment and Housing Act, Cal. Govt. Code § 12955.

- Whether defendants injured plaintiff James Beasley by failing to provide ordinary care or skill in the ownership, operation, or management of their rental dwellings, including their failure to provide adequate training and sufficient supervision of their

-3-

agent, defendant Elisa Valerio, in violation of Cal. Civil Code §
1714.

- Whether defendants injured plaintiff James Beasley by
  defaming him.
- Damages incurred by plaintiffs as a result of defendants'
  unlawful practices;
- Whether defendants acted with reckless disregard and if so the
  amount of punitive damages, if any, to be awarded under the
  Fair Housing Act.

[2]   Defendants:

- Defendants' affirmative defenses including:
- Statute of Limitations;
- Whether Plaintiffs have waived the right to assert each cause of
  action in the Complaint by reason of their conduct;
- Whether Plaintiffs are barred from relief in this action, in
  whole or in part, by the doctrine of estoppel because of their
  conduct;
- Whether Plaintiffs are not entitled to recover the damages
  alleged or any damages due to their failure to make reasonable
  efforts to mitigate or minimize the damages incurred;
- Whether the actions alleged were committed with the intent
  and/or knowledge (actual and/or constructive) of Defendants;
- whether Defendants' practice as alleged in the Complaint were
  unlawful;
- Whether Plaintiffs are barred from maintaining the Complaint,
  and each of the purported causes of action asserted therein, as a

result of their unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based;

• Whether Plaintiffs are barred by the doctrine of laches from pursuing their Complaint, and each of the purported cause of action asserted therein, by reason of their inexcusable and unreasonable delay in filing the Complaint;

• Whether Defendants' business practice as alleged in the Complaint is "unfair" or "illegal". The utility of the practice outweighs any potential harm;

• Whether Plaintiffs' claims are barred, in whole or in part, or recovery reduced, because at all relevant times herein: (a) Defendants took reasonable steps to prevent and correct the conduct alleged in the Complaint; (b) Plaintiffs unreasonably failed to utilize or exhaust internal remedies in good faith, thus failing to avoid the consequences of any alleged discrimination, retaliation, or other alleged unlawful act; and (c) the reasonable use of Defendants' measures would have prevented at least some, if not all, of the damages that Plaintiffs allegedly suffered;

• Whether  Defendants' practice as alleged in the Complaint is and was not likely to fraudulent or likely to mislead the public;

• Whether the causes of action-asserted in the Complaint, and each of them, are barred by virtue of the fact that Defendant's conduct is regulated by a detailed and comprehensive enforcement scheme established under California law;

-5-

- • Whether Plaintiff's causes of action, and each of them, and the injunctive remedies, are barred in light of the fact that plaintiff and the members of the general public have an adequate remedy;
- • Whether Plaintiff's claims are barred by the doctrines of exhaustion and/or primary jurisdiction;
- • Whether the injunctive relief should not be granted since the alleged unlawful business practice ceased and is not likely to recur;
- • Whether some or all of Plaintiff's claims are barred because Defendants did not personally participate in the alleged actions;
- • Whether the Complaint is barred in whole or in part due to consent;
- • Whether the Complaint is barred, in whole or in part, by the business judgment rule;
- • Whether any alleged defamatory statements are barred because they were true;
- • Whether any alleged defamatory statements are barred by the defense of Absolute Privilege;
- • Whether any alleged defamatory statements are barred by the defense of Qualified Privilege;
- • Whether any alleged defamatory statements are barred by the defense of Fair Comment;
- • Whether the Complaint is barred in whole or in part by since Defendants did not intend to discriminate.

**d.** **Parties and Evidence:**

[1]     Witnesses, known to the parties at this time:

| No. | Name | Party Disclosing |
|-----|------|------------------|
| 01 | Beasley, James | Plaintiffs |
| 02 | Burks, Shandra | Plaintiffs |
| 03 | Edwards, Blair | Plaintiffs |
| 04 | Carter, Hugh (FHCRC) | Plaintiffs |
| 05 | Mayes, Rose (FHCRC) | Plaintiffs |
| 06 | Cieszynski, Nathan (FHCRC) | Plaintiffs |
| 07 | Lopez, Monica (FHCRC) | Plaintiffs |
| 08 | Reed, Jamila (FHCRC) | Plaintiffs |
| 09 | Group XIII Properties LP | Defendants |
| 10 | Group XIII Properties, Inc. | Defendants |
| 11 | Swaranjit (Mike) Nijjar | Defendants |
| 12 | Valerio, Elisa | Defendants |
| 13 | Wilson, Sherri | Defendants |
| 14 | PRO MANAGEMENT COMPANY INC., a Nevada corporation | Defendants |
| 15. | DHA OPPORTUNITY 1, LP, a California Limited Partnership | Defendants |

-7-

| 16. | Vasquez, Jesse | Defendants |
|-----|----------------|------------|

[2]   Documents as exhibits, known to the parties at this time:

| No. | Document | Party Disclosing |
|-----|----------|------------------|
| 01 | FHCRC's complaint files re defendants | Plaintiffs |
| 02 | Communications by Beasley, Burks, and Edwards with defendants regarding the availability of dwellings for rent | Plaintiffs |
| 03 | Management records re rental dwelling operated by defendants | DHA OPPORTUNITY 1, LP and PRO MANAGEMENT COMPANY INC. |
| 04 | Grant Deed signed 1-2-2019 transferring title from GROUP XIII PROPERTIES LP to DHA OPPORTUNITY 1, LP | Defendants |
| 05 | Management agreements between DHA OPPORTUNITY 1, LP and PRO MANAGEMENT COMPANY INC. | DHA OPPORTUNITY 1, LP and/or  PRO MANAGEMENT COMPANY INC. |
| 06 | Employment agreements between  PRO MANAGEMENT COMPANY INC., and Elisa Valerio | PRO MANAGEMENT COMPANY INC. and/or Elisa Valerio |

-8-

| 07 | Rental agreements and related files and documents regarding tenants at the Subject Property | DHA OPPORTUNITY 1, LP and/or  PRO MANAGEMENT COMPANY INC. |
|---|---|---|

   e.   **Damages:**   Plaintiff James Beasley seeks compensatory damages for personal injuries caused by defendants' unlawful practices as follows:   [1] For personal injuries in the form of humiliation, mental anguish, and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment, and other personal injuries; and [2] for deprivation of the use and enjoyment of a dwelling, loss of important housing opportunities, and the value of his time and costs associated with locating and renting alternative housing.  The amount of Beasley's compensatory damages will be determined by the jury.  A method used to calculate an appropriate award for these injuries considers the egregiousness of defendants' conduct and Beasley's  reaction to that conduct and the differences between the subject property and Beasley's alternative housing.

   Plaintiff Fair Housing Council of Riverside County (FHCRC) also seeks compensatory damages for diversion of resources and frustration of mission caused by defendants' discriminatory housing practices as follows:   [1]   For diversion of resources, FHCRC seeks to recover the costs of staff time and resources diverted to addressing defendants' discriminatory housing practices in response to Beasley's complaint; and [2] for frustration of mission,  FHCRC seeks the costs to be incurred for counteracting defendants' pattern or practice of housing discrimination.   The amount of these damages will be determined by the jury. A method used to calculate an appropriate award for these injuries considers the amount of staff time and resources expended by FHCRC in response to

Beasely's complaint and the projected costs of a program to counteract the effects of defendants' pattern or practice of housing discrimination within FHCRC's service area.

Each plaintiff seeks punitive damages under the Fair Housing Act (FHA) in the event that the jury determines that defendants violated the FHA with reckless disregard. The amount of these damages will be determined by the jury. A method used to calculate an appropriate award for punitive damages considers several factors, including [a] defendants' knowledge of the requirements of the FHA, [b] defendants' financial condition, and [c] the nature of the harm caused by defendants' reckless disregard of the FHA.

     **f.**    **Insurance:**  The details of Defendants' insurance will be disclosed under separate cover.

     **g.**    **Motions:**   Neither side anticipates motions regarding venue. Defendants indicate that additional or other corporate entities may own or operate the subject rental property; the complaint will be amended if new or different defendants need to be named.  Thus, each side reserves its right to move to amend its pleadings after the first round of discovery to determine whether additional parties need to be named or additional claims or defenses need to be alleged. Each side anticipates filing motions under Rule 56 of the Federal Rules of Civil Procedure.

     **h.**    **Manual for Complex Litigation:**   Not applicable.

     **i.**    **Status of Discovery:**   No discovery has been conducted as of the date of this Joint Report.   The parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by November 22, 2021.

     **j.**    **Discovery Plan:**

-10-

[1]    The limitations on discovery will be governed by the limitations set forth in the Federal Rules of Civil Procedures, with one modification:   Expert depositions will not be counted against the limitation of 10 depositions per side;

[2]    Discovery should not be phased;

[3]    The parties have stipulated to the entry of a protective order governing confidentiality of sensitive materials;

[4]    ESI to be searched will be identified by custodian or source. ESI will be searched using keywords or by subset of data identified by type or subject matter.  ESI will be produced in a native format that is machine readable (e.g., in "load file" format).

[5]    Paper records will be produced in PDF format; each page will be identified with a source-identifying prefix and a sequential number.

[6]    Each party will log material withheld as privileged or work product in accordance with Fed. R. Civ. P. 26(b)(5); however, attorney-client communications involving this action and internal communications by counsel involving this action  need not be logged.

 [7]   Topics for discovery will focus on the following:

•    The availability, terms, and rental practices of defendants, including the same for the subject rental dwelling; and,

•    Prior fair housing matters involving defendants, in order to establish knowledge for purposes of a reckless disregard finding and scope of equitable relief; and,

-11-

•   The operation, ownership, and management of defendants' rental dwellings, in order to determine the appropriate defendants and the scope of equitable relief.

**k.**   **Discovery Cut-off:**   Please see  EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET, appended to this Joint Report.

**l.**   **Expert Discovery:**   Please see  EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET, appended to this Joint Report.

**m.**   **Dispositive Motions:**   Each side reserves the right to file a motion pursuant to Fed. R. Civ. P. 56.

**n.**   **Settlement/Alternative Dispute Resolution (ADR):**   Because of plaintiffs' demand for equitable relief and pattern or practice of discrimination allegations, the parties request that this matter be referred to the assigned magistrate judge for a settlement conference.

**o.**   **Trial Estimate:**   The parties have demanded a trial by jury. The parties anticipate five days for a jury trial.  Plaintiffs contemplate calling approximately eight witnesses.   Defendants contemplate calling approximately eight witnesses.

**p.**   **Trial Counsel:**   Christopher Brancart will represent the plaintiffs at trial. D. Wayne Leech will represent the defendants at trial.

**q.**   **Independent Expert or Master:**   Not applicable.

**r.**   **Timetable:**   Please see  EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET, appended to this Joint Report.

\\

\\

\\

**s.** **Other issues:**

[1] Discovery and productions will be served by email or electronic transmission; and,

[2] Deposition may be conducted via remote means.

\* \* \*

Dated:  October 22, 2021.

Respectfully submitted,

BRANCART & BRANCART

*/s/ Christopher Brancart*
Christopher Brancart (SBN 128475)
cbrancart@brancart.com
P.O. Box 686
Pescadero, CA 94060
Tel:   (650) 879-0141
Fax:   (650) 879-1103

LAW OFFICE OF D. WAYNE LEECH, A PROFESSIONAL CORPORATION

*/s/ D. Wayne Leech*
D. Wayne Leech, Esq. (SBN 97676)
wayne@leechlaw.com
11001 Main Street, Suite 200
El Monte, CA 91731
Tel:   (626) 443-0061
Fax:   (626) 443-1165

Attorneys for Plaintiffs

Attorneys for Defendants

# CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, on October 22, 2021, I served by email a copy of the attached document – **JOINT RULE 26(f) REPORT** – on the following attorneys:

Wayne Leech
LAW OFFICE OF D. WAYNE
LEECH, A PROFESSIONAL
CORPORATION
11001 Main Street, Suite 200
El Monte, CA 91731
wayne@leechlaw.com

[For Defendants]

*/s/ Christopher Brancart*