BRANCART & BRANCART
Christopher Brancart (SBN 128475)
cbrancart@brancart.com
P.O. Box 686
Pescadero, CA 94060
Tel:   (650) 879-0141
Fax:   (650) 879-1103

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF RIVERSIDE COUNTY, INC., and JAMES BEASLEY,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>GROUP XIII PROPERTIES LP, GROUP XIII PROPERTIES, INC., SWARANJIT (MIKE) NIJJAR, ELISA VALERIO, DHA OPPORTUNITY 1, LP, DHA OPPORTUNITY 1, INC., and DALJIT KLER,<br><br>　　　　Defendants. | Case 5:21-cv-00941-JGB-KK<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY LR 37-2.3**<br><br>*DISCOVERY MATTER*<br><br>Hearing:<br>Date:　　February 9, 2023<br>Time:　　10:00 a.m.<br>Judge:　Hon. Kenly Kiya Kato<br><br>Discovery Cutoff:  March 27, 2023<br>Pretrial Conference:  August 18, 2023<br>Trial Date:  September 19, 2023 |

**1. Communications and Operational Documents.** With respect to Request Nos. 1-10 and 14, defendants argue that they cannot produce documents that do not exist or which are not in their custody or control. But defendants have failed to provide any information regarding their search or attempts to identify responsive documents. (ECF 38-1 at 22.) They do not explain why the cell phone records of Elise Valerio are unobtainable (even if she no longer has the phone) or any efforts they have made to secure those records. Defendants have produced no documents establishing their policies and procedures for processing rental applications or for tenant selection – policies fundamental to the operation of residential rental

-1-

properties. (Requests 11-13.) The employee manual defendants allude to producing says nothing about defendants' *rental* policies. Defendants have produced no communications between property management company Pro Management and resident manager Elise Valerio regarding apartment rentals or between Pro Management and representatives of the owners of the Villa La Paz Apartments.[1] Defendants further claim that they have no documents concerning their property management program – a fundamental cog in the operation of any residential rental property today.  Defendants should be ordered to produce these documents.

To the extent they claim that all responsive documents have already been provided as to any or all requests, or that no responsive documents are in that defendant's possession, custody, or control, or do not exist, the Court should order the defendant individually or thru a corporate officer to "set forth in detail, under oath: (i) the efforts made to obtain the requested information; and (ii) that no further responsive information exists or is available," including "(1) the names and titles of all the persons who conducted the search; (2) which databases and offices were searched for responsive documents; and (3) whether there are any additional responsive documents.[2]

**2. Ownership and Control.** Request No. 15 seeks documents establishing who has putative and actual control over the Villa La Paz Apartments. (ECF 38-1 at

---

[1] The existence of an agency relationship is not in dispute. The Property Management Agreement defendants attached to the joint stipulation as Exhibit 37 indicates that DHA Opportunity 1, LP engaged Pro Management, Inc. to operate the Villa La Paz Apartments on its behalf and agreed to maintain insurance covering and to indemnify Pro Management for any acts or omissions by Pro Management or its employees in managing the property. (ECF 38-45 at 11-14.)

[2] *U.S. Philips Corp. v. Kxd Tech., Inc.*, No. CV 05-8953- ER (PLAx), 2007 WL 9627563, at *3 (C.D. Cal. May 24, 2007); *see also Milbank, Tweed, Hadley & McCloy LLP v. Milbank Holding Corp.*, No. CV-06- 187-RGK (JTLx), 2006 WL 8434708, at *9 (C.D. Cal. Oct. 24, 2006) (requiring declaration).

31-33.) Defendants Mike Nijjar, Daljit Kler, Group XIII Properties, LP and Group XIII Properties, Inc. have indicated that they intend to move for summary judgment on the grounds that they may not be held directly or vicariously liable for the discrimination against James Beasley because they neither owned nor managed the Villa La Paz Apartments when his rental application was rejected. (Id. at 9.) In support, defendants submit a deed recorded by the Riverside County Recorder on July 30, 2021 that reflects a transfer from Group XIII Properties, LP to DHA Opportunity 1, LP dated and notarized January 2, 2019. (ECF 38-45 at p. 6 of 49.) That deed is titled "Correction Grant Deed" with the word "Correction" handwritten and reflects payment of a documentary transfer tax, also handwritten, in the amount of $2,659.80. (ECF 38-45 at Exh. 36.) The deed conflicts with one plaintiffs obtained from the Riverside County Recorder's Office, recorded one day earlier, a copy of which is attached as Exhibit 1 to the Supplemental Brancart Declaration attached. That earlier deed, also signed by Mike Nijjar as president of Group XIII Properties, Inc. is dated May 13, 2021, and notarized on July 13, 2021. It indicates that the documentary transfer tax is "0.00" because it is exempt from tax for the following reason: "The Grantors and Grantees in this conveyance are comprised of the same parties who continue to hold the same proportionate interest in the property." (Id.) According to those filings, Group XIII Properties transferred the Villa La Paz Apartments to DHA 1 Opportunity twice – on January 2, 2019, and then again on May 13, 2021 – with conflicting statements as to whether consideration was paid for the transfer.[3] This evidence does not suggest an arms-length transaction, which must be shown if defendants are to be allowed to claim that Mike Nijjar and Daljit Kler do not own or

---

[3] The Secretary of State website shows that, Mike Nijjar – not Daljit Kler – was the CEO of DHA 1 Opportunity, Inc. when Group XIII Properties transferred title of the Villa La Paz Apartments to DHA Opportunity in January 2019. (ECF 39-45 at p. 6; Supp. Brancart Dec. Exh. 2.) Not until January 3, 2020 did DHA Opportunity 1, Inc. file a statement identifying Daljit Kler as CEO. (Id., Exh. 3.)

control the defendant entities. But defendants have withheld the documents needed by plaintiffs to challenge defendants' claim. Moreover, although in recent responses to plaintiffs' requests for admission defendants admit that on January 2, 2019, Group XIII Properties, LP transferred title of the Villa La Paz Apartments to DHA Opportunity I, LP, defendants refuse to admit or deny that "DHA Opportunity, LP paid no consideration in connection with the January 2, 2019 transfer of the Villa La Paz apartments title from Group XIII Properties, LP to DHA Opportunity, LP" in either 2019, 2020, or in 2021 prior to July 2021, stating only objections. (DHA Opportunity's Response to Requests for Admission, Brancart Dec. ¶ 5, Exh. 4.)

Plaintiffs have evidence that the current property manager Pro Management is just a continuation of Pama Management, an entity controlled by defendants. The former and current property owners of the Villa La Paz apartments – Group XIII Properties, LP and DHA Opportunity 1, LP – and former and current managers of the Villa La Paz apartments – PAMA Management, IE Rental Homes, and Pro Management, Inc. – all share the same address: 4900 Santa Anita Ave. #2C, El Monte, CA 91731. (Supp. Brancart Dec. ¶ 6.) Defendants attach Excerpts of the Employee Handbook Receipt and Acknowledgment signed by Elise Valerio, but the document she signed indicates that she received *Pama Management's* Employment Handbook. (ECF 38-45 at p. 49 of 49.) Sherri Wilson, who accepted the resignation of Elisa Valerio and gave her notice to vacate in her role as "Human Resources" on behalf of Pro Management (see ECF 38-45 at 28 of 49) is also the Director of Human Resources for IE Rental Homes and Pama Management – the entities managing the Villa La Paz Apartments prior to Pro Management's contract. (Supp. Brancart Dec. ¶ 7; Exh. 5.) This evidence justifies obtaining discovery from defendants in order to challenge their threatened summary judgment motion.[4]

---

[4] Request No. 21 is resolved. Plaintiffs have been able to obtain a copy of defendants' insurance policy from defendants' insurance broker via subpoena.

**3. Financial Condition.** Despite agreeing to produce net worth documents for Defendants DHA Opportunity 1 LP and DHA Opportunity 1, Inc. upon entry of an amended protective order – which was entered by the Court on December 19, 2022 (ECF 35) – defendants have produced no documents. For the same reasons discovery regarding ownership and control should be ordered, the Court should order defendants to provide financial information on Mike Nijjar and Daljit Kler.

**4. Third-Party Privacy.** Plaintiffs do not object to defendants' redaction of the Social Security, driver's license, and bank account numbers in the tenant files produced by defendants. However, other information should be unredacted because it is relevant to rebut any purported legitimate nondiscriminatory reason raised by defendants. For instance, information on income of applicants is relevant to defeat a claim that plaintiff was not qualified to rent.

**5. Documents Defendants State they will Produce.** Defendants state objection to Requests 7, 16-18, 19-20, 25-39, 52-59, but also indicate that they will produce documents "[t]o the extent defendants have possession, custody and control of documents responsive to the request." (ECF 38-1 at 41-53.) Defendants have provided neither a privilege log nor a statement whether they are withholding any responsive materials on the basis of their objections as required by Fed. R. Civ. P. 34(b)(2)(C). The requesting party "'is entitled to individualized, complete responses to each of the [Requests for Production] ..., accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced.'"[5] Responding that the party has "produced and/or will produce" is insufficient because it is unclear whether they have produced all responsive documents.[6]

---

[5] *James Hightower v. S. California, Permanente Grp.*, No. ED-CV-22181-JWH-KKx, 2022 WL 18277256, at *3 (C.D. Cal. Nov. 30, 2022).

[6] *See, e.g., Shijiazhuang Hongray Grp. v. World Trading 23 Inc.*, No. ED-CV-21972-FWS-KKx, 2022 WL 17334065, at *14 (C.D. Cal. Sept. 6, 2022).

1 | Dated: January 26, 2023.

BRANCART & BRANCART

*/s/ Christopher Brancart*
Christopher Brancart

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, on January 26, 2023, I served by email via ECF a copy of the attached document –**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY LR 37-2.3** – on the following attorneys:

Wayne Leech
LAW OFFICE OF D. WAYNE LEECH, A PROFESSIONAL CORPORATION
11001 Main Street, Suite 200
El Monte, CA 91731
wayne@leechlaw.com

[For Defendants]

*/s/ Christopher Brancart*