UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 21-941-JGB (KKx) | Date: | February 6, 2023 |
|---|---|---|---|
| Title: | *Fair Housing Council of Riverside County, Inc., et al. v. Group XIII Properties LP, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| S. LORENZO | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Further Responses to Requests for Production [Dkt. 38]

On January 19, 2023, plaintiffs James Beasley and Fair Housing Council of Riverside County, Inc. ("Plaintiffs") filed a Motion to Compel defendants Group XIII Properties LP, Group XIII Properties, Inc., Swaranjit (Mike) Nijjar ("Nijjar"), Elisa Valerio ("Valerio"), DHA Opportunity 1, LP, DHA Opportunity 1, Inc., and Daljit Kler ("Kler") (collectively, "Defendants") to provide further responses and produce documents in response to Requests for Production Nos. 1-22, 25-39 and 52-59 ("Motion to Compel") with a Joint Stipulation pursuant to Civil Local Rule 37-2. ECF Docket No. ("Dkt.") 38. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion to Compel.

## I.
## BACKGROUND

On June 2, 2021, Plaintiffs filed a Complaint for housing discrimination in violation of federal and state fair housing laws against defendants Group XIII Properties, LP, Group XIII Properties, Inc., Nijjar, and Valerio. Dkt. 1.

The Complaint alleges the following: Plaintiff Beasley is an African-American individual who was discriminated against when he sought to rent an apartment at the Villa La Paz apartments in April and May 2020. *Id.* Defendant Group XIII Properties, LP owned and operated the Villa La Paz apartments. *Id.*, ¶ 6. Defendant Group XIII Properties, Inc. is the general partner of defendant Group XIII Properties, LP and defendant Nijjar is the president and chief executive officer of Group XIII Properties, Inc. *Id.*, ¶ 7. Defendant Valerio managed the Villa La Paz apartments and

was the person who showed the apartment unit to Plaintiff Beasley in April 2020.  Id., ¶¶ 8, 14.  Plaintiff Beasley overheard defendant Valerio use a racial slur while speaking with her husband about Plaintiff Beasley.  Id., ¶ 18.  On May 6, 2020, when Plaintiff Beasley texted defendant Valerio to make sure the apartment would be ready by May 9, 2020, defendant Valerio responded via text message that it would be.  Id., ¶ 21.  However, on May 8, 2020, when Plaintiff Beasley texted defendant Valerio to see if he could pay the $800 deposit, defendant Valerio responded that the apartment had been rented to another person.  Id., ¶ 26.  On May 11, 2020, Plaintiff Beasley's friend Shandra Burks texted defendant Valerio to see if there were any apartments available and defendant Valerio responded that she had a unit available at the Villa La Paz apartment address.  Id., ¶ 28.  On May 12, 2020, Plaintiff Beasley's friend Blair Edwards texted defendant Valerio to see if she had any available apartments, and defendant Valerio responded that she had a unit available at the Villa La Paz apartment address.  Id., ¶ 29.  Plaintiff Beasley, therefore, contacted the Fair Housing Council of Riverside County.  Id., ¶ 32.  Plaintiff Fair Housing Council of Riverside County determined the Villa La Paz apartments were owned or operated by one of defendant Nijjar's companies.  Id., ¶ 33.  Since 2014, the Fair Housing Council has received "hundreds of complaints about the condition and management of rental dwellings controlled by [defendant] Nijjar."  Id.

On July 27, 2021, defendants Group XIII Properties, LP, Group XIII Properties, Inc., Nijjar, and Valerio filed an answer to the Complaint stating that Group XIII Properties LP only owned the Villa La Paz apartments from December 31, 2018 to January 2, 2019.  Dkt. 15 at ¶ 2.

On October 26, 2021, the Court approved the parties' stipulated protective order.  Dkt. 21.

On December 27, 2021, Plaintiffs served identical First Requests for Production (Nos. 1-24) on defendants Group XIII Properties, LP, Group XIII Properties, Inc., Nijjar, and Valerio.  Dkt. 38-2, Declaration of Christopher Brancart ("Brancart Decl."), ¶ 9, Ex. 5.

On January 27, 2022, the Court issued a Scheduling Order and set a discovery cut-off of January 30, 2023 and a jury trial for June 6, 2023.  Dkt. 26.

On February 25, 2022, defendants Group XIII Properties, LP, Group XIII Properties, Inc., Nijjar, and Valerio served responses to Plaintiffs' First Requests for Production (Nos. 1-24).  Brancart Decl., ¶ 11, Ex. 7.  However, the responses were incomplete because all except four responses stated: "Without waiving the foregoing objections, this responding party responds as follows:" followed by a blank line.  Id.

On March 4, 2022, Plaintiffs filed a First Amended Complaint ("FAC") adding defendants DHA Opportunity 1, LP, DHA Opportunity, Inc., and Kler.  Dkt. 32.  Plaintiffs allege that on or about January 1, 2019, defendant Group XIII Properties, LP transferred the Villa La Paz apartments to defendant DHA Opportunity 1, LP, which has owned or operated the Villa La Paz apartments since the transfer.  Id., ¶ 8.  Plaintiffs allege defendant DHA Opportunity 1, Inc. is the general partner of defendant DHA Opportunity 1, LP.  Id., ¶ 9.  In addition, Plaintiffs allege defendant Nijjar was the president of defendant DHA Opportunity 1, Inc. until February 3, 2020, when defendant Kler, defendant Nijjar's sister, became president of defendant DHA Opportunity 1, Inc.  Id., ¶¶ 9, 10.  The FAC is otherwise materially the same as the Complaint.

On April 8, 2022, Defendants filed an Answer to the FAC.  Dkt. 33.  In the Answer, Defendants clarify that defendant Valerio managed the Villa La Paz apartments on behalf of her employer, non-party Pro Management Company, Inc. ("Pro Management").  Id., ¶ 7.

On June 6, 2022, Defendants served documents as part of their initial disclosures, including a management agreement between DHA Opportunity 1, LP and Pro Management, Inc. dated January 1, 2020; a list of tenant move-in applications for the Villa La Paz apartments from January 1, 2019 to December 9, 2020; a deed dated November 27, 2018 and recorded December 31, 2018 conveying the Villa La Paz apartments to Group XIII Properties, LP; and a deed dated January 2, 2019 and recorded July 30, 2021 conveying the Villa La Paz apartments to DHA Opportunity 1, LP.  Brancart Decl., ¶ 25.

On July 10, 2022, Defendants served additional documents as part of their initial disclosures.  Brancart Decl., ¶ 30.

On July 11, 2022, Defendants served Initial Disclosures and defendants Group XIII Properties, LP, Group XIII Properties, Inc., Nijjar, and Valerio served supplemental responses to Plaintiff's First Requests for Production (Nos. 1-24).  Brancart Decl., ¶ 31, Ex. 23.

On September 22, 2022, Plaintiffs served Second Requests for Production (Nos. 25-60) on all Defendants.  Brancart Decl., ¶ 36, Ex. 27.

On September 28, 2022, Plaintiffs re-served the First Requests for Production on all Defendants, including the new defendants DHA Opportunity 1, LP, DHA Opportunity, Inc., and Kler and identified these requests as the Third Requests for Production (Nos. 1-24).  Brancart Decl., ¶ 38, Ex. 28.

On October 22, 2022, Defendants served responses to the Second and Third Requests for Production.  Brancart Decl., ¶¶ 39, 40, Exs. 29, 30.  In the email accompanying service of the responses, Defendants' counsel advised he "hoped" to produce additional documents "in a week or 10 days."  Id., ¶ 40, Ex. 31.

On October 28, 2022, Plaintiffs' counsel sent Defendants' counsel a letter requesting the additional documents.  Id., ¶ 41, Ex. 32.

On November 30, 2022, having received no additional documents from Defendants, Plaintiffs served their portion of the Joint Stipulation in support of the instant Motion to Compel.  Brancart Decl., ¶ 43.

On December 9, 2022, Defendants served additional documents consisting of twelve additional tenant files for the Villa La Paz apartments and six tenant files for other apartment buildings.  Brancart Decl., ¶ 44.

On December 19, 2022, the Court approved the parties' amended stipulated protective order adding provisions regarding "Attorney Eyes Only" protections.  Dkt. 35.

On December 29, 2022, pursuant to the parties' stipulation, the Court issued an order continuing the discovery cut-off to March 27, 2023 and the jury trial to September 19, 2023.  Dkt. 37.

On January 19, 2023, Plaintiffs filed the instant Motion to Compel with a Joint Stipulation pursuant to Local Rule 37-1.  Dkt. 38.  On January 26, 2023, Plaintiffs filed a supplemental brief in support of the Motion to Compel.[1]  Dkt. 39.  The matter thus stands submitted.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1).  Relevant information "need not be admissible in evidence to be discoverable."  Id.  A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  FED. R. CIV. P. 26(b)(2)(C).

Federal Rule of Civil Procedure 34 ("Rule 34") governs requests for production of documents.  FED. R. CIV. P. 34.  A party may request documents "in the responding party's possession, custody, or control."  FED. R. CIV. P. 34(a)(1).  The responding party must respond in writing and is obligated to produce all specified relevant and nonprivileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified.  FED. R. CIV. P. 34(a).  Alternatively, a party may state an objection to a request, including the reasons.  FED. R. CIV. P. 34(b)(2)(A)-(B).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (citations omitted) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection."  FED. R. CIV. P. 37(a)(3)(B)(iii), (iv).  "[A]n evasive or incomplete disclosure, answer, or

---

[1] In the Supplemental Brief, Plaintiffs indicate Request No. 21 is resolved.  Accordingly, Plaintiffs' Motion to Compel further response to Request No. 21 is DENIED as MOOT.

response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4). "In moving to compel the production of documents, the moving party has the burden of demonstrating 'actual and substantial prejudice' from the denial of discovery." Grossman v. Dirs. Guild of Am., Inc., No. EDCV 16-1840-GW (SPx), 2018 WL 5914242, at *4 (C.D. Cal. Aug. 22, 2018). In addition, "relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD (SAB), 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

## III.
## DISCUSSION

### A. COMMUNICATIONS WITH AND REGARDING PLAINTIFFS AND WITNESSES

#### 1. Requests Nos. 1, 2, and 3

Requests Nos. 1, 2, and 3 seek all documents, including communications, regarding Plaintiff Beasley. Dkt. 38-1 ("JS") at 15-16.

In their October 22, 2022 Responses, Defendants object on the grounds the requests are vague and ambiguous, overbroad, seek information protected by attorney client and attorney work product privileges, seek information that "invades the privacy of parties and third parties," and are "beyond the scope of permissible discovery." Id. Without waiving these objections, Defendants respond: "A diligent search and reasonable inquiry has been made in an effort to locate the item(s) Demanded. To the extent defendants have possession, custody and control of documents responsive to the request, this Responding Party has complied with defendants' Initial Disclosures." Id.

Here, Plaintiffs' sole argument is that the documents sought are relevant, id. at 20-21, and Defendants' sole response is that they have "produced all documents in their possession, custody or control, consisting of documents obtained from Pro Management," id. at 22.

The Court finds all documents regarding Plaintiff Beasley in Defendants' possession, custody, or control are relevant to the instant litigation. FED. R. CIV. P. 26(b). Therefore, Defendants' boilerplate objections on the grounds the requests are vague and ambiguous, overbroad, or beyond the scope of permissible discovery, are OVERRULED. See A. Farber & Partners, Inc., 234 F.R.D. at 188. In addition, it is unclear how Plaintiffs' requests would invade the privacy of parties or third parties, and Defendants make no effort to explain this boilerplate objection. Therefore, Defendants' privacy objections are OVERRULED. Finally, it is unclear from Defendants' response and opposition whether they have produced all documents in their possession, custody, or control. For example, it is unclear whether they have withheld any documents on the grounds of attorney client or attorney work product privileges or have only produced documents to the extent the production was required as part of Defendants' Rule 26 initial disclosure obligations.

Hence, Plaintiffs' Motion to Compel further responses to Requests Nos. 1, 2, and 3 is GRANTED. Defendants shall make clear in their responses that they have produced all documents

in their possession, custody, or control and produce a privilege log to the extent any documents have been withheld on the grounds of attorney client or attorney work product privileges.

### 2. Requests Nos. 4, 5, and 6

Requests Nos. 4, 5, and 6 seek all documents, including communications, regarding Plaintiff Fair Housing Council of Riverside County since January 1, 2017. JS at 17-18. More specifically, Request No. 4 seeks all documents regarding Plaintiff Fair Housing Council of Riverside County, Request No. 5 seeks all communications with Plaintiff Fair Housing Council of Riverside County, and Request No. 6 seek all communications regarding Plaintiff Fair Housing Council of Riverside County. Id.

In their October 22, 2022 Responses, Defendants object on the grounds the requests are vague and ambiguous, overbroad, seek information protected by attorney client and attorney work product privileges, seek information that "invades the privacy of parties and third parties," and are "beyond the scope of permissible discovery." Id. Without waiving these objections, Defendants respond to Request No. 4: "A diligent search and reasonable inquiry has been made in an effort to locate the item(s) Demanded. This responding party is unable to comply because the document never existed, or has been lost or stolen, or has been destroyed, or is not in the possession, custody or control of the responding party. Plaintiff should have any documents responsive to the request in its possession, custody or control." Id. at 17. Without waiving their objections, Defendants Respond to Requests Nos. 5 and 6: "Any privileged documents are attorney client communications regarding this litigation." Id. at 18-19.

Here, Plaintiffs argue the documents sought are relevant and Defendants should be required to produce a privilege log in support of their response to Request No. 6. Id. at 21-22. Defendants' sole response is that they have "produced all documents in their possession, custody or control, consisting of documents obtained from Pro Management." Id. at 22.

The Court finds all documents regarding Plaintiff Fair Housing Council of Riverside County in Defendants' possession, custody, or control since January 1, 2017 are relevant. FED. R. CIV. P. 26(b). Therefore, Defendants' unsupported, boilerplate objections on the grounds the requests are vague and ambiguous, overbroad, or beyond the scope of permissible discovery, are OVERRULED. See A. Farber & Partners, Inc., 234 F.R.D. at 188. Similarly, Defendants' boilerplate privacy objections are OVERRULED. In addition, it is unclear from Defendants' response and opposition whether they have produced all documents in their possession, custody, or control. Defendants' responses to Requests Nos. 5 and 6 make it appear they have withheld responsive documents based on attorney client privilege, but the response to Request No. 4 appears to be that no responsive documents exist. Because Requests Nos. 5 and 6 seek a subset of documents responsive to Request No. 4, the contradictory responses are unclear. In addition, it is unclear why Pro Management would have responsive documents and how that is a relevant response. As to Request No. 4, Defendants' response that the information sought is equally available to Plaintiffs is inappropriate. See Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP, 256 F.R.D. 678, 682 (C.D. Cal. 2009) (finding objections that certain discovery requests seek information equally available to other party are insufficient to resist a discovery request). Finally, as to Request No. 5 it is unclear how Defendants' communications with Plaintiff Fair Housing Council of Riverside County would be privileged attorney-client communications. Therefore, Defendants' privilege objection to Request No. 5 is OVERRULED.

Hence, Plaintiffs' Motion to Compel further responses to Requests Nos. 4, 5, and 6 is GRANTED. Defendants shall make clear in their responses that they have produced all documents in their possession, custody, or control and produce a privilege log to the extent any documents have been withheld on the grounds of attorney client or attorney work product privileges.

### 3.     Requests Nos. 8 and 9

Requests Nos. 8 and 9 seek all documents regarding Burks or Edwards. JS at 19.

In their October 22, 2022 Responses, Defendants object on the grounds the requests are vague and ambiguous, overbroad, seek information protected by attorney client and attorney work product privileges, seek information that "invades the privacy of parties and third parties," and are "beyond the scope of permissible discovery." Id. at 19-20. Without waiving these objections, Defendants respond: "A diligent search and reasonable inquiry has been made in an effort to locate the item(s) Demanded. This responding party is unable to comply because the document never existed, or has been lost or stolen, or has been destroyed, or is not in the possession, custody or control of the responding party. Ms. Burks[2] should have any documents responsive to the request in its possession, custody or control." Id.

Once again, Plaintiffs' sole argument is that the documents sought are relevant, id. at 20-21, and Defendants' sole response is that they have "produced all documents in their possession, custody or control, consisting of documents obtained from Pro Management," id. at 22.

The Court finds the documents sought are relevant and Defendants' boilerplate objections are OVERRULED. See A. Farber & Partners, Inc., 234 F.R.D. at 188. In addition, Defendants' response suggesting that the information sought is equally available to Plaintiffs through Burks is inappropriate. See Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP, 256 F.R.D. 678, 682 (C.D. Cal. 2009) (finding objections that certain discovery requests seek information equally available to other party are insufficient to resist a discovery request). However, Defendants response sufficiently states that they have conducted a diligent search and reasonable inquiry and have no documents in their possession, custody, or control.

Hence, Plaintiffs' Motion to Compel further responses to Requests Nos. 8 and 9 is DENIED.

### 4.     Request No. 10

Request No. 10 seeks: "a complete copy of any document reflecting, discussing or regarding the employment by any defendant of defendant Elisa Valerio – or any member of Valerio's family – including but limited to [sic] Valerio's employment in connection with the management of the Villa La Paz apartments, 675 South San Jacinto Street in Hemet, including any personnel file, employment contract, training materials, and communications, dated at any time since January 1, 2017." JS at 22-23.

---

[2] Defendants appear to have mistakenly referred to Ms. Burks in response to both requests.

In their October 22, 2022 Responses, Defendants object on the grounds the request is vague and ambiguous, overbroad, seeks information protected by attorney client and attorney work product privileges, seeks information that "invades the privacy of parties and third parties," and is "beyond the scope of permissible discovery." Id. at 19-20. Without waiving these objections, Defendants respond: "A diligent search and reasonable inquiry has been made in an effort to locate the item(s) Demanded. To the extent defendants have possession, custody and control of documents responsive to the request, this Responding Party has complied with defendants' Initial Disclosures." Id.

Plaintiff argues the documents are relevant and Defendants should be required to explain why defendant Valerio's cell phone records are not available despite the representation that she no longer has the phone she was using during the relevant time frame. Id. at 20-22. Defendants argue they "have produced all documents responsive to the requests within their possession, custody and control, most of which were obtained from Pro Management." Id. at 30. Defendants state they have produced defendant Valerio's "personnel and manager's files, including the Employee Handbook, [and] employment contract[.]" Id. (citing dkt. 38-44, Declaration of D. Wayne Leech ("Leech Decl."), ¶ 13).

Here, the documents sought are relevant. FED. R. CIV. P. 26(b). Therefore, Defendants' unsupported, boilerplate objections on the grounds the requests are vague and ambiguous, overbroad, or beyond the scope of permissible discovery, are OVERRULED. See A. Farber & Partners, Inc., 234 F.R.D. at 188. Similarly, Defendants' boilerplate privacy objections are OVERRULED. In addition, Defendants' response that they have produced documents "to the extent" they have possession, custody, or control of responsive documents is improperly vague and it is not clear from the response whether Defendants have in fact produced all responsive documents in their possession, custody, or control. Moreover, it is unclear whether they have withheld any documents on the grounds of attorney client or attorney work product privileges or have only produced documents to the extent the production was required as part of Defendants' Rule 26 initial disclosure obligations.

Hence, Plaintiffs' Motion to Compel further response to Request No. 10 is GRANTED. Defendants shall make clear in their response that they have produced all documents in their possession, custody, or control and produce a privilege log to the extent any documents have been withheld on the grounds of attorney client or attorney work product privileges.

### 5.    Requests Nos. 11, 12, 13, and 14

Request No. 11 seeks: "A complete copy of any policies, directions, instructions or forms used in connection with the management or operation of the Villa La Paz apartments at any time since January 1, 2017." JS at 23. Requests Nos. 12, 13, and 14 seek specific subsets of the documents sought by Request No. 11. Id. at 23-25.

In their October 22, 2022 Responses, Defendants object on the grounds the requests are vague and ambiguous, overbroad, seek information protected by attorney client and attorney work product privileges, seek information that "invades the privacy of parties and third parties," and are "beyond the scope of permissible discovery." Id. at 23-25. Without waiving these objections, Defendants respond: "A diligent search and reasonable inquiry has been made in an effort to locate the item(s) Demanded. To the extent defendants have possession, custody and control of

documents responsive to the request, this Responding Party has complied with defendants' Initial Disclosures." Id.

Defendants argue they "have produced all documents responsive to the requests within their possession, custody and control, most of which were obtained from Pro Management." Id. at 30. Defendants state they have produced "hundreds of pages of the tenant files, which include applications, credit checks, rental agreements, [and an] Employee Handbook," and "have no documents responsive to Request No. 14." Id. (citing Leech Decl., ¶ 13).

The Court finds the documents sought are relevant. FED. R. CIV. P. 26(b). Therefore, Defendants' unsupported, boilerplate objections on the grounds the requests are vague and ambiguous, overbroad, or beyond the scope of permissible discovery, are OVERRULED. See A. Farber & Partners, Inc., 234 F.R.D. at 188. In addition, Defendants' response that they have produced documents "to the extent" they have possession, custody, or control of responsive documents is improperly vague and it is not clear from the response whether Defendants have in fact produced all responsive documents in their possession, custody, or control. Moreover, it is unclear whether they have withheld any documents on the grounds of attorney client or attorney work product privileges or have only produced documents to the extent the production was required as part of Defendants' Rule 26 initial disclosure obligations. Furthermore, to the extent Defendants now argue they have no documents responsive to Request No. 14, they must clearly state this in their response.

Regarding the production of tenant files and applications, Defendants have redacted social security and driver's license numbers and financial information, including income statements, tax withholding, and bank account information. JS at 57. Plaintiffs agree social security, driver's license, and bank account numbers may be redacted, but argue Defendants should be required to provide financial information for tenants and prospective tenants because it is relevant to defeat a possible defense that Plaintiff Beasley was not financially qualified to rent. Dkt. 39 at 5. Defendants argue financial information is not relevant because the sole alleged basis for discrimination was Plaintiff Beasley's race. JS at 57. However, Defendants' argument is not responsive to Plaintiffs' concern regarding Defendants' possible defense. Moreover, the information sought is relevant to Plaintiffs' claims, e.g., whether Defendants have assessed applications of African American applicants differently than those of applicants of a different race. Finally, the parties' Amended Protective Order sufficiently protects the third-party privacy concerns. See dkt. 35.

Hence, Plaintiffs' Motion to Compel further responses to Requests Nos. 11, 12, 13, and 14 is GRANTED. Defendants shall make clear in their responses that they have produced all documents in their possession, custody, or control and produce a privilege log to the extent any documents have been withheld on the grounds of attorney client or attorney work product privileges.

### 6.     Request No. 15

Request No. 15 seeks:

> A complete copy of records sufficient to establish each individual who has any ownership interest or control of the Villa La Paz apartments at any time since January 1, 2017, including:

> [a] for any corporation, the article of incorporation, amendments, bylaw and minutes reflecting ownership or control;
> [b] for any LLC, management agreements, amendments, contributions and distributions by members; and,
> [c] any trust documents holding any interests to the property.

JS at 30.

In their October 22, 2022 Response, Defendants object on the grounds the request is vague and ambiguous, overbroad, seeks information protected by attorney client and attorney work product privileges, seeks information that "invades the privacy of parties and third parties," and is "beyond the scope of permissible discovery." Id. at 30-31. Without waiving these objections, Defendants respond: "A diligent search and reasonable inquiry has been made in an effort to locate the item(s) Demanded. To the extent defendants have possession, custody and control of documents responsive to the request, this Responding Party has complied with defendants' Initial Disclosures." Id.

Defendants argue they have produced the two relevant deeds and they should not be required to produce any further documentation because, "[g]enerally, the corporation, not its officers, directors or owners, is liable for the discriminatory housing practices committed by the corporation's employees and agents." Id. at 33. Plaintiffs, however, argue the transfer of the property to DHA Opportunity 1, LP was not an arms-length transaction. Dkt. 39 at 2-4. In addition, defendants Nijjar, Kler, Group XIII Properties, LP, and Group XIII Properties, Inc. have stated they intend to move for summary judgment on the grounds they cannot be held directly or vicariously liable for the discrimination against Plaintiff Beasley because they neither owned nor managed the Villa La Paz apartments when his rental application was rejected. Leech Decl., ¶ 12. Therefore, Plaintiffs argue they will need the other documents showing every individual who has any ownership interest or control of the Villa La Paz apartments in order to oppose Defendants' proposed motion for summary judgment. Dkt. 39 at 2-4. Plaintiffs also submit evidence showing at least two versions of the deed transferring ownership to DHA Opportunity 1, LP exist – one that was recorded a couple days after defendants Group XIII Properties, LP, Group XIII Properties, Inc., Nijjar, and Valerio filed an Answer to the original Complaint indicating payment of a transfer tax, and another deed Plaintiffs obtained from the Riverside County Recorder notarized approximately two weeks before defendants Group XIII Properties, LP, Group XIII Properties, Inc., Nijjar, and Valerio filed an Answer to the original Complaint indicating there was no transfer tax paid because "[t]he Grantors and Grantees in this conveyance are comprised of the same parties who continue to hold the same proportionate interest in the property." Id. at 3; Leech Decl., Ex. 36; dkt. 29-1, Supplemental Declaration of Christopher Brancart ("Brancart Suppl. Decl."), Ex. 1.

As an initial matter, Defendants' response that they have produced documents "to the extent" they have possession, custody, or control of responsive documents is improperly vague and it is not clear from the response whether Defendants have in fact produced all responsive documents in their possession, custody, or control. In fact, in light of Defendants' opposition, it is clear they have not fully responded to the request and have instead withheld documents based on their relevance objection. In addition, it is unclear whether they have withheld any documents on the grounds of attorney client or attorney work product privileges or have only produced documents to the extent the production was required as part of Defendants' Rule 26 initial disclosure obligations. Moreover, the Court finds the documents showing ownership of the entities who

owned the Villa La Paz apartments are relevant, particularly in light of the evidence offered by Plaintiffs and Defendants' proposed motion for summary judgment. Therefore, Defendants' boilerplate objections on the grounds the requests are vague and ambiguous, overbroad, or beyond the scope of permissible discovery, are OVERRULED. See A. Farber & Partners, Inc., 234 F.R.D. at 188.

In addition, it is unclear how Plaintiffs' requests would invade the privacy of parties or third parties, and Defendants make no effort to explain this boilerplate objection. Therefore, Defendants' privacy objections are OVERRULED. Finally, in is unclear how the documents showing ownership and control would invade the attorney client or work product privileges, and Defendants make no effort to explain this boilerplate objection. Therefore, Defendants' boilerplate privilege objections are OVERRULED.

Hence, Plaintiffs' Motion to Compel further response to Request No. 15 is GRANTED.

### 7. Request No. 22

Request No. 22 seeks documents sufficient to show Defendants' current net worth. JS at 35.

In their October 22, 2022 Response, Defendants object on the grounds the request is vague and ambiguous, overbroad, seeks information protected by attorney client and attorney work product privileges, seeks information that "invades the privacy of parties and third parties," seeks information that "invades the Responding Party's privacy rights and is improper per Civil Code § 3295," and is "beyond the scope of permissible discovery." Id. at 36.

Plaintiffs argue Defendants' net worth is relevant to the issue of punitive damages. Id. at 36-37. First, Defendants have agreed to produce documents showing the net worth of defendants DHA Opportunity 1, LP and DHA Opportunity 1, Inc. subject to an attorney eyes only protective order. Id. at 37-38. However, it does not appear Defendants have produced even those documents at this time, see dkt. 39 at 5, and an Amended Protective Order including attorney eyes only protections was approved on December 19, 2022, see dkt. 35. Next, Defendants argue the other Defendants should not be required to provide financial information because they "have not owned or managed the Apartments, and had no interaction with [Plaintiff] Beasley." JS at 28. In addition, Defendants argue they should not be required to provide financial information because they "will be filing a motion for summary judgment and partial summary judgment (with respect to punitive damages)." Id. However, no such motion has been filed at this time. Therefore, the issue of punitive damages remains relevant to Plaintiffs' claims. FED. R. CIV. P. 26(b). Moreover, the protective order in effect will accommodate Plaintiffs' need for the information while protecting Defendants' privacy. Finally, "[n]othing in [California Civil Code] § 3295 creates a privilege for discovery purposes." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 285 (C.D. Cal. 1998). Therefore, Defendants' relevance and privacy objections are OVERRULED.

Hence, Plaintiffs' Motion to Compel further response to Request No. 22 is GRANTED. Defendants shall produce a privilege log to the extent any documents have been withheld on the grounds of attorney client or attorney work product privileges.

///

**8.      Requests Nos. 7, 16, 17, 18, 19, 20, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 52, 53, 54, 55, 56, 57, 58, and 59**

In Defendants' October 22, 2022 Responses, Defendants object to each of these requests on the grounds the requests are vague and ambiguous, overbroad, seek information protected by attorney client and attorney work product privileges, seek information that "invades the privacy of parties and third parties," and are "beyond the scope of permissible discovery." JS at 39-53. Without waiving these objections, Defendants respond to Request No. 7: "A diligent search and reasonable inquiry has been made in an effort to locate the item(s) Demanded.  To the extent defendants have possession, custody and control of documents responsive to the request, this Responding Party has complied with respect to the Initial Disclosures and will also produce additional documents." Id. at 39-40.  Without waiving these objections, Defendants respond to Requests Nos. 16-20: "A diligent search and reasonable inquiry has been made in an effort to locate the item(s) Demanded.  To the extent defendants have possession, custody and control of documents responsive to the request, this Responding Party will comply, including the documents with defendants' Initial Disclosures." Id. at 41-42.  Without waiving these objections, Defendants respond to Requests Nos. 25-39 and 52-59: "A diligent search and reasonable inquiry has been made in an effort to locate the item(s) Demanded.  To the extent defendants have possession, custody and control of documents responsive to the request, this Responding Party will comply, including the documents with defendants' Initial Disclosures." Id. at 44-53.

Here, Plaintiffs argue Defendants' responses that they will produce documents "to the extent" they are in their possession, custody, or control is insufficient. Id. at 53; dkt. 39 at 5.  Defendants entire statement in opposition states: "Pro Management, a non-party, has the documentation responsive to the requests.  Pro Management has provided approximately 1491 pages of records responsive to the requests, which have in turn been produced to Plaintiffs.  Said documents include all of the files that Valerio worked on including tenant files, rejected tenant files, etc." JS at 53.

Defendants fail to support any of their boilerplate objections and it is unclear from their responses and opposition whether they have in fact produced all responsive documents in their possession, custody, or control.  In addition, it is unclear whether they have withheld any documents on the grounds of attorney client or attorney work product privileges or have only produced documents to the extent the production was required as part of Defendants' Rule 26 initial disclosure obligations.  Therefore, Defendants' objections are OVERRULED.  See A. Farber & Partners, Inc., 234 F.R.D. at 188.

Hence, Plaintiffs' Motion to Compel further responses to Requests Nos. 7, 16, 17, 18, 19, 20, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 52, 53, 54, 55, 56, 57, 58, and 59 is GRANTED.  Defendants shall make clear in their responses that they have produced all documents in their possession, custody, or control and produce a privilege log to the extent any documents have been withheld on the grounds of attorney client or attorney work product privileges.

///
///
///
///
///

## IV.
## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Compel is GRANTED IN PART and DENIED IN PART as set forth above.  **Within ten (10) days of the date of this Order**, Defendants shall serve supplemental responses to Requests Nos. 1-7, 10-20, 22, 25-39 and 52-59.

**IT IS SO ORDERED.**