Stephen G. Larson (SBN 145225)
slarson@larsonllp.com
Jerry A. Behnke (SBN 180462)
jbehnke@larsonllp.com
Andrew Beshai (SBN 308030)
abeshai@larsonllp.com
Jane Davidson (SBN 326547)
jdavidson@larsonllp.com
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone:(213) 436-4888
Facsimile: (213) 623-2000

Wayne Leech (SBN 97676)
wayne@leechlaw.com
**LAW OFFICE OF D. WAYNE LEECH, APC**
11001 Main Street, Suite 200
El Monte, California 91731
Telephone: (626) 443-0061
Fax: (626) 443-1165

Attorneys for Defendants SWARANJIT (MIKE) NIJJAR and DALJIT KLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FAIR HOUSING COUNCIL OF RIVERSIDE COUNTY, INC., et al., Plaintiff, vs. GROUP XIII PROPERTIES LP, et al., Defendants. | Case No. 5:21-cv-00941-JGB (KKx) **EX PARTE APPLICATION FOR PROTECTIVE ORDER PARTIALLY STAYING FEBRUARY 6, 2023 DISCOVERY ORDER PENDING RESOLUTION OF MOTION FOR SUMMARY JUDGMENT AND MOTION TO BIFURCATE; DECLARATION OF JERRY A. BEHNKE; [PROPOSED] ORDER** Judge:  Jesus G. Bernal |

**TO THE COURT ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants SWARANJIT (MIKE) NIJJAR ("Nijjar") and DALJIT KLER ("Kler"), by and through their counsel of record, hereby apply to the Court *ex parte* for a protective order partially staying the February 6, 2023 Discovery Order ("Discovery Order") by Magistrate Judge Kato to allow time for Defendants' Motions for Bifurcation and for Summary Judgment to be heard prior to the unnecessary invasion of privacy and production of individual defendants Nijjar and Kler's personal financial information.  ECF No. 41. Defendants seek the entry of the following protective order:

    1.    The Discovery Order GRANTING Plaintiffs' Motion to Compel Production of Documents in response to Request for Production No. 22 is STAYED as to Defendants Nijjar and Kler.

    2.    The STAY shall be lifted when both of the following have occurred:

        a.    Defendants' Motion for Summary Judgment regarding claims for punitive damages against Nijjar and Kler is DENIED; and

        b.    Defendants' Motion for Bifurcation is DENIED.

This *ex parte* Application is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Jerry Behnke, the files and records in this action, and upon such oral and documentary evidence as may be allowed at any hearing on this *ex parte* Application (should the Court permit).

Defendants Nijar and Kler respectfully submit that *ex parte* relief is appropriate given that facts set forth in the attached memorandum of points and authorities and its supporting papers evidence that immediate and irreparable injury will result to Defendants if the Discovery Order is enforced.  Because the Discovery Order requires compliance within ten days, there is not sufficient time for a noticed motion on this request for stay.

**Statement of Compliance with Civil Local Rule 7-19.1**

Pursuant to Civil Local Rule 7-19.1 and Fed. R. Civ. P. 65, counsel for Defendants Nijjar and Kler informed Plaintiffs' counsel of the substance and date of

this *ex parte* application. Declaration of Jerry Behnke In Support Of *Ex Parte* Application To Partially Stay Discovery Order ("Behnke Decl."), ¶ 3. On February 19, 2023, Defendants' counsel emailed Plaintiffs' counsel detailing the substance of this motion. *Id.* Counsel for Plaintiffs responded on February 19, 2023 requesting further clarification regarding the application, which counsel for Defendants provided on the morning of February 20, 2023 via email. *Id.* ¶ 4. Counsel met and conferred telephonically in the afternoon of February 20, 2023. *Id.* ¶ 5. Plaintiffs' counsel stated he anticipates opposing the application, but due to other commitments will not be able to begin working on an opposition until the afternoon of Wednesday, February 22, 2023. *Id.* ¶ 6. Counsel for co-Defendants does not oppose the request to stay the discovery order. *Id.* ¶ 7.

Dated: February 20, 2023            LARSON LLP

By:   /s/ *Stephen G. Larson*
        Stephen G. Larson
        Jerry A. Behnke
        Andrew Beshai
        Jane Davidson
Attorneys for Defendants SWARANJIT (MIKE) NIJJAR and DALJIT KLER

## I. INTRODUCTION

Defendants Swaraniit (Mike) Nijjar ("Nijjar") and Daljit Kler ("Kler") (collectively, "Defendants") respectfully request a protective order to stay their compliance with the February 6, 2023 Discovery Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Further Responses to Requests for Production. ECF No. 41. A copy of the Discovery Order is attached as Exhibit 1 to the Declaration of Jerry Behnke. Specifically, Defendants request that this Court issue a protective order staying the Discovery Order compelling Defendants Nijjar and Kler to produce documents responsive to Plaintiffs' Request for Production No. 22: documents sufficient to show Defendants' current net worth.[1]

Defendants had objected to the relevant request for production on the basis that they would be filing a motion for summary judgment that would resolve the punitive damages issue. In the Discovery Order, the Court overruled Defendants' objections to Request No. 22 because no motion for summary judgment was filed at the time of the ruling and "Therefore, the issue of punitive damages remains relevant to Plaintiffs' claims." Since the entry of the Discovery Order, Defendants Nijjar and Kler have retained new counsel who has prepared a Motion for Bifurcation under Federal Rules of Civil Procedure rule 42(b) to streamline, expedite, and economize management of this case by separating liability and punitive damages phases of this action, which would render the net worth discovery sought irrelevant until the punitive damages phase. Declaration of Jerry Behnke In Support Of *Ex Parte* Application To Partially Stay Discovery Order ("Behnke Decl.") ¶ 9. The Motion for Bifurcation will be filed as soon as permitted under the local rules pertaining to the meet and confer requirements. Additionally,

---

[1] The Court has issued a protective order in this matter. However, Defendants Nijjar and Kler maintain that the requested disclosures would still be a serious and unnecessary invasion of their privacy.

Defendants will promptly file their Motion for Summary Judgment no later than March 6, 2023, which, if granted, would cause punitive damages claims against Nijjar and Kler individually to be dismissed.[2]  Behnke Decl. ¶ 10.

The discovery at issue is documentation showing the Defendants' individual net worth.  That financial information would become relevant only upon a finding of liability giving rise to punitive damages against Defendants Nijjar and Kler individually.  Moreover, Plaintiffs have no use for such information until that time.  Accordingly, requiring the disclosure of financial information while the bifurcation and summary judgment motions are pending would be premature and harmful to Defendants whose likelihood of success in prevailing on the individual punitive damages issue is high.  Meanwhile, Plaintiffs will not be prejudiced by the delay in receiving these financial disclosures should they prevail as this discovery can be conducted if and only if Defendants' liability under Fair Housing Act ("FHA") or the Civil Rights Act is established.

It is would be unduly burdensome and would lead to potentially unnecessary use of the parties' and court's resources to continue to conduct discovery related to punitive damages until there is a finding of liability.  Moreover, the extremely broad discovery request would amount to a significant invasion of the Defendants' privacy interests—which may be entirely unnecessary depending on the outcome at either the motion for summary judgment or, if necessary, trial.

Indeed, even if Defendant were to produce all of the requested documents immediately, Plaintiffs has no legitimate use for them unless and until the punitive damages phase, if that even occurs.  Accordingly, Defendants respectfully request that this Court enter a protective order that:

---

[2] Defendants will promptly file the motion for summary judgment no later than March 6, 2023, assuming Plaintiff is able to meet and confer within that time. Above-captioned counsel were only retained in this matter on Friday, February 17, 2023, and are expeditiously briefing the issue.

1. The February 6, 2023 Discovery Order GRANTING Plaintiffs' Motion to Compel Production of Documents in response to Request for Production No. 22 is STAYED as to Defendants Nijjar and Kler.

2. The STAY shall be lifted when both of the following have occurred:

    a. Defendants' Motion for Summary Judgment regarding claims for punitive damages against Nijjar and Kler is DENIED; and

    b. Defendants' Motion for Bifurcation is DENIED or Plaintiffs prevail in their liability claims against Nijjar and Kler.

## II. FACTUAL BACKGROUND

Defendants are the former and current presidents of four entities[3] that have owned and operated the Villa La Paz apartments in Hemet, California from December 2018 to present, which Plaintiffs allege Nijjar indirectly owns and controls. First Am. Compl. ("FAC"), ¶¶ 7-12, ECF No. 32. Plaintiffs contend these entities violated the FHA and the Civil Rights Act, *inter alia*, by unlawfully discriminating against plaintiff James Beasely when he attempted to rent an apartment there in the spring of 2020. *Id.*, ¶¶ 13-34. Specifically, Plaintiffs allege that defendant Elisa Valerio, then-manager of the Villa La Paz apartments, made a discriminatory statement about Beasley when he came to view an apartment and subsequently refused to rent any apartments to Beasley while informing others that apartments were still available. *Ibid.*

Based on these allegations, Plaintiffs seek an award of punitive damages under the FHA and Civil Rights Act not only against the Corporate Defendants, but also against Nijjar and Kler personally. FAC, p. 14, ECF No. 32. Plaintiffs do not allege that Nijjar or Kler had any direct contact or interaction with Beasley—or even

---

[3] Defendants Group XIII Properties, Inc.; Group XIII Properties XIII, LP; DHA Opportunity 1, Inc.; and DHA Opportunity 1, LP (collectively, the "Corporate Defendants").

with Valerio—in the course of these events. *Id.*, ¶¶ 13-34. Instead, Plaintiffs assert liability against, and demand punitive damages from, Defendants based on their positions as officers and owners and generalized, vague allegations of agency. *Id.*, ¶ 12.

### III. <u>EX PARTE RELIEF IS WARRANTED</u>

Defendants objected to the requested discovery on the grounds that they would move for summary judgment and that the outcome of that motion would likely render the discovery request for individual financial information moot. In the Discovery Order, the Court overruled Defendants' objections to Request No. 22 because no motion for summary judgment was filed at the time of the ruling and "Therefore, the issue of punitive damages remains relevant to Plaintiffs' claims." Defendants Nijjar and Kler retained above-captioned counsel to assist their existing counsel to prepare the needed motions in this matter on Friday, February 17, 2023. Behnke Decl. ¶ 1. Although Defendants do not allege that there is any error in the Discovery Order, Local Rules require resubmission of motions previously acted upon (L.R. 7-17) or motions for reconsideration (L.R. 7-18) to be filed within 14 days of an order. Moreover, the Discovery Order currently requires Defendants to produce responsive documents to Request No. 22. Thus, the time period required for a noticed motion would force Defendants to either produce private documents, potentially causing significant harm to the privacy interests of the individual defendants and unduly burdening Defendants to prepare that production, or to be out of compliance with the Order. Accordingly, Defendants could not have sought relief from the Discovery Order through a regular noticed motion and bring this *ex parte* application.

### IV. <u>GOOD CAUSE EXISTS</u>

Federal Rule of Civil Procedure Rule 26(c) allows the court, for good cause, to issue an order to protect a party "limiting the scope of disclosure or discovery to certain matters." "A district court may limit discovery 'for good cause,' Rule

26(c)(4), Federal Rules of Civil Procedure, and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir. 1981) (*citing B.R.S. Land Investors v. United States,* 596 F.2d 353 (9th Cir. 1978).

Here, good cause exists for the requested relief because enforcement of the Discovery Order at this stage will harm defendants who will be prejudiced by the unnecessary dissemination of their personal finances which have no bearing on liability. This would amount to an unnecessary invasion of their financial privacy, would require unnecessary expenditure of resources to search out, review and prepare such disclosures, and potentially confuse or conflate issues of liability and damages at trial. There is a specific concern that the Plaintiffs claim for punitive damages against Nijjar and Kler will not succeed, and as such the balancing of interests weigh strongly in Defendants' favor.

Defendants argue in their related Motion for Bifurcation that the discovery requested regarding the financials of Defendants is not proportional to the needs of the case and separating the two separate and distinct issues will promote efficient judicial management and avoid prejudice. Defendants have not personally owned or managed the Apartments and had no interaction with Plaintiff Beasley, so their financial information is not relevant to this matter, and punitive damages likely will not be available from them as individuals.

To promptly resolve the issue of relevance, Defendants will file their Motion for Summary Judgment by Monday, March 6, 2023. Counsel for all defendants, Wayne Leech, has associated with Larson LLP to ensure that the motion is timely filed without further delay. However, without a stay of enforcement of the Discovery Order, Defendants will be forced to unduly disclose their private financial information prior to a decision on the merits of Plaintiffs' punitive damages claim.

Defendants' likelihood of success on these motions are high because "absent special circumstances an officer or owner of a business entity *may not* be held

vicariously liable, as it is the business entity that is the principal or employer." *Sanzaro v. Ardiente Homeowners Association, LLC et al.*, 364 F.Supp.3d 1158 (D. Nev. 2019) (citing *Meyer v. Holley*, 537 U.S. 280, 285 (2003))(emphasis added). Such special circumstances are absent from this case.

Defendants have narrowly tailored this request for a stay in enforcement to solely address the issue with regards to Request No. 22, so it will not prejudice Plaintiffs who can continue to conduct discovery with respect to all other issues in this case, and will have the opportunity to address the punitive damages issue only if they prevail in opposing Defendants' summary judgment motion and succeed in proving that Defendants Nijjar and Kler will be liable for punitive damages at trial, the amount of which could then be decided with reference to the requested discovery. Until that time, this order can be stayed.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order as follows:

1. The February 6, 2023 Discovery Order GRANTING Plaintiffs' Motion to Compel Production of Documents in response to Request for Production No. 22 is STAYED as to Defendants Nijjar and Kler.

2. The STAY shall be lifted when both of the following have occurred:

   a. Defendants' Motion for Summary Judgment regarding claims for punitive damages against Nijjar and Kler is DENIED; and

   b. Defendants' Motion for Bifurcation is DENIED or Plaintiffs prevail in their liability claims against Nijjar and Kler.

| | | |
|---|---|---|
| 1 | Dated: February 20, 2023 | LARSON LLP |
| 2 | | |
| 3 | | |
| 4 | | By:     /s/ *Stephen G. Larson* |
| 5 | |        Stephen G. Larson |
| 6 | |        Jerry A. Behnke |
|   | |        Andrew Beshai |
| 7 | |        Jane Davidson |
|   | | Attorneys for Defendants SWARANJIT (MIKE) |
| 8 | | NIJJAR and DALJIT KLER |

**SIGNATURE CERTIFICATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

Dated: February 20, 2023

<u>/s/ Jerry A. Behnke</u>
Jerry A. Behnke