UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-941 JGB (KKx)** | Date | February 28, 2023 |
|---|---|---|---|
| Title | *Fair Housing Council of Riverside County, Inc. et al. v. Group XIII Properties LP, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order DENYING Defendants' Ex Parte Application (Dkt. No 45) (IN CHAMBERS)

Before the Court is an ex parte application for a protective order partially staying a February 6, 2023 discovery order pending resolution of a motion for summary judgment and motion to bifurcate filed by Defendants Swaranjit (Mike) Nijjar and Daljit Kler ("Moving Defendants"). ("Application," Dkt. No. 45.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of, and in opposition to, the Application, the Court DENIES the Application.

## I.  BACKGROUND

On June 2, 2021, Plaintiffs Fair Housing Council of Riverside County, Inc. and James Beasley filed a complaint against Defendants Group XIII Properties LP, Group XIII Properties, Inc., Swaranjit (Mike) Nijjar and Elisa Valerio. ("Complaint," Dkt. No. 1.) On March 4, 2022, Plaintiffs filed a first amended complaint against Defendants Group XIII Properties LP, Group XIII Properties, Inc., Swaranjit (Mike) Nijjar, Elisa Valerio, DHA Opportunity 1, LP, DHA Opportunity 1, Inc., and Daljit Kler. ("FAC," Dkt. No. 32.) Plaintiffs bring causes of action under the Fair Housing Act, 42 U.S.C. §§ 3601 et seq. and related state law claims asserting that Defendants discriminated against Mr. Beasley on the basis of race. (See id.)

On February 6, 2023, Magistrate Judge Kiya Kato issued an order granting in part and denying in part Plaintiffs' motion to compel further responses to requests for production. ("Discovery Order," Dkt. No. 41.) In the Discovery Order, Judge Kato overruled Defendants' objections to Plaintiffs' Request No. 22, for Defendants to provide discovery concerning

Defendants' current net worth.  (Id. at 11.)  Judge Kato ordered Defendants to serve supplemental responses to Request No. 22 (and others) within 10 days from the date of that order.  (Id. at 13.)  As such, Defendants' responses were due on Thursday, February 16, 2023.

On February 17, 2023, Defendants filed notices of appearances for additional counsel of record.  (Dkt. Nos. 41-44.)

On February 20, 2023, Defendants filed the Application.  (Application.)  On February 23, 2023, Plaintiffs filed an opposition to the Application.  ("Opposition," Dkt. No. 49.)

## II.  LEGAL STANDARD

Ex parte relief requires that a moving party show "irreparable prejudice[] if the underlying motion is heard according to the regular noticed motion procedures."  Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).  In addition, the moving party must establish it is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  Id.

Pursuant to Federal Rule of Civil Procedure 26(c), a court may issue an order to protect a party "limiting the scope of disclosure or discovery to certain matters" upon a showing of good cause.  Fed. R. Civ. P. 26(c).  "A district court may limit discovery 'for good cause' . . . and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief."  Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (citations omitted).

A scheduling order may be modified "only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

## III.  DISCUSSION

In the Application, Moving Defendants note that they objected to Plaintiffs' Request No. 22 seeking current net worth information but that Judge Kato overruled that objection.  (Application at 7.)  Judge Kato found that the request was relevant to the issue of punitive damages.  (Id.; Discovery Order at 11.)  Moving Defendants claim they "do not allege that there is any error in the Discovery Order" even though it is obvious from the Application that 1) Moving Defendants simply disagree with Judge Kato's Discovery Order and 2) now ask this Court to stay her decision until an unspecified time so they do not have to comply with it.  (See Application at 7-9.)  Moving Defendants argue they will soon file a motion for summary judgment and a motion for bifurcation, which may resolve the punitive damages issue in their favor.  (See id. at 8.)  Moving Defendants claim that the disclosure of their financial information is an "unnecessary invasion of their financial privacy" at this juncture in part because "there is a specific concern that" Plaintiffs' claim for punitive damages against Defendants Nijjar and Kler "will not succeed, and as such the balancing of interests weigh strongly in Defendants' favor."  (Id.)

Moving Defendants' Application is **DENIED.**  First, to be awarded the relief they seek, Moving Defendants must establish they are "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Mission Power, 883 F. Supp. at 492.  Moving Defendants cannot do that, because they are at fault for creating this purported crisis and their request is untimely.

Moving Defendants were ordered to comply with the Discovery Order by February 16, 2023. (Discovery Order at 13.)  On that day, on behalf of all Defendants, Defendants' Counsel D. Wayne Leech served the supplemental responses ordered by the Court.  (Opposition at 7.)  Regarding Request No. 22, Mr. Leech stated, "Per the [Discovery Order], Defendants will comply." (Id.)  The email stated that the documents will be sent under separate cover. (Id.)

The next day, Moving Defendants retained additional (not separate) counsel. (Dkt. No. 42.)  On Saturday, February 19, 2023, after the responses to Request No. 22 were already overdue, Defendants' Counsel reached out to Plaintiffs' Counsel to meet and confer regarding the instant Application.  (Opposition at 8.)  Later that day, Mr. Leech emailed documents responsive to the Discovery Order to Plaintiff's Counsel and said he was sending hard copies of financial records regarding the four entity Defendants in this case via FedEx. (Id.)  On February 20, 2023, Moving Defendants filed the Application.  (Application.)

Whatever disagreements there may have been among the lawyers for Defendants, it is obviously improper for one lawyer to agree to comply with a court order, and thereafter for a new lawyer to renege on that promise and seek emergency relief from a court seeking a stay of that order.  And even if Moving Defendants were not bound by Mr. Leech's promise to comply with a court order, Moving Defendants filed a request for a stay of the Discovery Order *days after the date for compliance*. "It is not proper to delay filing a motion to stay an Order of a federal court until after the date set by the Court for compliance.  If a party seeks a stay of such an Order, it has the duty to seek the stay sufficiently in advance of the date set for compliance so that the Court will have the opportunity to rule on the motion prior to the compliance date.  Manifestly, filing the motion for a stay after the date set for compliance comes too late." In re Lernout & Hauspie Sec. Litig., 219 F.R.D. 28, 30–31 (D. Mass. 2003) (denying request for stay sought a day after expiration of date for compliance of order).  "Merely filing a motion for such relief does not excuse the moving party from fully complying with the order appealed from until a court grants a stay and relieves the party of its obligation to comply with a challenged order." Am. Rock Salt Co., LLC v. Norfolk S. Corp., 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005).  If Defendants disagreed with Judge Kato's ruling, they could have immediately sought a stay of the Discovery Order.  They failed to do so until *after* they were ordered to comply with it, and indeed after promising Plaintiffs they would comply with the order.  Willfully disobeying a lawful court order is grounds for contempt, not a basis for seeking a retroactive stay through an emergency application.  This was a crisis of Defendants' own making, and the Court would deny them the relief they seek on that basis alone.

Second, even if the Court considered the merits of the Application, it would deny it.  The only authority Moving Defendants cite on this issue is Wood, 644 F.2d 797, which states that a

court can find good cause to stay discovery "when it is convinced that the plaintiff will be unable to state a claim for relief." Id. at 801. Assuming a court need only review the pleadings to rule on this issue (which makes sense because discovery has not closed and a dispositive motion like a motion for summary judgment has not been filed), the Court is not "convinced" that Plaintiffs are unable to state a claim for relief or for punitive damages against Moving Defendants (or all Defendants, for that matter). Moreover, "[w]hen a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information of the defendant without requiring plaintiff to establish a *prima facie* case on the issue of punitive damages." Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc., 130 F.R.D. 149, 151 (D. Kan. 1990). Generally, "[i]t is sufficient at this stage to state that plaintiff has shown that his claim for punitive damages is not spurious," Vollert v. Summa Corp., 389 F. Supp. 1348, 1351 (D. Haw. 1975), to allow discovery on a defendant's financial status. The Court's review of the FAC indicates that Plaintiff's request is not spurious. At the very least, Plaintiffs allege that the apartment manager Elisa Valerio said to her husband, within earshot of Plaintiff Beasley, "This is why I don't like renting to n******s; they are always complaining" (FAC ¶ 21), and Ms. Valerio works under the direction and control of Moving Defendants. (See id. ¶¶ 7, 10.)

To the extent Moving Defendants seek to modify the Scheduling Order with a discovery stay, the Court does not find good cause to do so. In ruling on an analogous request for a discovery stay involving a qualified immunity issue, one district court reasoned why a stay would be inappropriate:

> The court finds that for this case, a stay of discovery is not appropriate. First, the defendants could have made these arguments for a stay nearly a year ago when they negotiated a case management plan with the plaintiffs. There was no suggestion then of a qualified immunity issue as to Mayor Smith that could be decided without discovery, nor any suggestion that written job descriptions would be, in themselves, entirely dispositive of this case. Nor was there any suggestion that discovery should be bifurcated, with merits discovery delayed until after the court determines whether, despite the written job descriptions, a jury must decide whether the plaintiffs held policymaking jobs. The defendants' change of counsel and new litigation strategy is not sufficient, in the court's view, to alter the discovery plan under the case management order.

Allman v. Smith, 2013 WL 12484843, at *2 (S.D. Ind. May 1, 2013). That Moving Defendants' may have new counsel, who perhaps disagree with certain strategic decisions taken thus far, is not a sufficient basis for a stay.

Finally, Moving Defendants' financial information is relevant to the case beyond the punitive damages issue and discovery of it will advance the litigation, while a delay of discovery would hinder it. "[A] plaintiff need not establish a *prima facie* case on the issue of punitive

damages before it can obtain pretrial discovery of defendant's financial statements and tax returns. . . . [K]nowledge of defendant's net worth will be of value to both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation." Mid Continent Cabinetry, 130 F.R.D. at 152; accord Holliman v. Redman Dev. Corp., 61 F.R.D. 488, 491 (D.S.C. 1973). The information will also likely be relevant to establish who has putative and actual control over the Villa La Paz Apartments at issue in this case. (See Opposition at 13.) That information will be useful to Plaintiffs in opposing Defendants' motion for summary judgment, assuming one is indeed forthcoming. Denying discovery of net worth at this time would also "only lead to delay and confusion" in future proceedings, potentially resulting in further modifications to the Court's Scheduling Order or even the presentation of evidence at trial. Mid Continent Cabinetry, 130 F.R.D. at 152; see also St. Joseph Hosp. v. INA Underwriters Ins. Co., 117 F.R.D. 24, 26 (D. Me. 1987).

As such, Moving Defendants' Application is **DENIED**.

### IV.  CONCLUSION

For the reasons above, the Court **DENIES** the Application. The Court **ORDERS** Moving Defendants to immediately comply with the Discovery Order. Because the date for compliance with the Discovery Order has long since passed, the Court will not extend it further. Should Moving Defendants fail to comply with the Discovery Order in its entirety, Plaintiffs have leave of this Court to file a noticed application or motion to hold Moving Defendants in contempt, to be heard by Judge Kato, as soon as Friday, March 10, 2023.

**IT IS SO ORDERED.**