Stephen G. Larson (SBN 145225)
slarson@larsonllp.com
Jerry A. Behnke (SBN 180462)
jbehnke@larsonllp.com
Andrew Beshai (SBN 308030)
abeshai@larsonllp.com
Jane Davidson (SBN 326547)
jdavidson@larsonllp.com
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone:(213) 436-4888
Facsimile: (213) 623-2000

Wayne Leech (SBN 97676)
wayne@leechlaw.com
**LAW OFFICE OF D. WAYNE LEECH, APC**
11001 Main Street, Suite 200
El Monte, California 91731
Telephone: (626) 443-0061
Fax: (626) 443-1165

Attorneys for Defendants SWARANJIT (MIKE) NIJJAR and DALJIT KLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FAIR HOUSING COUNCIL OF RIVERSIDE COUNTY, INC., et al., Plaintiff, vs. GROUP XIII PROPERTIES LP, et al., Defendants. | Case No. 5:21-cv-00941-JGB (KKx) **DEFENDANTS SWARANJIT (MIKE) NIJJAR AND DALJIT KLER'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** [*Filed concurrently with Declarations of Daljit Kler, Swaranjit (Mike) Nijjar and Elisa Valerio; Statement of Undisputed Facts; and [Proposed] Judgment*] Date: April 10, 2023 Time: 9:00 am Ctrm: Riverside, Courtroom 1 Judge: Jesus G. Bernal |

LARSON
LOS ANGELES

DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 10, 2023 at 9:00 AM, in the Courtroom of the Honorable Jesus G. Bernal, Courtroom 1 of the United States District Court for the Central District of California, 3470 Twelfth Street, Riverside, CA 92501-3000, Defendants SWARANJIT (MIKE) NIJJAR and DALJIT KLER (collectively "Defendants"), will and hereby do, move the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting summary judgment in favor of Defendants and against Plaintiffs FAIR HOUSING OF RIVERSIDE COUNTY, INC. and JAMES BEASLEY.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Statement of Uncontroverted Facts and Conclusions of Law, the supporting Declaration of Daljit Kler, Declaration of Swaranjit (Mike) Nijjar, Declaration of Elisa Valerio, the pleadings and papers on file in this action and any other evidence and argument as may be presented at the hearing on the motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3.

Dated: March 6, 2023           LARSON LLP

By:   /s/ *Stephen G. Larson*
      Stephen G. Larson
      Jerry A. Behnke
      Andrew Beshai
      Jane Davidson
Attorneys for Defendants SWARANJIT (MIKE) NIJJAR and DALJIT KLER

LARSON
LOS ANGELES

2
DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................... 7

II. STATEMENT OF FACTS ....................................................................................... 8

III. LEGAL STANDARD ............................................................................................ 11

IV. ARGUMENT ......................................................................................................... 12

    A.   As Corporate Officers, Defendants Nijjar and Kler Cannot Be Held Vicariously Liable For Their Business's Alleged Torts In Which They Did Not Personally Participate .................................................................. 12

        1.   Under Common Law Vicarious Liability Principles, An Officer or Director Is Not Vicariously Liable For Acts of An Employee In Which The Officer or Director Did Not Participate. ................................................. 12

        2.   Each of the Claims at Issue Here Incorporates Traditional Common Law Vicarious Liability Principles. ........................................................... 13

        3.   Neither Defendant Nijjar nor Defendant Kler Are Vicariously Liable for Defendant Valerio's Alleged Discrimination Because They Were Officers or Directors Who Did Not Participate in the Alleged Discriminatory Conduct. ..................................................................... 15

    B.   Punitive Damages Are Not Available Against Defendants Nijjar and Kler Personally ........................................................................................ 17

V. CONCLUSION ...................................................................................................... 18

3

DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

LARSON
LOS ANGELES

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) .................................................................................. 11, 16

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) .......................................................................................... 11

*City of Monterey v. Del Monte Dunes at Monterey, Ltd.*,
526 U.S. 687 (1999) .......................................................................................... 14

*Community for Creative Non-Violence v. Reid*,
490 U.S. 730 (1989) .................................................................................. 12, 13

*Crowley v. Bannister*,
734 F.3d 967 (9th Cir. 2013) ........................................................................... 15

*Iniestra v. Cliff Warren Investments, Inc.*
886 F. Supp. 2d 1161 (C.D. Cal. 2012) ........................................................... 14

*Jonah R. v. Carmona*,
446 F.3d 1000 (9th Cir. 2006) ......................................................................... 14

*Kolstad v. Am. Dental Ass'n*,
527 U.S. 526 (1999) .......................................................................................... 17

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
475 U.S. 574 (1986) .......................................................................................... 11

*McDonald v. Coldwell Banker*,
543 F.3d 498 (9th Cir. 2008) ........................................................................... 12

*Meyer v. Holley*,
537 U.S. 280 (2003) ..................................................................... 13, 14, 15, 16

*Miller v. Apartments & Homes of New Jersey, Inc.*,
646 F.2d 101 (3d Cir.1981) .............................................................................. 17

*Parks v. Bd. of Trustees of Cal. State Univ.*,
No. 1:09CV1314AWIGSA, 2010 WL 1611136 (E.D. Cal. Apr. 20,
2010) .................................................................................................................. 14

LARSON
LOS ANGELES

4

DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY
JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

*Sanzaro v. Ardiente Homeowners Association, LLC et al.*,
    364 F. Supp. 3d 1158 (D. Nev. 2019) ................................................................ 14

*Selden Apartments v. U.S. Dep't of Hous. & Urb. Dev.*,
    785 F.2d 152 (6th Cir. 1986) ............................................................................. 14

*State Farm Mut. Auto. Ins. Co. v. Campbell*,
    538 U.S. 408 (2003) ........................................................................................... 17

*United States v. Mohalla*,
    545 F.Supp.2d 1035 (C.D. Cal. 2008) ............................................................... 11

*United States v. Space Hunters, Inc.*,
    429 F.3d 416 (2d Cir. 2005) .............................................................................. 17

**California Cases**

*Cisneros v. U.D. Registry, Inc.*,
    39 Cal. App. 4th 548 (2d Dist. 1995) ................................................................ 13

*Filet Menu, Inc. v. C.C.L. & G., Inc.*,
    79 Cal. App. 4th 852 (2d Dist. 2000), *as modified* (Apr. 6, 2000) .............. 12, 13

*Fiol v. Doellstedt*,
    50 Cal. App. 4th 1318 (1996) ............................................................................ 14

*Frances T. v. Village Green Owners Assn.*,
    42 Cal. 3d 490 (1986) ........................................................................................ 13

*Taylor-Rush v. Multitech Corp.*,
    217 Cal. App. 3d 103 (1990) ............................................................................. 13

*United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*,
    1 Cal. 3d 586 (1970) .......................................................................................... 15

**Federal Statutes**

42 U.S.C.
    § 1982 ........................................................................................................... 14, 15
    § 1982, and 4 ..................................................................................................... 12
    § 1983 ................................................................................................................. 14
    § 3613(c)(1) ........................................................................................................ 17

Fair Employment and Housing Act, 3 ..................................................................... 12

5
DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY
JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

LARSON
LOS ANGELES

Fair Housing Act ..................................................................................................... 14, 17

Fair Housing Act, 2 ....................................................................................................... 12

FEHA ........................................................................................................................ 14, 15

FHA .......................................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 56(a) ..................................................................................................... 11

Restatement (Second) of Agency ................................................................................ 13

6

LARSON
LOS ANGELES

DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff James Beasley spent a little under three weeks corresponding with Defendant Elisa Valerio, an on-site property manager at the Villa La Paz apartments, because he purportedly wanted to rent a unit in the complex. Ultimately, Plaintiff Beasley did not rent a unit at the Villa La Paz apartments and he now claims that Defendant Valerio discriminated against him based on his race. Plaintiff Beasley, along with Plaintiff Fair Housing Council of Riverside County, Inc., have filed suit against Defendant Valerio and the companies that currently own and previously owned the Villa La Paz apartments, Group XIII Properties, LP and DHA Opportunity 1, LP.

Into this fray, Plaintiffs have also pulled two other individuals who had absolutely no involvement in the review or processing of Plaintiff Beasley's rental application: Defendant Swaranjit (Mike) Nijjar and Defendant Daljit Kler. Neither Defendant Nijjar nor Defendant Kler has ever met or communicated with Plaintiff Beasley, nor were they aware of his application at the time it was filed and processed. Relatedly, neither Defendant Nijjar nor Defendant Kler ever communicated with or provided direction to Defendant Valerio related to Plaintiff Beasley or Plaintiff Beasley's application to rent a unit at Villa La Paz. They have been named in this lawsuit solely because they hold ownership interest and corporate positions in companies that currently own or previously owned the Villa La Paz apartments.

There is no basis to hold Defendants Nijjar and Kler individually liable here. None of the claims asserted by Plaintiffs impose vicarious liability on corporate officers or owners for conduct in which they did not participate. Summary judgment is, therefore, proper as to Defendant Nijjar and Defendant Kler.

7

DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

LARSON
LOS ANGELES

## II. STATEMENT OF FACTS

On or about April 23, 2020, Plaintiff Beasley texted Defendant Valerio, the on-site property manager at the Villa La Paz apartments, to inquire about renting an apartment at the Villa La Paz apartments. (First Amended Complaint ("FAC") ¶ 14.) A few days later, on or about April 29, 2020, Plaintiff Beasley completed a rental application, attaching a copy of his California Identification Card. (*Id.* ¶ 15.) On or about May 5, 2020, Defendant Valerio advised Plaintiff Beasley that his credit check had been approved and that a security deposit of $800 and first month's rent of $950 would be required to reserve the unit. (*Id.* ¶ 16.) She also informed Plaintiff Beasley that he could come see the apartment. (*Id.*)

Plaintiff Beasley went to the Villa La Paz apartments and met with Defendant Valerio to view the apartment on May 5, 2020. (*Id.* ¶ 17.) Upon viewing the apartment, Plaintiff Beasley complained to Defendant Valerio about the condition of the apartment, and Defendant Valerio promised that the apartment would be cleaned and ready for occupancy by Saturday, May 9, 2020. (*Id.* ¶¶ 18-20.) Plaintiff Beasley alleges that, shortly after that conversation, he overheard Defendant Valerio use a racial slur to describe him, which Defendant Valerio denies. (FAC ¶ 21; Declaration of Elisa Valerio ("Valerio Decl.") ¶ 4.) Plaintiff Beasley never paid the required security deposit and first month's rent to reserve the apartment. (Valerio Decl. ¶ 5.) On May 8, 2020, Plaintiff Beasley asked Defendant Valerio to reserve the apartment with only the security deposit, which Defendant Valerio was not able to do. (*Id.* ¶ 6.) Defendant Valerio responded to Plaintiff Beasley that the apartment had been rented out. (FAC ¶ 29.)

Plaintiff Beasley alleges that he asked two of his friends to reach out to Defendant Valerio and inquire about one bedroom, one bathroom apartments at Villa La Paz apartments. (*Id.* ¶ 31.) According to the complaint, Plaintiff Beasley's friends contacted Defendant Valerio on May 11, 2020 and May 12, 2020, and Defendant Valerio informed each friend on each occasion that there was a one

LARSON
LOS ANGELES

8

DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

bedroom, one bathroom unit available to rent.  (*Id.* ¶¶ 31-32.)  Plaintiff Beasley alleges that he contacted Defendant Valerio again, on both May 11, 2020 and May 12, 2020, after his friends informed him about the response they received from Defendant Valerio.  (*Id.* ¶¶ 33-34.)  According to the complaint, Defendant Valerio falsely told Plaintiff Beasley that there were no units available on May 11, 2020 and May 12, 2020.  (*Id.*)

The only employee of the Villa La Paz apartments that Plaintiff Beasley met or communicated with in connection with his rental application is Defendant Valerio.  (FAC ¶¶ 13-39.)  Plaintiff Beasley alleges that Defendant Valerio discriminated against him by lying about the availability of apartments at Villa La Paz.  There is not a single factual allegation in the entire FAC asserting that Plaintiff Beasley ever met or communicated with the two other individual defendants, Defendant Nijjar and Defendant Kler, each of whom is a corporate officer in companies that owned the Villa La Paz apartments.  Neither Defendant Nijjar nor Defendant Kler ever communicated with or provided direction to Defendant Valerio related to Plaintiff Beasley or Plaintiff Beasley's application to rent a unit at Villa La Paz.  (Valerio Decl. ¶ 7; Declaration of Swaranjit (Mike) Nijjar ("Nijjar Decl.") ¶ 8; Declaration of Daljit Kler ("Kler Decl.") ¶ 6.)  In fact, neither Defendant Nijjar nor Defendant Kler were even aware of Plaintiff Beasley's rental application. (Nijjar Decl. ¶ 9; Kler Decl. ¶ 7.)

Defendant Nijjar was President and Chief Executive Officer of a company called Group XIII Properties, Inc. from on or about May 19, 2014 to on or about April 27, 2022.  (Nijjar Decl. ¶ 2, Ex. 1; ¶ 4, Ex. 3.)  He was also a Director of Group XIII Properties, Inc. from on or about May 3, 2019 to on or about April 27, 2022.  (*Id.* ¶ 3, Ex. 2; ¶ 4, Ex. 3.)  Group XIII Properties, Inc. is the general partner of a property-holding limited partnership called Group XIII Properties, LP.  (*Id.* ¶ 2, Ex. 1.)  Group XIII Properties, LP purchased the Villa La Paz apartments on or about November 27, 2018, (*Id.* ¶ 5), and subsequently transferred its ownership

LARSON
LOS ANGELES

9

DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

interests to DHA Opportunity 1, LP.  (*Id*. ¶ 7.)

Defendant Kler has been President, Secretary, Treasurer, and Director of DHA Opportunity 1, Inc. since on or about May 3, 2019.  (Kler Decl. ¶ 2, Ex. 1.) DHA Opportunity 1, Inc. is the general partner of a property-holding limited partnership called DHA Opportunity 1, LP.  (*Id*. ¶ 3, Ex. 2.)  DHA Opportunity 1, LP currently owns the Villa La Paz apartments.  (*Id*. ¶ 5.)

In 2020, Group XIII Properties, LP owned 60 properties, and it did not perform any property management services or have any employees.  (Nijjar Decl. ¶ 6.)  Likewise, DHA Opportunity 1, LP did not perform any property management services or have any employees for the 20 properties it owned in 2020.  (Kler Decl. ¶ 4.)  Both Group XIII Properties, LP and DHA Opportunity 1, LP contracted with Pro Management, Inc. to perform property management services at many of their properties, including the Villa La Paz apartments.  (Nijjar Decl. ¶ 6; Kler Decl. ¶ 4.)

In sum, Defendant Nijjar was a corporate officer in a company that owned, among other properties, the Villa La Paz apartments.  Defendant Nijjar did not communicate with or provide direction to Defendant Valerio related to Plaintiff Beasley or Plaintiff Beasley's application to rent a unit at Villa La Paz.  (Nijjar Decl. ¶ 8; Valerio Decl. ¶ 7.)  Nor was he even aware of Plaintiff Beasley's application for a rental unit at the Villa La Paz apartments at the time it was filed or reviewed.  (Nijjar Decl. ¶ 9.)

Much like Defendant Nijjar, Defendant Kler is also disconnected from the events alleged in the FAC; she is a corporate officer in the company that currently owns, among other properties, the Villa La Paz apartments.  (Kler Decl. ¶ 2, Ex. 1.) Defendant Kler did not communicate with or provide direction to Defendant Valerio related to Plaintiff Beasley or Plaintiff Beasley's application to rent a unit at Villa La Paz.  (Kler Decl. ¶ 6; Valerio Decl. ¶ 7.)  Nor was she even aware of Plaintiff Beasley's application for a rental unit at the Villa La Paz apartments at the time it was filed or reviewed. (Kler Decl. ¶ 7.)

LARSON
LOS ANGELES

10

DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Nijjar and Kler move for summary judgment because none of the claims alleged in the FAC impose vicarious liability on individual corporate officers or directors for alleged discrimination committed by company employees. Plaintiffs cannot adduce any evidence to show that Defendants Nijjar and Kler participated in or were involved with the alleged discrimination in this case. Therefore, summary judgment is appropriate.

### III. <u>LEGAL STANDARD</u>

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts may grant summary judgment in a party's favor upon all or "part of" a party's claim and apply the same standard in doing so. Fed. R. Civ. P. 56(a); *see also United States v. Mohalla*, 545 F.Supp.2d 1035, 1039 (C.D. Cal. 2008) (holding that "[t]he standard and procedures for a motion for partial summary judgment are the same as for summary judgment of a claim."). The movant bears the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material when it affects the outcome of the case. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

After the moving party meets its initial burden to show the absence of evidence to support the non-moving party's case, the burden shifts to the non-moving party to demonstrate that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. If the non-moving party fails to submit sufficient facts showing genuine issues for trial, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

## IV. ARGUMENT

### A. As Corporate Officers, Defendants Nijjar and Kler Cannot Be Held Vicariously Liable For Their Business's Alleged Torts In Which They Did Not Personally Participate

Plaintiffs assert claims against Defendants Nijjar and Kler under four different legal theories: 1) Violation of the Fair Housing Act ("FHA"), 2) Violation of the Fair Employment and Housing Act ("FEHA"), 3) Violation of 42 U.S.C. § 1982, and 4) Negligence. Each of these legal theories incorporate traditional common law principles of vicarious liability. Under common law principles of vicarious liability, a corporate officer or director cannot be held vicariously liable for the tortious or discriminatory conduct of an employee working for their business, unless that corporate officer or director personally participated in or ratified the tortious or discriminatory conduct. *Filet Menu, Inc. v. C.C.L. & G., Inc.*, 79 Cal. App. 4th 852, 94 (2d Dist. 2000), *as modified*, (Apr. 6, 2000).

Here, neither Defendant Nijjar nor Defendant Kler had any involvement in Defendant Valerio's allegedly discriminatory conduct. In fact, they were not even aware of Plaintiff Beasley's application at the time it was filed and processed. Under common law vicarious liability principles, then, Defendants Nijjar and Kler are not personally liable for Defendant Valerio's alleged conduct, and summary judgment is proper as to Defendants Nijjar and Kler.

### 1. Under Common Law Vicarious Liability Principles, An Officer or Director Is Not Vicariously Liable For Acts of An Employee In Which The Officer or Director Did Not Participate.

It is well settled that vicarious liability is determined by traditional common law principles. *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008) (citing *Meyer v. Holley*, 537 U.S. 280, 285 (2003)). In interpreting federal statutes, "the general common law of agency" gives meaning to the relevant relationships rather than any particular state's law. *Community for Creative Non-Violence v. Reid*, 490

LARSON
LOS ANGELES
12
DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

U.S. 730, 740 (1989). Courts have looked to the Restatement (Second) of Agency (Restatement) for guidance on agency principles. *Id*. at 755 (citing *Meritor Sav. Bank*, *FSB v. Vinson*, 477 U.S. 57, 72 (1986)).

Under common law vicarious liability principles, corporate officers and directors cannot be held vicariously liable for the torts of the corporation or an employee of the corporation, if they do not participate in those torts. *Taylor-Rush v. Multitech Corp.*, 217 Cal. App. 3d 103, 113 (1990) ("Corporate officers and directors cannot ordinarily be held personally liable for the acts or obligations of their corporation. However, they may become liable if they directly authorize or actively participate in wrongful or tortious conduct."); *Filet Menu, Inc.*, 79 Cal. App. 4th at 94 ("Directors and officers of a corporation are not rendered personally liable for its torts merely because of their official positions, but may become liable if they directly ordered, authorized or participated in the tortious conduct."); *see also Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 46 (2d Dist. 1995).

The reason for the vicarious liability rule is rooted in how the agent-principal relationship flows. An employee is considered an agent of the corporation or business entity for which the employee works; an employee is *not* the agent of the officers, directors, or owners of the corporation or business entity for which the employee works. *See Meyer*, 537 U.S. at 286. It follows then, that corporate officers and directors cannot be held vicariously liable for the torts of their corporation or their employees, unless they personally directed or participated in the tortious conduct. *Frances T. v. Village Green Owners Assn.*, 42 Cal. 3d 490 (1986).

        2.    <u>Each of the Claims at Issue Here Incorporates Traditional Common Law Vicarious Liability Principles.</u>

The Supreme Court has held that the common law vicarious liability principles apply to discrimination claims brought under the FHA, explaining that the FHA "normally imposes vicarious liability upon the corporation *but not upon its officers or owners*." *Meyer*, 537 U.S. at 285 (emphasis added). Under the FHA,

13

"absent special circumstances an officer or owner of a business entity *may not be held vicariously liable, as it is the business entity that is the principal or employer*." *Sanzaro v. Ardiente Homeowners Association, LLC et al.*, 364 F. Supp. 3d 1158, 1176 (D. Nev. 2019) (citing *Meyer*, 537 U.S. at 285) (emphasis added).  In *Meyer*, the Supreme Court ruled that, ordinarily, corporate officers are not vicariously liable for FHA violations committed by employees under their supervision.  According to *Meyer*, "in the absence of special circumstances it is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by the employees or agents." *Id*. at 286.

Similarly, "because FEHA is based on the Fair Housing Act, liability under the Fair Housing Act also supports liability under FEHA." *Iniestra v. Cliff Warren Investments, Inc.* 886 F. Supp. 2d 1161, 1162 (C.D. Cal. 2012) (*citing Brown v. Smith*, 55 Cal. App. 4th 767, 780 (1997)).  Much like the FHA, FEHA does not impose vicarious liability on supervisors who played no role in the discriminatory conduct.  *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1327 (1996); *Parks v. Bd. of Trustees of Cal. State Univ.*, No. 1:09CV1314AWIGSA, 2010 WL 1611136, at *3 (E.D. Cal. Apr. 20, 2010) ("[A] simple vicarious liability theory . . . is not cognizable under FEHA.").

Claims brought under 42 U.S.C. § 1982 are analyzed the same as FHA claims because "the same elements must be established in a fair housing action brought under [the FHA] as an action brought under [] § 1982 . . ." *Selden Apartments v. U.S. Dep't of Hous. & Urb. Dev.*, 785 F.2d 152, 159 (6th Cir. 1986).  Additionally, § 1982—much like its companion civil rights statute § 1983—incorporates traditional tort and vicarious liability principles.  "Statutes dealing with similar subjects should be interpreted harmoniously." *Jonah R. v. Carmona*, 446 F.3d 1000, 1007 (9th Cir. 2006) (citation omitted).  Section 1983 claims sound in tort and must be evaluated in light of the "background of tort liability." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709 (1999).  Under such a

framework, a supervisor may be liable for a civil rights violation "only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013).

Finally, negligence—like any other tort claim—is governed by common law vicarious liability principles. As explained, those common law vicarious liability principles dictate that "[d]irectors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position, unless they participate in the wrong or authorize or direct that it be done." *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 595 (1970).

In sum, each of Plaintiffs' claims against Defendants Nijjar and Kler (FHA, FEHA, 42 U.S.C. §1982, and Negligence) are subject to the same vicarious liability principles.

        3.    <u>Neither Defendant Nijjar nor Defendant Kler Are Vicariously Liable for Defendant Valerio's Alleged Discrimination Because They Were Officers or Directors Who Did Not Participate in the Alleged Discriminatory Conduct.</u>

Given that common law vicarious liability principles apply to each claim asserted, Plaintiffs cannot simply hold Defendants Nijjar and Kler liable by virtue of their corporate positions in the defendant companies. Instead, Plaintiffs must show that Defendants Nijjar and Kler participated in, ratified, or directed the alleged discriminatory conduct. For example, in *Meyer*, a mixed-race couple accused a real estate salesman of preventing them from buying a house based on discriminatory reasons. *Meyer*, 537 U.S. at 286. The plaintiffs also sued the incorporated real estate firm for which the salesman worked, as well as the firm's owner-president. *Id*. The Supreme Court concluded that the firm, but not the owner-president, could be held liable for the salesman's discrimination. *Id*. Determining that "ordinary tort-related vicarious liability rules" should govern FHA cases, the Court held that

"the [FHA] imposes liability without fault upon the employer in accordance with traditional agency principles, i.e., it normally imposes vicarious liability upon the corporation but not upon its officers or owners." *Id.* at 282. Put differently, the company itself, but not the individual president, was vicariously liable for the salesman's discrimination, because "[a] corporate employee typically acts on behalf of the corporation, not its owner or officer." *Id*. at 286.

Just as the company president in *Meyer* was not liable for the allegedly discriminatory conduct of an employee at his company, so, too, Defendants Nijjar and Kler are not liable for any alleged discrimination committed here. For starters, Plaintiffs' complaint attributes the discrimination to an employee, Defendant Valerio, who worked for Pro Management, Inc.—a company where neither Defendant Nijjar nor Defendant Kler held corporate positions. Rather, Defendant Nijjar and Kler's companies contract with Pro Management, Inc. to provide property management services. (Nijjar Decl. ¶ 6; Kler Decl. ¶ 4.)

Even more fatal to Plaintiffs' claims, neither Defendant Nijjar nor Defendant Kler ever communicated with or provided direction to Defendant Valerio related to Plaintiff Beasley or Plaintiff Beasley's application to rent a unit at Villa La Paz. (Valerio Decl. ¶ 7; Nijjar Decl. ¶ 8; Kler Decl. ¶ 6.) In fact, neither Defendant Nijjar nor Defendant Kler were even aware of Plaintiff Beasley's rental application. (Nijjar Decl. ¶ 9; Kler Decl. ¶ 7.)

Plaintiffs cannot adduce any evidence to show that Defendants Kler and Nijjar did anything more than hold corporate positions in the companies Plaintiffs are suing. Plaintiffs cannot show that Defendants Kler and Nijjar directly participated in or ratified the discriminatory acts alleged in the FAC. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) (holding that a plaintiff must "present affirmative evidence in order to defeat [Defendants'] motion for summary judgment). Under common law vicarious liability principles—applicable to all claims alleged here—Plaintiffs' claims fail as a matter of law. Summary judgment

16

LARSON
LOS ANGELES

DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

is, therefore, proper as to Defendants Nijjar and Kler.

### B. Punitive Damages Are Not Available Against Defendants Nijjar and Kler Personally

Even if Plaintiffs' claims could survive summary judgment, punitive damages are not available against Defendants Nijjar or Kler.  Plaintiffs seek punitive damages under only the FHA, (FAC ¶ 37), which provides that "the court may award to the plaintiff actual and punitive damages."  42 U.S.C. § 3613(c)(1).  However, punitive damages cannot be awarded here because Plaintiffs cannot adduce any evidence that Defendants Nijjar and Kler: (1) have an evil motive or (2) have an agency relationship with Defendant Valerio.

In the FHA context, "Punitive damages are limited 'to cases in which the [defendant] has engaged in intentional discrimination and has done so with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'"  *United States v. Space Hunters, Inc.*, 429 F.3d 416, 427 (2d Cir. 2005).  To establish the requisite state of mind for an award of punitive damages, a plaintiff must show (1) that the defendant discriminated "in the face of a perceived risk that its actions . . . violate[d] federal law," or 2) that the defendant committed "egregious or outrageous acts" that "may serve as evidence supporting an inference of the requisite 'evil motive.'"  *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536-38 (1999).  Importantly, the conduct punished must have a specific nexus to plaintiff's harm.  *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003).

In order to recover punitive damages under FHA, Plaintiffs must establish the existence of an agency relationship between the discriminatory actor and Defendants before they can seek punitive damages based upon the agent's conduct.  *Miller v. Apartments & Homes of New Jersey, Inc.*, 646 F.2d 101, 111 (3d Cir.1981) ("We hold an employer liable for punitive damages for the conduct of his agent [under the Fair Housing Act] when the record shows that he was, by action or knowledgeable inaction, involved in the wrongdoing ... or that he has authorized, ratified, or

17
DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

LARSON
LOS ANGELES

fostered the acts complained of.") (citations omitted).

As explained, Plaintiffs cannot provide any evidence that Defendants Nijjar and Kler had any involvement in the alleged discrimination, let alone the "evil motive" necessary for punitive damages. Therefore, summary judgment is proper on the issue of punitive damages as to Defendants Nijjar and Kler.

## V. CONCLUSION

For the foregoing reasons, Defendants Swaranjit (Mike) Nijjar and Daljit Kler respectfully request that the Court enter summary judgment in their favor on all claims.

Dated: March 6, 2023         LARSON LLP

By:     /s/ *Stephen G. Larson*
          Stephen G. Larson
          Jerry A. Behnke
          Andrew Beshai
          Jane Davidson
Attorneys for Defendant SWARANJIT (MIKE) NIJJAR ("NIJJAR") and DALJIT KLER

LARSON
LOS ANGELES

18
DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES