Stephen G. Larson (SBN 145225)
slarson@larsonllp.com
Jerry A. Behnke (SBN 180462)
jbehnke@larsonllp.com
Andrew Beshai (SBN 308030)
abeshai@larsonllp.com
Jane Davidson (SBN 326547)
jdavidson@larsonllp.com
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Wayne Leech (SBN 97676)
wayne@leechlaw.com
**LAW OFFICE OF D. WAYNE LEECH, APC**
11001 Main Street, Suite 200
El Monte, California 91731
Telephone: (626) 443-0061
Fax: (626) 443-1165

Attorneys for Defendants SWARANJIT (MIKE) NIJJAR and DALJIT KLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FAIR HOUSING COUNCIL OF RIVERSIDE COUNTY, INC., et al., ,<br><br>Plaintiff,<br><br>vs.<br><br>GROUP XIII PROPERTIES LP, et al.,<br><br>Defendants. | Case No. 5:21-cv-00941-JGB (KKx)<br><br>**DEFENDANTS SWARANJIT (MIKE) NIJJAR AND DALJIT KLER'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>[*Filed concurrently with Defendants' Notice of Motion and Motion for Summary Judgment; Declarations of Jerry A. Behnke, Daljit Kler, Swaranjit (Mike) Nijjar and Elisa Valerio; and [Proposed] Judgment*]<br><br>Date: April 10, 2023<br>Time: 9:00 am<br>Ctrm: Riverside, Courtroom 1<br><br>Judge: Jesus G. Bernal |

LARSON
LOS ANGELES

DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Defendants Swaranjit (Mike) Nijjar and Daljit Kler hereby submit the following Separate Statement of Uncontroverted Facts and Conclusions of Law in support of their Motion for Summary Judgment:

| NO. | UNCONTROVERTED MATERIAL FACT | EVIDENCE |
|---|---|---|
| 1 | Defendant Elisa Valerio was employed by Pro Management, Inc. as the on-site property manager at Villa La Paz apartments, located at 675 S San Jacinto St, Hemet, CA 92543, between on or about January 1, 2020 and March 31, 2021. | Declaration of Defendant Elisa Valerio ¶ 2 |
| 2 | Defendant Valerio met and communicated with Plaintiff James Beasley between on or about April 23, 2020 and May 12, 2020 in connection with Plaintiff James Beasley's rental application for a unit at Villa La Paz apartments. | Declaration of Defendant Elisa Valerio ¶ 3 |
| 3 | Defendant Elisa Valerio never used a racial slur to describe Plaintiff James Beasley. | Declaration of Defendant Elisa Valerio ¶ 4 |
| 4 | Plaintiff Beasley never paid the required security deposit and first month's rent to reserve the apartment. | Declaration of Defendant Elisa Valerio ¶ 5 |
| 5 | On May 8, 2020, Plaintiff Beasley asked Defendant Valerio to reserve the apartment with only the security deposit, which Defendant Valerio was not able to do. | Declaration of Defendant Elisa Valerio ¶ 6 |
| 6 | Defendant Valerio never communicated with or received direction from Defendant Swaranjit (Mike) Nijjar or Defendant Daljit Kler related to Plaintiff Beasley or Plaintiff Beasley's application to rent a unit at Villa La Paz. | Declaration of Defendant Elisa Valerio ¶ 7; Declaration of Defendant Nijjar ¶ 8; Declaration of Defendant Kler ¶ 6 |
| 7 | Neither Defendant Nijjar nor Defendant Kler were aware of Plaintiff Beasley's application for a rental unit at the Villa La Paz apartments at the time it was filed or reviewed. | Declaration of Defendant Nijjar ¶ 9; Declaration of Defendant Kler ¶ 7 |
| 8 | Defendant Nijjar was President and Chief Executive Officer of a company called Group XIII Properties, Inc. from on or about May 19, 2014 to on or about April 27, 2022. | Declaration of Defendant Nijjar ¶ 2, Ex. 1 |

LARSON
LOS ANGELES

2

DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

| # | Fact | Evidence |
|---|------|----------|
| 9 | Defendant Nijjar was also a Director of Group XIII Properties, Inc. from on or about May 3, 2019 to on or about April 27, 2022. | Declaration of Defendant Nijjar ¶ 3, Ex. 2 |
| 10 | Defendant Nijjar resigned as CEO and Director of Group XIII Properties, Inc. on or about April 27, 2022. | Declaration of Defendant Nijjar ¶ 4, Ex. 3 |
| 11 | Group XIII Properties, Inc. is the general partner of a property-holding limited partnership called Group XIII Properties, LP | Declaration of Defendant Nijjar ¶ 2, Ex. 1 |
| 12 | Group XIII Properties, LP purchased the Villa La Paz apartments, located at 675 S San Jacinto St, Hemet, CA 92543, on or about November 27, 2018. | Declaration of Defendant Nijjar ¶ 5 |
| 13 | In 2020, Group XIII Properties, LP owned 60 properties, and it did not—nor does it currently—perform any property management services or have any employees. | Declaration of Defendant Nijjar ¶ 6 |
| 14 | Group XIII Properties, LP contracts with Pro Management, Inc. to perform property management services at many of its properties, including Villa La Paz apartments. | Declaration of Defendant Nijjar ¶ 6 |
| 15 | Group XIII Properties, LP transferred the Villa La Paz apartments to DHA Opportunity 1, LP | Declaration of Defendant Nijjar ¶ 7 |
| 16 | Daljit Kler has been President, Secretary, Treasurer, and Director of DHA Opportunity 1, Inc. since on or about May 3, 2019. | Declaration of Defendant Kler ¶ 2, Ex. 1 |
| 17 | DHA Opportunity 1, Inc. is the general partner of a property holding limited partnership called DHA Opportunity 1, LP. | Declaration of Defendant Kler ¶ 3, Ex. 2. |
| 18 | In 2020, DHA Opportunity 1, LP owned 20 properties, comprising 57 units, and it did not—not does it currently—perform any property management services or have any employees. | Declaration of Defendant Kler ¶ 4 |
| 19 | DHA Opportunity 1, LP contracts with Pro Management, Inc. to perform property management services at many of its properties, including Villa La Paz apartments. | Declaration of Defendant Kler ¶ 4 |
| 20 | DHA Opportunity 1, LP currently owns the Villa La Paz apartments. | Declaration of Defendant Kler ¶ 5 |

3
DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

LARSON
LOS ANGELES

## CONCLUSIONS OF LAW

1. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts may grant summary judgment in a party's favor upon all or "part of" a party's claim and apply the same standard in doing so. Fed. R. Civ. P. 56(a); *see also United States v. Mohalla*, 545 F.Supp.2d 1035, 1039 (C.D. Cal. 2008) (holding that "[t]he standard and procedures for a motion for partial summary judgment are the same as for summary judgment of a claim."). The movant bears the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material when it affects the outcome of the case. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

2. After the moving party meets its initial burden to show the absence of evidence to support the non-moving party's case, the burden shifts to the non-moving party to demonstrate that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. If the non-moving party fails to submit sufficient facts showing genuine issues for trial, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

3. It is well settled that vicarious liability is determined by traditional common law principles. *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008) (citing *Meyer v. Holley*, 537 U.S. 280, 285 (2003)).

4. Vicarious liability under the FHA is governed by "the general common law of agency" rather than any particular state's law. *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 740 (1989). Courts have looked to the Restatement

LARSON
LOS ANGELES

4

DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

(Second) of Agency (Restatement) for guidance on agency principles. *Id.* at 755 (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 72 (1986)).

5. Under common law vicarious liability principles, corporate officers and directors cannot be held vicariously liable for the torts of the corporation or an employee of the corporation, if they do not participate in those torts. *Taylor-Rush v. Multitech Corp.*, 217 Cal. App. 3d 103, 113 (1990) ("Corporate officers and directors cannot ordinarily be held personally liable for the acts or obligations of their corporation. However, they may become liable if they directly authorize or actively participate in wrongful or tortious conduct."); *Filet Menu, Inc.*, 79 Cal. App. 4th at 94 ("Directors and officers of a corporation are not rendered personally liable for its torts merely because of their official positions, but may become liable if they directly ordered, authorized or participated in the tortious conduct."); *see also Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 46 (2d Dist. 1995).

6. An employee is considered an agent of the corporation or business entity for which the employee works; an employee is *not* the agent of the officers, directors, or owners of the corporation or business entity for which the employee works. *See Meyer*, 537 U.S. at 286. It follows then, that corporate officers and directors cannot be held vicariously liable for the torts of their corporation or their employees, unless they personally directed or participated in the tortious conduct. *Frances T. v. Village Green Owners Assn.*, 42 Cal. 3d 490 (1986).

7. The Supreme Court has held that the common law vicarious liability principles apply to discrimination claims brought under the FHA, explaining that the FHA "normally imposes vicarious liability upon the corporation *but not upon its officers or owners.*" *Meyer*, 537 U.S. at 285 (emphasis added). Under the FHA, "absent special circumstances an officer or owner of a business entity *may not be held vicariously liable, as it is the business entity that is the principal or employer.*" *Sanzaro v. Ardiente Homeowners Association, LLC et al.*, 364 F. Supp. 3d 1158, 1176 (D. Nev. 2019) (citing *Meyer*, 537 U.S. at 285) (emphasis added). In *Meyer*, the

LARSON
LOS ANGELES

5

DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Supreme Court ruled that, ordinarily, corporate officers are not vicariously liable for FHA violations committed by employees under their supervision. According to *Meyer*, "in the absence of special circumstances it is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by the employees or agents." *Id*. at 286.

8. "[B]ecause FEHA is based on the Fair Housing Act, liability under the Fair Housing Act also supports liability under FEHA." *Iniestra v. Cliff Warren Investments, Inc.* 886 F. Supp. 2d 1161, 1162 (C.D. Cal. 2012) (*citing Brown v. Smith*, 55 Cal. App. 4th 767, 780 (1997)). Much like the FHA, FEHA does not impose vicarious liability on supervisors who played no role in the discriminatory conduct. *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1327 (1996); *Parks v. Bd. of Trustees of Cal. State Univ.*, No. 1:09CV1314AWIGSA, 2010 WL 1611136, at *3 (E.D. Cal. Apr. 20, 2010) ("[A] simple vicarious liability theory . . . is not cognizable under FEHA.").

9. Claims brought under 42 U.S.C. § 1982 are analyzed the same as FHA claims because "the same elements must be established in a fair housing action brought under [the FHA] as an action brought under [] § 1982 . . ." *Selden Apartments v. U.S. Dep't of Hous. & Urb. Dev.*, 785 F.2d 152, 159 (6th Cir. 1986). Additionally, § 1982—much like its companion civil rights statute § 1983—incorporates traditional tort and vicarious liability principles. "Statutes dealing with similar subjects should be interpreted harmoniously." *Jonah R. v. Carmona*, 446 F.3d 1000, 1007 (9th Cir. 2006) (citation omitted). Section 1983 claims sound in tort and must be evaluated in light of the "background of tort liability." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709 (1999). Under such a framework, a supervisor may be liable for a civil rights violation "only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister,* 734 F.3d 967, 977 (9th Cir. 2013).

10. Negligence—like any other tort claim—is governed by common law

LARSON
LOS ANGELES

6

DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

vicarious liability principles. As explained, those common law vicarious liability principles dictate that "[d]irectors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position, unless they participate in the wrong or authorize or direct that it be done." *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 595 (1970).

11. In the FHA context, "Punitive damages are limited 'to cases in which the [defendant] has engaged in intentional discrimination and has done so with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" *United States v. Space Hunters, Inc.*, 429 F.3d 416, 427 (2d Cir. 2005). To establish the requisite state of mind for an award of punitive damages, a plaintiff must show (1) that the defendant discriminated "in the face of a perceived risk that its actions . . . violate[d] federal law," or 2) that the defendant committed "egregious or outrageous acts" that "may serve as evidence supporting an inference of the requisite 'evil motive.'" *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536-38 (1999). Importantly, the conduct punished must have a specific nexus to plaintiff's harm. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003).

12. In order to recover punitive damages under FHA, Plaintiffs must establish the existence of an agency relationship between the discriminatory actor and Defendants before they can seek punitive damages based upon the agent's conduct. *Miller v. Apartments & Homes of New Jersey, Inc.*, 646 F.2d 101, 111 (3d Cir.1981) ("We hold an employer liable for punitive damages for the conduct of his agent [under the Fair Housing Act] when the record shows that he was, by action or knowledgeable inaction, involved in the wrongdoing ... or that he has authorized, ratified, or fostered the acts complained of.") (citations omitted).

LARSON
LOS ANGELES

7
DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Dated: March 6, 2023 LARSON LLP

By:    /s/ *Stephen G. Larson*
      Stephen G. Larson
      Jerry A. Behnke
      Andrew Beshai
      Jane Davidson
Attorneys for Defendants SWARANJIT (MIKE) NIJJAR ("NIJJAR") and DALJIT KLER

LARSON
LOS ANGELES

8
DEFENDANTS SWARANJIT ("MIKE") NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES