BRANCART & BRANCART
  Christopher Brancart (SBN 128475)
  *cbrancart@brancart.com*
  Elizabeth Brancart (SBN 122092)
  *ebrancart@brancart.com*
P.O. Box 686
Pescadero, CA 94060
Tel:   (650) 879-0141
Fax:  (650) 879-1103

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FAIR HOUSING COUNCIL OF RIVERSIDE COUNTY, INC., and JAMES BEASLEY,** <br><br> Plaintiffs, <br><br> vs. <br><br> **GROUP XIII PROPERTIES LP, GROUP XIII PROPERTIES, INC., SWARANJIT (MIKE) NIJJAR, ELISA VALERIO, DHA OPPORTUNITY 1, LP, DHA OPPORTUNITY 1, INC., and DALJIT KLER,** <br><br> **Defendants.** | Case 5:21-cv-00941-JGB-KK <br><br> **DECLARATION OF CHRISTOPHER BRANCART IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS SWARANJIT (MIKE) NIJJAR AND DALJIT KLER'S MOTION FOR SUMMARY JUDGMENT** <br><br> Hearing: <br> Date: April 17, 2023 <br> Time: 9:00 a.m. <br> Ctrm: Riverside, Courtroom 1 <br><br> Judge: Jesus G. Bernal |

I, Christopher Brancart, declare:

1. I am a member of the Bar of this Court and represent the plaintiffs in this action. I have personal knowledge regarding the following facts.

2. On December 27, 2021, plaintiffs served notice of taking the depositions of Swaranjit (Mike) Nijjar and Elisa Valerio set for dates in February 2022. Attached hereto as Exhibit 1 is a true and correct copy of that deposition notice.

3. On January 26, 2022, defense counsel informed plaintiffs that he was unavailable on the dates noticed in February. That same day, plaintiffs' counsel emailed defendants asking for new deposition dates. Attached hereto as Exhibit 2 is a true and correct copy of that email.

5. Having received no response, on February 16, 2022, plaintiffs' counsel wrote defendants asking for alternative deposition dates, but again none were provided. Attached hereto as Exhibit 3 is a true and correct copy of that letter to defense counsel.

6. On June 9, 2022, plaintiffs served their second notice of taking the depositions of Swaranjit (Mike) Nijjar and Elisa Valerio and of Daljit Kler, set for dates later in June. Attached hereto as Exhibit 4 is a true and correct copy of that deposition notice.

7. Defense counsel again stated that he was not available those dates. Plaintiffs' counsel again requested alternative dates, but none were ever provided. Attached hereto as Exhibit 5 is a true and correct copy of that email exchange.

8. On November 22, 2022, plaintiffs served their third notice of taking the deposition of Swaranjit (Mike) Nijjar, Daljit Kler, and Elisa Valerio set for dates in January. Attached hereto as Exhibit 6 is a true and correct copy of that deposition notice.

9. On November 26, 2022, plaintiffs' counsel attempted to confirm with defense counsel whether the January depositions scheduled in plaintiffs' third notice of taking depositions would proceed as noticed but did not receive a response. Attached hereto as Exhibit 7 is a true and correct copy of that email to defense counsel.

10. On January 3, 2023, plaintiffs' counsel contacted defense counsel to coordinate the filing of a Local Rule 37-2 stipulation in support of plaintiffs' motion to compel discovery. On January 6, 2023, the Friday before the week the noticed depositions were to commence, defense counsel informed plaintiffs'

1  counsel he would not be able to proceed with the depositions on the dates noticed
2  by plaintiffs.  Plaintiffs' counsel again requested alternate dates to conduct those
3  depositions but none have been provided.  Attached hereto as Exhibit 8 is a true
4  and correct copy of that email exchange.

5        11.    On January 8, 2023, plaintiffs' counsel requested available dates to
6  conduct defendants' depositions from defense counsel but none have been
7  provided.  Attached hereto as Exhibit 9 is a true and correct copy of that email sent
8  to defense counsel.

9        12.    To date, plaintiffs' counsel have not been provided with available
10  dates to conduct the previously noticed depositions of defendants.

11        13.    On July 30, 2022, Wayne Leech, attorney for defendants, responded
12  to plaintiffs' subpoena to produce documents served on Pro Management
13  Company, Inc.  At the same time, Mr. Leech served the named defendants'
14  discovery responses.  Attached hereto as Exhibit 10 is a true and correct copy of
15  Mr. Leech's email and subpoena response.

16        14.    In response to plaintiffs' subpoena request 1 –
17      Records sufficient to determine the full name of each person who has or
18      holds an ownership interest in PRO MANAGEMENT COMPANY, INC.,
19      dba Prop Management Company XIV, Inc. ("PRO MANAGMENT") since
20      January 1, 2018
21  – Mr. Leech objected on behalf of Pro Management and failed or refused to
22  produced responsive materials.

23        15.    In response to plaintiffs' subpoena request 2 –
24      Records sufficient to determine any common ownership interests between
25      PRO MANAGEMENT and any defendant in this action, including Group
26      XIII Properties, LP or Group XIII Properties, Inc. or Swaranjit (Mike) Nijjar
27      or DHA Opportunity 1, LP or DHA Opportunity 1, Inc., or Daljit Kler
28  – Mr. Leech objected on behalf of Pro Management and failed or refused to

1  produced responsive materials.

2  * * *

3  I declare under penalty of perjury under the laws of the United States that
4  the foregoing is true and correct.

5  Executed on March 24, 2023, at Pescadero, California.

7  /s/ Christopher Brancart