BRANCART & BRANCART
  Christopher Brancart (SBN 128475)
  *cbrancart@brancart.com*
  Elizabeth Brancart (SBN 122092)
  *ebrancart@brancart.com*
P.O. Box 686
Pescadero, CA 94060
Tel:   (650) 879-0141
Fax:   (650) 879-1103

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING  COUNCIL OF RIVERSIDE COUNTY, INC., and JAMES BEASLEY,<br><br>        **Plaintiffs,**<br><br>        **vs.**<br><br>GROUP XIII PROPERTIES LP, GROUP XIII PROPERTIES, INC., SWARANJIT (MIKE)  NIJJAR, ELISA VALERIO, DHA OPPORTUNITY 1, LP, DHA OPPORTUNITY 1, INC., and DALJIT KLER<br><br>        **Defendants.** | **Case 5:21-cv-00941-JGB-KK**<br><br>**PLAINTIFFS' STATEMENT OF GENUINE DISPUTES AND ADDITIONAL MATERIAL FACTS IN OPPOSITION TO DEFENDANTS NIJJAR AND KLER'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing:<br>Date: April 17, 2023<br>Time:  9:00 a.m.<br>Ctrm:  Riverside, Courtroom 1<br><br>Judge:  Jesus G. Bernal |

Pursuant to Local Rule 56-2, plaintiffs Fair Housing Council of Riverside County, Inc. and James Beasley submit this statement of genuine disputes in response to defendants Swaranjit (Mike) Nijjar and Daljit Kler's Separate Statement of Uncontroverted Facts and Conclusions of Law, Facts 1-420 (ECF 52.)

Immediately following the statement of genuine issues below is plaintiffs' statement of additional material facts in opposition to defendants' motion. Additional evidence and materials cited herein are filed herewith.

## PLAINTIFFS' STATEMENT OF GENUINE ISSUES

| Def.'s SUF No. | Fact | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| 1 | Defendant Elisa Valerio was employed by Pro Management, Inc. as the on-site property manager at Villa La Paz apartments, located at 675 S San Jacinto St, Hemet, CA 92543, between on or about January 1, 2020 and March 31, 2021. | Declaration of Defendant Elisa Valerio ¶ 2 | Undisputed. |
| 2 | Defendant Valerio met and communicated with Plaintiff James Beasley between on or about April 23, 2020 and May 12, 2020 in connection with Plaintiff James Beasley's rental application for a unit at Villa La Paz apartments. | Declaration of Defendant Elisa Valerio ¶ 3 | Undisputed. |
| 3 | Defendant Elisa Valerio never used a racial slur to describe Plaintiff James Beasley. | Declaration of Defendant Elisa Valerio ¶ 4 | Disputed. *Evidence:* Declaration of James Beasley ¶ 7. |

| Def.'s SUF No. | Fact | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| 4 | Plaintiff Beasley never paid the required security deposit and first month's rent to reserve the apartment. | Declaration of Defendant Elisa Valerio ¶ 5 | Undisputed that Beasley did not make those payments but disputed that that was why he was denied the apartment. *Evidence*: Beasley Dec. ¶¶ 2-11. |
| 5 | On May 8, 2020, Plaintiff Beasley asked Defendant Valerio to reserve the apartment with only the security deposit, which Defendant Valerio was not able to do. | Declaration of Defendant Elisa Valerio ¶ 6 | Undisputed that Beasley asked to reserve the apartment with the security deposit until it was ready to rent but disputed that that was why he was denied the apartment. *Evidence*: Beasley Dec. ¶¶ 2-11. |

| Def.'s SUF No. | Fact | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| 6 | Defendant Valerio never communicated with or received direction from Defendant Swaranjit (Mike) Nijjar or Defendant Daljit Kler related to Plaintiff Beasley or Plaintiff Beasley's application to rent a unit at Villa La Paz. | Declaration of Defendant Elisa Valerio ¶ 7; Declaration of Defendant Nijjar ¶ 8; Declaration of Defendant Kler ¶ 6 | Undisputed. |
| 7 | Neither Defendant Nijjar nor Defendant Kler were aware of Plaintiff Beasley's application for a rental unit at the Villa La Paz apartments at the time it was filed or reviewed. | Declaration of Defendant Nijjar ¶ 9; Declaration of Defendant Kler ¶ 7 | Undisputed. |
| 8 | Defendant Nijjar was President and Chief Executive Officer of a company called Group XIII Properties, Inc. from on or about May 19, 2014 to on or about April 27, 2022. | Declaration of Defendant Nijjar ¶ 2, Ex. 1 | Undisputed. |

| Def.'s SUF No. | Fact | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| 9 | Defendant Nijjar was also a Director of Group XIII Properties, Inc. from on or about May 3, 2019 to on or about April 27, 2022. | Declaration of Defendant Nijjar ¶ 3, Ex. 2 | Undisputed. |
| 10 | Defendant Nijjar resigned as CEO and Director of Group XIII Properties, Inc. on or about April 27, 2022. | Declaration of Defendant Nijjar ¶ 4, Ex. 3 | Undisputed that on April 27, 2022 Group XIII Properties, Inc. filed a Statement of Information with the California Secretary of State indicating that Michael Brown was the CEO, CFO, Secretary of Director of Group XIII Properties, Inc. (See ECF 51-1 at p.10.) |

| Def.'s SUF No. | Fact | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| 11 | Group XIII Properties, Inc. is the general partner of a property-holding limited partnership called Group XIII Properties, LP | Declaration of Defendant Nijjar ¶ 2, Ex. 1 | Undisputed. |
| 12 | Group XIII Properties, LP purchased the Villa La Paz apartments, located at 675 S San Jacinto St, Hemet, CA 92543, on or about November 27, 2018. | Declaration of Defendant Nijjar ¶ 5 | Undisputed. |
| 13 | In 2020, Group XIII Properties, LP owned 60 properties, and it did not—nor does it currently —perform any property management services or have any employees. | Declaration of Defendant Nijjar ¶ 6 | Undisputed. |
| 14 | Group XIII Properties, LP contracts with Pro Management, Inc. to perform property management services at many of its properties, including Villa La Paz apartments. | Declaration of Defendant Nijjar ¶ 6 | Undisputed. |

| Def.'s SUF No. | Fact | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| 15 | Group XIII Properties, LP transferred the Villa La Paz apartments to DHA Opportunity 1, LP | Declaration of Defendant Nijjar ¶ 7 | Undisputed that the public record maintained by the Riverside County Recorder's Office contains two deeds – one recorded on July 29, 2021 and one recorded on July 30, 2021 – purporting to transfer title of the Villa La Paz Apartments from Group XIII Properties, LP to DHA Opportunity 1, LP. *Evidence:* Exhs. 12-13 |

| Def.'s SUF No. | Fact | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| 16 | Daljit Kler has been President, Secretary, Treasurer, and Director of DHA Opportunity 1, Inc. since on or about May 3, 2019. | Declaration of Defendant Kler ¶ 2, Ex. 1 | Undisputed. |
| 17 | DHA Opportunity 1, Inc. is the general partner of a property holding limited partnership called DHA Opportunity 1, LP. | Declaration of Defendant Kler ¶ 3, Ex. 2 | Undisputed. |
| 18 | In 2020, DHA Opportunity 1, LP owned 20 properties, comprising 57 units, and it did not—no[r] does it currently—perform any property management services or have any employees. | Declaration of Defendant Kler ¶ 4 | Undisputed. |
| 19 | DHA Opportunity 1, LP contracts with Pro Management, Inc. to perform property management services at many of its properties, including Villa La Paz apartments. | Declaration of Defendant Kler ¶ 4 | Undisputed. |

| Def.'s SUF No. | Fact | Supporting Evidence | Plaintiffs' Response |
|---|---|---|---|
| 20 | DHA Opportunity 1, LP currently owns the Villa La Paz apartments. | Declaration of Defendant Kler ¶ 5 | Undisputed that the public record maintained by the Riverside County Recorder's Office contains deeds reflecting that title of the Villa La Paz Apartments is currently held in the name DHA Opportunity 1, LP. *Evidence:* Plaintiffs' Compendium Exhibits 12-13. |

//
//
//
//
//
//

## PLAINTIFFS' ADDITIONAL MATERIAL FACTS

| NO. | ADDITIONAL FACT | EVIDENCE |
|-----|-----------------|----------|
| | **James Beasley** | |
| 1. | In April 2020 plaintiff James Beasley ("Beasley") was looking for an apartment to rent in Hemet. He had already given his 30-day notice to his landlord and was anxious to find a new place. | Declaration of James Beasley ("Beasley Dec") filed herewith, ¶ 2. |
| 2. | Near the end of April 2020, Beasley made contact with defendant Elisa Valerio ("Valerio""), the manager of the Villa La Paz Apartments in Hemet.  Valerio told Beasley that she would have apartments available to rent during the first week of May. | Beasley Dec. ¶ 3; see also Daljit Kler response to plaintiffs' Request for Admission ("RFA"), attached as Exhibit 1 to the Exhibit Compendium filed herewith ("Compendium"), RFA Nos. 34-35 (ECF 60-1). |
| 3. | Beasley submitted an application for unit 12 along with the documents Valerio told him were required and a money order for the credit check. | Beasley Dec. ¶ 4; see also Daljit Kler response to RFA 36-37, Compendium Exhibit 1 (ECF 60-1). |
| 4. | On May 5, Valerio texted Beasley and told him that his application had been approved and that he could come see the apartment. Later that day Beasley went to the | Beasley Dec. ¶¶ 5-6; see also Daljit Kler response to RFA 38-39, Compendium Exhibit 1 (ECF 60-1). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
|  | Villa La Paz Apartments to meet with Valerio and inspect the available apartment. |  |
| 5. | Valerio showed Beasley the available apartment.  Valerio was accompanied by a man whom Beasley understood to be her husband. | Beasley Dec. ¶ 6. |
| 6. | Upon inspecting the apartment, Beasley saw that it was dirty and not in move-in condition.  There was trash on the floor and the carpet was dirty. | Beasley Dec. ¶ 7. |
| 7. | Beasley expressed concern to Valerio that the apartment was not ready and that various items needed cleaning or repair.  Valerio said the apartment would be ready by Saturday, May 9. | Beasley Dec. ¶ 7; see also Daljit Kler response to RFA 42-45, Compendium Exhibit 1 (ECF 60-1). |
| 8. | Valerio left the apartment before Beasley and joined her husband outside.  As Beasley was walking out of the unit he heard Valerio tell her husband, "This is why I don't like renting to n-----s; they are always complaining." | Beasley Dec. ¶ 7. |
| 9. | On the evening of May 6 or 7, | Beasley Dec. ¶ 8. |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
|  | Beasley returned to the Villa La Paz Apartments, but Valerio was not there.  Beasley looked into the windows of the apartment he had previously inspected and saw that its condition had not changed. |  |
| 10. | On Friday, May 8, Beasley texted Valerio and asked if Valerio had any apartments that were ready to rent.  Valerio replied, texting Beasley the address an apartment located at 145 N. Inez in Hemet.  Beasley knew that area and did not want to live there. | Beasley Dec. ¶ 9; see also Daljit Kler response to RFA 45-46 (unable to admit or deny), Compendium Exhibit 1 (ECF 60-1). |
| 11. | The Inez Street apartments were at that time owned by Sanwarjit Nijjar's son Michael Nijjar. | Swaranjit Nijjar's Response to Request for Admissions 54-55 attached as Compendium Exhibit 2. |
| 12. | Later on May 8, Beasley texted Valerio and asked if he could bring the $800 deposit for the La Paz apartment and pay the first month's rent when the apartment was ready for move-in.  Valerio replied that the apartment had been rented. | Beasley Dec. ¶ 10; see also Daljit Kler response to RFA 47-48 (unable to admit or deny), Compendium Exhibit 1 (ECF 60-1). |
| 13. | Beasley asked two friends to text Valerio to inquire about available | Beasley Dec. ¶ 11. |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| | apartments at the Villa La Paz. | |
| 14. | One friend texted Valerio on Monday, May 11, asking about apartments for rent at Villa La Paz; Valerio texted back that a unit was available. Later, that same day, Beasley texted Valerio asking if any apartments were available at Villa La Paz. Valerio replied that they had already been rented. | Beasley Dec. ¶ 11; see also Daljit Kler response to RFA 49 (unable to admit or deny), Compendium Exhibit 1 (ECF 60-1). |
| 15. | Another friend of Beasley texted Valerio on Tuesday, May 12, asking about apartments for rent at Villa La Paz; Valerio texted back that a unit was available. Later, that same day, Beasley texted Valerio asking if and when any apartments would be available at Villa La Paz. Valerio texted back that she did not have anything available. | Beasley Dec. ¶ 11. |
| 16. | Elisa Valerio was the employee of Pro Management Company when she was the manager of the Villa La Paz apartments during the period January 1, 2020 to March 3, 2021. | Daljit Kler response to plaintiffs' RFA No. 25-26, Compendium Exhibit 1 (ECF 60-1). |
| | | |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| | **Nijjar Family Businesses:  The Common Venture** | |
| | **Ownership and Coordination of Corporate Entities** | |
| 17. | Defendant Swaranjit "Mike" Nijjar ("Nijjar') obtained his real estate broker's license and incorporated Nijjar Realty, Inc. in the late 1970s and opened his business at 4900 Santa Anita Avenue in El Monte, California. | Deposition of Swaranjit Nijjar taken on April 5, 2011, in *Charles v. Mountain View Mobile Home Estates*, SB No. CIVDS 1004144, attached as Compendium Exhibit 3 at pp. 13:22-14:4, 24:12-24 (ECF 60-3). |
| 18. | As of 2011, the owners of Nijjar Realty, Inc. were Nijjar, his sister defendant Daljit Kler ("Kler") and Nijjar's three sons Sanjeet, Sabraj, and Michael Nijjar. | Deposition of Swaranjit Nijjar taken in *Charles v. Mountain View Mobile Home Estates*, at pp. 21:9-19, 25:14 - 26:4 (ECF 60-3). |
| 19. | As of 2011, Pama Management Company was a dba of Nijjar Realty, Inc. | Deposition of Swaranjit Nijjar taken in *Charles v. Mountain View Mobile Home Estates*, at pp. 29:11-19 (ECF 60-3). |
| 20. | Pama Management Company was responsible for managing the properties in which Nijjar had an ownership interest. | Deposition of Swaranjit Nijjar taken on May 24, 2019 in *Reina v. Group XIII Properties LP*, San Bernardino CIVDS1706045 attached as Compendium Exhibit 4 at pp. at 21:2-8 (ECF 60-4). |
| 21. | In 2015, Pama Management, Inc. | Deposition of Swaranjit Nijjar |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| | was formed as a separate corporation to separate Nijjar and Kler's purchase and sales activities from their property management activities. | taken in *Reina v. Group XIII Properties LP*, at pp. 21:2-23; Compendium Exhibit 76, at pp. 1-2 (ECF 60-76). |
| 22. | Nijjar is the majority shareholder of Pama Management, Inc.  There are four other shareholders. | Deposition of Swaranjit Nijjar taken in *Reina v. Group XIII Properties LP*, at pp. 9:14-10:5, Compendium Exhibit 4 (ECF 60-4) (instructed not to answer as to other four shareholders). |
| 23. | For several years, ending sometime in 2019, I E Rental Homes was a dba of Pama Management, Inc. | Deposition of Swaranjit Nijjar taken in *Reina v. Group XIII Properties LP*, Compendium Exhibit 4 at pp. 42:18-43:17 (ECF 60-4). |
| 24. | Both Nijjar and Kler are licensed real estate brokers. | Deposition of Swaranjit Nijjar taken in *Charles v. Mountain View Mobile Home Estates*, Compendium Exhibit 3 at pp. 13:22-14:4 (ECF 60-3); Deposition of Daljit Kler taken on May 24, 2019 in *Reina v. Group XIII Properties LP*, attached as Compendium Exhibit 75 at p. 90:5-12 (ECF 60-75); Exhibit A to Declaration of Elizabeth Brancart |

| NO. | ADDITIONAL FACT | EVIDENCE |
|-----|-----------------|----------|
|     |                 | filed herewith. |
|     |                 |          |
|     | **The Nijjar family controls its ownership and management of rental dwellings through limited partnership and corporations operated as a single, coordinated enterprise or venture.** | |
| 25. | In 2018, in his capacity as CEO and Chairman of the Board of Pama Management, Inc., Everet Miller ("Miller") submitted a declaration and was deposed in *Jones v. Group XIV BP Properties, LP*, San Bernardino Superior Court No. CIVDS1802102. | Deposition of Everet Miller taken on October 11, 2018 in *Jones v. Group XIV BP Properties, LP*, San Bernardino Superior Court No. CIVDS1802102 attached as Compendium Exhibit 5 at pp. 9:15-20, 34:21-23 (ECF 60-5); Declaration of Everet Miller, Exh. E to the Miller Deposition, attached as Compendium Exhibit 6 at ¶¶ 1-2 (ECF 60-6). |
| 26. | According to Miller's declaration, executed August 1, 2018, he was at the time, "the Chief Executive Officer and Chairman of the Board of PAMA Management, Inc" and "DJ Kler ("Kler") is the President and Chief Executive Officer of PAMA." | Compendium Exhibit 6, ¶¶ 1, 9 (ECF 60-6). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|-----|-----------------|----------|
| 27. | According to Miller's testimony at his deposition conducted on October 11, 2018:<br><br>The Nijjar family usually holds ownership of a real property through a limited partnership formed for that purpose. | Deposition of Everet Miller taken on October 11, 2018 in *Jones v. Group XIV BP Properties, LP*, at pp. 9:15-20, 9:21-11:4; 34:21-23; 40:4-13; 41:24-42:6, Compendium Exhibit 5 (ECF 60-5). |
| 28. | According to Miller's deposition testimony:<br><br>The general partner of the limited partnership is a corporation, usually with a name similar to that of the limited partnership.  The other partner is the Nijjar family trust. | Deposition of Everet Miller taken in *Jones v. Group XIV BP Properties, LP*, at pp. 35:21-25, 41:24-42:6, 43:23-44:2, Compendium Exhibit 5 (ECF 60-5). |
| 29. | According to Miller's deposition testimony:<br><br>The shareholders of the corporation serving as the general partner would also be members of the Nijjar family. | See, e.g., Deposition of Everet Miller taken in *Jones v. Group XIV BP Properties, LP*, at pp. 47:2-21, 40:4-41:8, Compendium Exhibit 5 (ECF 60-5). |
| 30. | According to Miller's deposition testimony:<br><br>Neither the limited partnership nor | Deposition of Everet Miller taken in *Jones v. Group XIV BP Properties, LP*, at pp. 40:4-17, Compendium Exhibit 5 (ECF 60- |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| | the corporation have employees. | 5). |
| 31. | According to Miller's deposition testimony:<br><br>The share of profits and losses of the limited partnership is usually 1 to 3% to the general partner corporation and the remainder to the trust. | Deposition of Everet Miller taken in *Jones v. Group XIV BP Properties, LP*, at pp. 42:7-17, 46:19-47:1, Compendium Exhibit 5 (ECF 60-5). |
| 32. | According to Miller:<br><br>As of 2018, in the normal course of business, there would be a Property Management Agreement between Pama and the limited partnership owning the property. | Deposition of Everet Miller taken in *Jones v. Group XIV BP Properties, LP*, at pp. 29:17-23, Compendium Exhibit 5 (ECF 60-5). |
| 33. | There are 188 active limited partnerships, limited liability companies and corporations sharing the address 4900 Santa Anita Avenue, El Monte, CA 91731, # 2B or #2C. | Brancart Dec. ¶ 33 and Compendium Exhibit 35 (ECF 60-35). |
| | | |
| | **Pama Management managed the Nijjar family's operations** | |
| 34. | Pama Management managed Nijjar properties throughout Southern | Daljit Kler taken on November 16, 2018 in *Jones v. Group XIV BP* |

| NO. | ADDITIONAL FACT | EVIDENCE |
|-----|-----------------|----------|
|     | California, with area divisions in El Monte, San Bernardino, Hemet, Riverside, Pomona, Palmdale, Sacramento, and Bakersfield. | *Properties, LP*, San Bernardino Superior Court No. CIVDS1802102, Compendium Exhibit 9 at pp. 42:7-21 (ECF 60-9). |
| 35. | Daljit Kler oversaw Pama Management's entire operations. She was assisted by her Chief of Staff Jesse Carrillo. | Deposition of Daljit Kler taken on November 16, 2018 in *Jones v. Group XIV BP Properties, LP*, Compendium Exhibit 9 at pp. 50:4-51:23 (ECF 60-9); Miller Declaration, Compendium Exhibit 6, ¶ 9 (ECF 60-6). |
| 36. | Pama Management employed resident managers at its properties who worked under area supervisors | Miller Declaration, Compendium Exhibit 6, ¶¶ 3-4 (ECF 60-6). |
| 37. | Pama Management area supervisors reported to Daljit Kler and she conducted meetings with them almost weekly. | Deposition of Daljit Kler taken on November 16, 2018 in *Jones v. Group XIV BP Properties, LP*, Compendium Exhibit 9 at 43:17-24 (ECF 60-9); Deposition of Daljit Kler taken on May 24, 2019 in *Reina v. Group XIII Properties LP*, attached as Compendium Exhibit 75 at pp. 11:22-25, 94:1-9 (ECF 60-75). |
| 38. | Kler also met with on-site managers, although less frequently. | Deposition of Daljit Kler taken on November 16, 2018 in *Jones v.* |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| | For instance, Kler regularly visited the Pama office in San Bernardino on Tuesdays and Thursday and sometimes attended the regularly scheduled managers' meeting when she was there. | *Group XIV BP Properties, LP*, Compendium Exhibit 9 at 80:4-18 (ECF 60-9). |
| 39. | Kler gives performance evaluations of supervisors with input from Sherri Wilson, Director of Human Resources for Pama Management, Inc. and I E Rental Homes, Inc. | Deposition of Daljit Kler taken on May 24, 2019 in *Reina v. Group XIII Properties LP*, Compendium Exhibit 75 at 95:13-96:2 (ECF 60-75); Declaration of Sherri Wilson, Compendium Exhibit 33, ¶ 1 (ECF 60-33). |
| 40. | Sherri Wilson is responsible for training and giving performance evaluations of property managers and for hiring, firing, and disciplining employees. | Deposition of Daljit Kler taken in *Jones v. Group XIV BP Properties, LP*, Compendium Exhibit 9 at pp. 44:18-45:3 (ECF 60-9); Deposition of Daljit Kler taken in *Reina v. Group XIII Properties LP*, Compendium Exhibit 75 at 94:13-96:2 (ECF 60-75). |
| | | |
| | **Nijjar and Kler quickly reorganize after the Department of Real Estate revokes Pama Management's real estate license** | |
| 41. | On March 22, 2019, the California | California Department of Real |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| | Department of Real Estate (DRE) revoked the real estate licenses of Nijjar Realty, Inc. and Everet Miller, the designated officer/broker of Pama Management, Inc. dba I E Rental Homes and Nijjar Realty Inc. | Estate licensing information, attached as Compendium Exhibit 7 (ECF 60-7); *In the matter of the Accusation of:  Nijjar Realty Inc, etc. et al.*, California Department of Real Estate Decision in case No. H-41000 LA, OAH No. 2018050393, affirmed *Miller v. Dep't of Real Est.*, 84 Cal. App. 5th 141 (2022), attached as Compendium Exhibit 45 (ECF 60-45). |
| 42. | On April 16, 2019, Jesse Carrillo filed Articles of Incorporation for Pro Management Company Inc. filed with the Nevada Secretary of State.  Jesse Carrillo was identified as president and director of the corporation. | Nevada Secretary of State documents attached as Compendium Exhibit 8 at pp. 3-4 (ECF 60-8). |
| 43. | On that same day, April 16, 2019, Jesse Carrillo filed Articles of Incorporation for Regency Management Inc. Equity Management Inc. Legacy Management Services Inc., Hightower Management Inc., Mobile Management Services Inc., | See Facts 121-147 below (citing Compendium Exhibits 46, 49, 52, 55, 58, 61, and 64). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
|  | Bridge Management Inc. and Golden Management Services Inc., with the Nevada Secretary of State. Jesse Carrillo was identified as the president and director of each of those corporations. |  |
| 44. | Group XIII Properties, LP, Group XIII Properties, Inc., DHA Opportunity 1, LP, DHA Opportunity 1, Inc., Golden Opportunity No. 17 LP, Pama Management, Inc., I E Rental Homes Inc., Pro Management Company, and the seven other management entities incorporated in Nevada all share the same address at 4900 Santa Anita Avenue, El Monte, CA 91731. | ECF 51-1 at pp. 5, 9; ECF 51-2 at p. 10; California Department of Real Estate license information attached as Compendium Exhibit 27 (ECF 60-27) and California Secretary of State Statement and Designation by Foreign Corporation attached as Compendium Exhibit 28 (ECF 60-28); Compendium Exhibits 47 at p. 7, p. 50 at p. 4, 53 at p. 6, 56 at p. 4, 59 at p. 4, 62 at p. 6, 64 at p. 8. |
|  | **The change in management of the Villa La Paz apartments was in name only** |  |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 45. | Properties once managed by Pama Management are now managed by companies with different names, although ownership and operation remains the same. | Declaration of LAPD Senior Lead Officer Carol Sawamura submitted in *State v. Group IX BP Properties, LP*, LA Superior Court No. 22STCV05624, ¶ 73, attached as Compendium Exhibit 41 (ECF 60-41). |
| 46. | When Elisa Valerio entered into a written agreement to become residential manager of the Villa La Paz apartments in February 2019, the agreement indicated that her employer was Pama Management, although defendants contend that her employer was I E rental Homes. | Daljit Kler response to plaintiffs' RFA No. 19-20 at Compendium Exhibit 1 (ECF 60-1); Valero employment file, Compendium Exhibit 31 at pp. 7-10 (ECF 60-31). |
| 47. | In February 2018, Valerio signed an acknowledgement that she had received a copy of the Pama Management Inc. Employee Handbook. | Compendium Exhibit 31 at pp. 3-6 (ECF 60-31). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 48. | On December 19, 2019, Ms. Valerio separated from I E Rental Homes because of "business closure" and executed an employment contract with Pro Management Company, Inc. virtually identical to the one she had executed earlier in the year with Pama Management/I E Rentals. | Daljit Kler response to plaintiffs' RFA No. 22, Compendium Exhibit 1 (ECF 60-1); Valerio employment file, Compendium Exhibit 31 at p. 2 (ECF 60-31); Compendium Exhibit 32, Residential Apartment Manager Agreement (ECF 60-32). |
| 49. | Valerio resigned from her position in March 2021. Although Valerio's employer was Pro Management, the form documenting her resignation on March 13, 2021 contains a line at the bottom of the form for "PAMA USE." | Compendium Exhibit 31 at p. 1 (ECF 60-31). |
| 50. | Sherri Wilson confirmed Valerio's resignation on April 1, 2021 as "Human Resources" for Pro Management. | Compendium Exhibit 31 at p. 11 (ECF 60-31). |
|  |  |  |
|  | **Ownership of the Villa La Paz Apartments follows the Nijjar family's standard ownership structure** |  |
| 51. | Since the formation of Group XIII | Group XIII Properties LP Limited |

| NO. | ADDITIONAL FACT | EVIDENCE |
| --- | --- | --- |
| | Properties LP in 2014, its general partner has been Group XIII Properties, Inc. | Partnership Agreement, Compendium Exhibit 10 (ECF 60-10). |
| 52. | Swaranjit Nijjar is the sole shareholder of Group XIII Properties, Inc. | ECF 51-1 at p. 7. |
| 53. | Since the formation of Group XIII Properties LP in 2014, its limited partner has been the Nijjar Family Trust (trustees Swaranjit (Mike) Nijjar and Patricia Nijjar. | Group XIII Properties LP Limited Partnership Agreement, Compendium Exhibit 10 at pp. 1-2, 24 (ECF 60-10). |
| 54. | The share of profits and losses of Group XIII Properties LP is split 99% to the limited partner and 1% to the general partner. | Group XIII Properties LP Limited Partnership Agreement, Compendium Exhibit 10 at p. 24 (ECF 60-10). |
| 55. | Since the formation of DHA Opportunity 1 LP in 2011, its general partner has been DHA Opportunity 1, Inc. | DHA Opportunity 1 LP Limited Partnership Agreement, Compendium Exhibit 11 (ECF 60-11). |
| 56. | Since at least May 3, 2019, Daljit Kler has been the sole shareholder of DHA Opportunity 1, Inc. | ECF 51-2 at p. 7. |
| 57. | Since the formation of DHA Opportunity 1 LP in 2011, its limited partner has been Daljit Kler. | DHA Opportunity 1 LP Limited Partnership Agreement, Compendium Exhibit 11 at pp. 1-2, 24 (ECF 60-11). |
| 58. | The share of profits and losses of | DHA Opportunity 1 LP Limited |

| NO. | ADDITIONAL FACT | EVIDENCE |
|-----|-----------------|----------|
|  | DHA Opportunity 1 LP is split 99% to the limited partner and 1% to the general partner. | Partnership Agreement, Compendium Exhibit 11 at p. 24 (ECF 60-11). |
|  |  |  |
|  | **Defendants their business as one Enterprise** |  |
|  | **Transfers of the Villa La Paz Apartments** |  |
| 59. | In a grant deed signed January 2, 2019, Group XIII Properties, LP purported to transfer title of 675 South San Jacinto Street in Hemet (the Villa La Paz Apartments) to DHA Opportunity 1, LP.  The grant deed was executed by Swaranjit Nijjar, President of Group XIII Properties, Inc., the general partner of Group XIII Properties, LP.  That grant deed was not recorded at that time. | January 2, 2019 Grant Deed attached as Compendium Exhibit 12 (ECF 60-12). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 60. | In a grant deed with a date of May 13, 2021, Group XIII Properties, LP purported to transfer title of 675 South San Jacinto Street in Hemet (the Villa La Paz Apartments) to DHA Opportunity 1, LP.  The grant deed was executed by Swaranjit Nijjar, President of Group XIII Properties, Inc., the general partner of Group XIII Properties, LP.  Although dated May 13, 2021, the deed was not notarized until July 13, 2021. | May 2021 Deed attached as Compendium Exhibit 13 (ECF 60-13). |
| 61. | That grant deed was recorded with the County of Riverside on July 29, 2021 (Doc. 2021-0454264) and indicated that the Documentary Transfer Tax was $0 because "[t]he Grantors and the Grantees in this conveyance are comprised of the same parties who continue to hold the same proportionate interest in the property R & T 11923(d)." | May 2021 Deed attached as Compendium Exhibit 13 (ECF 60-13). |
| 62. | Plaintiffs filed this action on June 2, 2021. | ECF 1 |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 63. | Plaintiffs served the summons and complaint on the office of the agent for service of process for defendants Group XIII Properties, Inc. and Group XIII Properties, LP on June 7, 2021. | ECF 10, 11 |
| 64. | The grant deed purporting to transfer the Villa La Paz Apartments from Group XIII Properties LP to DHA 1 Opportunity LP dated January 2, 2019, was recorded with the County of Riverside on July 30, 2021. That deed contains handwriting that it is a "Correction" grant deed" with an asterisk indicating that is "correcting transfer fee." | January 2019 Deed attached as Compendium Exhibit 12 (ECF 60-12). |
| 65. | The deed itself contains evidence that the original deed stated that $0 Documentary Transfer Tax was due because of an exemption, the nature of which is whited out. | January 2019 Deed attached as Compendium Exhibit 12 (ECF 60-12). |
| | | |
| | **Other Property Transfers** | |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 66. | In a grant deed dated August 17, 2016, Group XIII Properties, LP transferred the real property 1250 North "F" Street in San Bernardino APN 0145-232-23 to DHA Opportunity 1, LP.  The grant deed recorded with the County of San Bernardino on August 18, 2016 (Doc. 2016-0335479) indicated that the Documentary Transfer Tax was $0 because "[t]his conveyance confirms a change of name and the grantor and grantee are the same party R&T 11911." | August 2026 Grant Deed attached as Compendium Exhibit 14 (ECF 60-14). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 67. | In a grant deed dated October 13, 2017, Group XIII Properties, LP transferred the real property 421 N. San Jacinto Street, in Hemet APN 445-103-009-8 to DHA Opportunity 1, LP.  The grant deed recorded with the County of Riverside on November 17, 2017 (Doc. 2017-0483785) indicated that the Documentary Transfer Tax was $0 because "[t]his conveyance confirms a change of name and the grantor and grantee are the same party R&T 11911L." | October 2017 Grant Deed attached as Compendium Exhibit 15 (ECF 60-15). |
| 68. | In a grant deed dated July 10, 2015, Group XIII Properties, LP transferred the real property 24864 Eucalyptus Avenue in Moreno Valley APN 481-210-030-1 to DHA Opportunity 1, LP.  The grant deed recorded with the County of Riverside on July 14, 2015 (Doc. 2015-0306107) indicated that the Documentary Transfer Tax was $0 because "[t]his is a bonafide gift and the grantor received nothing in return, R &  11911." | July 2015 Grant Deed attached as Compendium Exhibit 16 (ECF 60-16). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|-----|-----------------|----------|
| 69. | On July 21, DHA Opportunity 1, LP executed a deed of trust on the property to secure a $900,000 loan. Swaranjit Nijjar signed as President of DHA Opportunity 1, Inc. the general partner of DHA Opportunity 1, LP. The deed of trust was recorded on July 31, 2015 (Doc. 2015-0342271). | July 2015 Deed of Trust attached as Compendium Exhibit 17 (ECF 60-17) |
| 70. | In a grant deed dated April 15, 2019, Group XIII Properties, LP transferred the real property 380 E. Nicolet in Banning APN 541-103-031 to DHA Opportunity 1, LP. The grant deed recorded with the County of Riverside on May 10, 2019 (Doc. 2019-0164108) indicated that the Documentary Transfer Tax was $0 because "[t]his is a bonafide gift and the grantor received nothing in return, R & 11911." | April 2019 Grant Deed attached as Compendium Exhibit 18 (ECF 60-18) |

| NO. | ADDITIONAL FACT | EVIDENCE |
|-----|-----------------|----------|
| 71. | On May 8, 2019, DHA Opportunity 1, LP executed a deed of trust on the property to secure a $1,560,000 loan.  Daljit Kler signed as President of DHA Opportunity 1, Inc. the general partner of DHA Opportunity 1, LP.  The deed of trust was recorded on May 10, 2019 along with the grant deed. | May 2019 Deed of Trust attached as Compendium Exhibit 19 (ECF 60-19). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|-----|----------------|----------|
| 72. | In a grant deed dated August 21, 2019, Golden Opportunity No. 17 LP transferred 1927 Eagle Mountain Road in San Bernardino to DHA Opportunity 1, LP.  The grant deed recorded with the County of San Bernardino on August 22, 2019 (Doc. 2019-0289982) indicated that the Documentary Transfer Tax was $0 because "[t]his conveyance changes the manner in which title is held, grantor(s) and grantee(s) remain the same and continue to hold the same proportionate interest, R & T 11911."  The grant deed was signed on behalf of Golden Opportunity No. 17 LP by "Sanjeet S. Nijjar, Partner." | August 2019 Grant Deed attached as Compendium Exhibit 20 (ECF 60-20). |
| 73. | On June 29, 2018, Golden Opportunity No 17 LP filed an Amendment to the Certificate of Limited Partnership with the California Secretary of State.  The amendment was signed by "Sanjeet Nijjar, President of Starlite Mgmt - V Inc., General Partner." | Golden Opportunity No. 17 LP filings with California Secretary of State attached as Compendium Exhibit 21 (ECF 60-21). |

| NO. | ADDITIONAL FACT | EVIDENCE |
| --- | --- | --- |
|  |  |  |
|  | **Management of the Villa La Paz Apartments** |  |
| 74. | On January 1, 2020, DHA Opportunity 1, LP entered into a Property Management Agreement with Pro Management Company Inc., a Nevada corporation [hereinafter referred to as "Pro Management Company"] to "rent, lease, operate and manage" the Villa La Paz apartments. | Daljit Kler response to plaintiffs' Request for Admission, attached as Compendium Exhibit 1, RFA Nos. 12-15; 2020 Management Agreement attached as Compendium Exhibit 29 (ECF 60-29). |
| 75. | Under the terms of the Property Management Agreement, DHA Opportunity 1, LP agreed to indemnify and hold harmless Pro Management Company from all liabilities, including those arising out of its management of the Villa La Paz Apartments. | Daljit Kler response to plaintiffs' RFA No. 16, attached as Compendium Exhibit 1 (ECF 60-1). |
| 76. | Under the terms of the Property Management Agreement, DHA Opportunity 1, LP was responsible for all of insurance, including general liability and worker's compensation insurance | Daljit Kler response to plaintiffs' RFA No. 17, attached as Compendium Exhibit 1 (ECF 60-1). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 77. | The Management Liability Coverage Binder indicates that Pama Management Inc. is the insured and is the "Parent Company" of Group XIII Properties LP and DHA Opportunity 1 LP (and others which defendants redacted). | EPLI Binder, attached as Compendium Exhibit 30 (ECF 60-30). |
| 78. | Under the terms of the Property Management Agreement, DHA Opportunity 1, LP agreed that "[Pro Management Company] may perform any of [Pro Management Company]'s duties through attorneys, agents, employees, or independent contractors. | Daljit Kler response to plaintiffs' RFA No. 18, Compendium Exhibit 1 (ECF 60-1). |
|  |  |  |
|  |  |  |
|  |  |  |
|  | **Defendants were on notice of problems in the management of their properties but have a culture knowledgeable inaction and reckless disregard** |  |
| 79. | As licensed real estate professionals, Nijjar and Kler knew or should have known their duties |  |

| NO. | ADDITIONAL FACT | EVIDENCE |
|-----|-----------------|----------|
|     | under FHA and California Real Estate Law | |
| 80. | Swaranjit Nijjar has given his sister Daljit Kler "100 percent control" of the operation of the management, repair and maintenance of all buildings under Pama Management's control. | Deposition of Swaranjit Nijjar taken on December 12, 2012 in *Jimenez v. Nijjar Realty, Inc. dba Pama Management Co,.Group XIII Properties LP*, Riverside County Superior Court Case No. RIC 1116447, attached as Compendium Exhibit 34, at pp. 34:6-38:8 (ECF 60-34). |
| 81. | Daljit Kler, Jesse Carrillo, Sherri Wilson and Everet Miller (while still with Pama) would be aware when a lawsuit was filed. | Deposition of Daljit Kler taken in *Reina v. Group XIII Properties LP*, Compendium Exhibit 75 at pp. 87:25-88:18, 89:4-11 (ECF 60-75). |
| 82. | In 2013, Inland Fair Housing and Mediation Board filed a housing discrimination complaint with HUD in Case 09-13-0229-8 alleging that Nijjar Realty, Inc., dba Pama Management Company, and its employees violated the Fair Housing Act by, *inter alia*, refusing to rent or offering less favorable rental terms to African Americans and firing resident managers who did not comply with that directive. | Compendium Exhibit 43 at pp. 1-4 (ECF 60-43). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|-----|-----------------|----------|
| 83. | In 2016, a disabled man sued Pama Management, Inc., Nijjar Realty, Inc., and Group XIII Properties, LP for violating the Fair Housing Act by wilfully refusing to make a reasonable accommodation. | *Lopez v. Pama Mgmt., Inc.*, No. 2:16-CV-9390-ODW-JCx, 2017 WL 4685009 (C.D. Cal. Oct. 17, 2017), attached as Compendium Exhibit 78 (ECF 60-78). |
| 84. | In 2019, PAMA Management Inc., I E Rental Homes Inc., Nijjar Realty Inc., among other Nijjar entities ("Respondents"), settled a housing discrimination complaint in HUD Case 09-18-2663-8.  Under that agreement, Respondents "agree[d] to comply with all the provisions of the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988. Respondents acknowledge[d] that the Fair Housing Act makes it unlawful to discriminate on the basis of race, color, national origin, religion, sex, familial status, or disability[.]"  Sherri Wilson signed the conciliation agreement on behalf of respondents. | Compendium Exhibit 44 (ECF 60-44). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 85. | Defendants have no written fair housing policy. | Brancart Dec. ¶ 68. |
| 86. | Notices of administrative civil penalties on properties levied by local government would be directed to Daljit Kler and it was her responsibility to handle them. | Everet Miller Depo., Compendium Exhibit 5 at pp. 72:2-74:3 (ECF 60-5). |
| 87. | Group XIII Properties LP, I E Rentals and Pama Management, Inc. have been sued on multiple occasions by tenants asserting habitability claims. | See, e.g., Complaints attached as Compendium Exhibit 36, Exhibit 37, and Exhibit 38 (ECF 60-36, 60-37, 60-38). |
| 88. | In 2022, the City of San Bernardino and County of San Bernardino recorded liens for nuisance abatement and fire hazard abatement on properties owned by Group XIII Properties LP and DHA Opportunity 1 LP. | Compendium Exhibit 39 and Exhibit 40 (ECF 60-39, 60-40). |
| 89. | Daljit Kler met on multiple occasions with LAPD representatives regarding nuisance issues at the Vanowen Apartments in Los Angeles.  LAPD's concerns were never addressed and the District Attorney eventually filed a nuisance abatement action. | Declaration of LAPD Senior Lead Officer Carol Sawamura submitted in *State v. Group IX BP Properties, LP*, LA Superior Court No. 22STCV05624, ¶¶ 74-76, 80(j), 83-85, attached as Compendium Exhibit 41 (ECF 60-41). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|-----|-----------------|----------|
|  |  |  |
|  | **Discriminatory housing practices continue** |  |
| 90. | On March 10, 2023, Joaquin Rodriguez came to the office of Fair Housing Council of Riverside County, Inc. and complained regarding Pro Management Company. | Declaration of Sara Tellez filed herewith, ¶ 8. |
| 91. | Joaquin Rodriguez was employed by Pro Management as a resident manager of the property located at 3533 Dwight Avenue in Riverside from August 2020 until March 2023. | Declaration of Joaquin Rodriguez filed herewith ("Rodriguez Dec.") ¶¶ 2-3. |
| 92. | During that time he reported to "Arlene" who worked out of the Pro Management Office.  She instructed Rodriguez that he should discourage African American rental applicants and favor Latino of white applicants. | Rodriguez Dec. ¶¶ 4-5. |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 93. | During his time as resident manager, Rodriguez met Daljit Kler and Sherri Wilson at the Pro Management office and attended at least one resident managers' meeting with Kler. | Rodriguez Dec. ¶¶ 6-7. |
| 94. | The property located at 3533 Dwight Avenue in Riverside was owned by Golden Opportunity No 14 LP from May 17, 2019 until June 15, 2022 when it transferred title to MLMZG 14 LP. | Printout from Riverside County Recorder's Office, Compendium Exhibit 66 (ECF 60-66). |
| 95. | Both Golden Opportunity 14 LP and MLMZG 14 LP are limited partnerships controlled by Michael Nijjar. | Printout from California Secretary of State website re Golden Opportunity 14 LP, Compendium Exhibit 67 (ECF 60-67); Printout from California Secretary of State website re Golden Opportunity 14 LP, Compendium Exhibit 68 (ECF 60-68). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| | **Defendants do not respect the corporate structure** | |
| 96. | Although Daljit Kler is president and never has been CEO or a Director of Pama Management, Inc., the July 2016 and August 2017 Statements of Information filed by Pama Management, Inc. with the Secretary of State were signed by Swaranjit Nijjar as "president" and identified Kler as a director, chief executive officer, and secretary. | Deposition of Daljit Kler taken on November 16, 2018 in *Jones v. Group XIV BP Properties, LP*, Compendium Exhibit 9, at pp. 20:21-21:1; 21:22-28:2, and Deposition Exhibits 4 and 5, attached as Compendium Exhibit 22 and Exhibit 23 (ECF 60-22 and 60-23).<br><br>See also Deposition of Everet Miller at pp. 15:7-16 attached as Compendium Exhibit 5. |
| 97. | The Statement of Information Pama Management, Inc. submitted to the Secretary of State in April 2018 identified Kler as the CEO, secretary, and Chief Financial Officer. She was not Chief Financial Officer. | Deposition of Daljit Kler taken on November 16, 2018 in *Jones v. Group XIV BP Properties, LP*, Compendium Exhibit 9 at pp. 28:5-23, and Deposition Exhibit 6, attached as Compendium Exhibit 24 (ECF 60-24). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 98. | The Statement of Information Pama Management, Inc. submitted to the Secretary of State in July 2018 was signed by Swaranjit Nijjar and identified him as the CEO, secretary and director.  He was none of these. | Deposition of Daljit Kler taken on November 16, 2018 in *Jones v. Group XIV BP Properties, LP*, Compendium Exhibit 9 at pp. 29:4-31:23, and Deposition Exhibit 7, attached as Compendium Exhibit 25 (ECF 60-25) |
| 99. | The Statement of Information Pama Management, Inc. submitted to the Secretary of State in August 2018, was signed by Daljit Kler as president, identified her as the secretary and director, Everet Miller as CEO, and Ryan Liu as CFO. | Deposition of Daljit Kler taken on November 16, 2018 in *Jones v. Group XIV BP Properties, LP*, Compendium Exhibit 9 at pp. 32:3-36:1; and Deposition Exhibit 8, attached as Compendium Exhibit 26 (ECF 60-26). |
| 100. | But Everet was the CFO, not Ryan Lui and Kler was not the director. | Kler Deposition in *Jones v. Group XIV BP Properties, LP*, Compendium Exhibit 9 at 34:13-35:21 |
| 101. | Kler executed the 2019 Corporate Statement of Information for Pama Management, Inc., filed with the California Secretary of State on May 20, 2019, identifying herself as President, Secretary, and a Director. | Compendium Exhibit 76 at pp. 3-4 (ECF 60-76). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|-----|-----------------|----------|
| 102. | Michel Brown, as Pama's Registered Agent, executed the 2022 Corporate Statement of Information for Pama Management, Inc., filed with the California Secretary of State on May 2, 2022, striking Kler as Secretary and listing Scott Brown as the sole officer and director and listing the corporate address as Nijjar and Kler's offices at 4900 Santa Anita Ave., Ste 2C, El Monte, CA 91731 ("El Monte Office"). Pama's 2023 Corporate Statement of Information, filed February 25, 2023, repeats the same information. | Compendium Exhibit 76 at pp. 5-8 (ECF 60-76). |
| 103. | I E Rental Homes, Inc., the dba of Pama Management, Inc. is another one of defedants' corporations. | Compendium Exhibit 77 at pp. 3-5 (ECF 60-77). |
| 104. | The first Corporate Statement of Information filed with the California Secretary of State for I E Rental Homes, Inc. was filed on September 20, 2022.  Like the 2022 Corporate Statement of Information | Compendium Exhibit 77 at pp. 6-9 (ECF 60-77). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| | filed for Pama, it strikes Kler as Secretary, lists the El Monte Office, but names Michael (not Scott) Brown as the sole officer and director.  I E Rental Homes 2023 Corporate Statement of Information, filed February 21, 2023, repeats the same information. | |
| | | |
| | **Valerio's refusal to rent to James Beasley was in the course and scope of her duties as resident manager** | |
| 105. | While she was employed by Pro Management Company as manager of the Villa La Paz apartments, one of Elisa Valerio's duties was responding to inquiries by persons seeking information regarding apartments available for rent at the Villa La Paz apartments. | Daljit Kler response to plaintiffs' RFA No. 27, Compendium Exhibit 1 (ECF 60-1). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|-----|-----------------|----------|
| 106. | While she was employed by Pro Management Company as manager of the Villa La Paz apartments, one of Elisa Valerio's duties was to communicate with prospective tenants regarding whether or not apartments were currently available to rent. | Daljit Kler response to plaintiffs' RFA No. 28, Compendium Exhibit 1 (ECF 60-1). |
| 107. | While she was employed by Pro Management Company as manager of the Villa La Paz apartments, one of Elisa Valerio's duties was to communicate with prospective tenants regarding whether or not apartments would be available to rent in the future. | Daljit Kler response to plaintiffs' RFA No. 29, Compendium Exhibit 1 (ECF 60-1). |
| 108. | While she was employed by Pro Management Company as manager of the Villa La Paz apartments, one of Elisa Valerio's duties was providing rental applications to prospective tenants. | Daljit Kler response to plaintiffs' RFA No. 30, Compendium Exhibit 1 (ECF 60-1). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|-----|-----------------|----------|
| 109. | While she was employed by Pro Management Company as manager of the Villa La Paz apartments, one of Elisa Valerio's duties was providing prospective tenants with instructions on how to submit a rental application. | Daljit Kler response to plaintiffs' RFA No. 31, Compendium Exhibit 1 (ECF 60-1). |
| 110. | While she was employed by Pro Management Company as manager of the Villa La Paz apartments, one of Elisa Valerio's duties was showing apartments to prospective tenants. | Daljit Kler response to plaintiffs' RFA No. 32, Compendium Exhibit 1 (ECF 60-1). |
| 111. | While she was employed by Pro Management Company as manager of the Villa La Paz apartments, Elisa Valerio had authority to refer prospective tenants to other properties managed by Pro Management Company with apartments available to rent. | Daljit Kler response to plaintiffs' RFA No. 33, Compendium Exhibit 1 (ECF 60-1). |
|  |  |  |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| | **Evidence of centralized coordination and control of joint venture by Nijjar and Kler** | |
| | | |
| | **Scott Steven Brown, Defendants' Designated Licensed Officer** | |
| 112. | Scott Steven Brown has been a real estate broker, licensed by the Department of Real Estate (DRE), since January 27, 2005. | Compendium Exhibit 72 (ECF 60-72). |
| 113. | The DRE lists Brown's mailing address and main office as 2234 E. Colorado Blvd., 3rd Floor, Pasadena, CA 91107 | Id. |
| 114. | Scott Steven Brown served as the licensed designated corporate officer of I E Rental Homes, Inc. between March 22, 2019 and March 8, 2022.  Kler served as I E Rental Home, Inc.'s designated officer broker between March 8 and August 1, 2022.  Prior to March 22, 2019, Everet Miller was I E Rental Homes' designated officer broker. | Compendium Exhibit 73 (ECF 60-73). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 115. | Brown also served as the licensed designated corporate officer of Pama Management, Inc. between March 22, 2019 and August 1, 2022.  Kler served as Pama's licensed designated corporate officer during that same period. Nijjar served as Pama's broker associate between November 11, 2019 and October 28, 2021. | Compendium Exhibit 74 (ECF 60-74). |
| | | |
| | **Defendants Transplant their Real Estate Companies to Nevada in April 2019** | |
| | **Pro Management Company** | |
| 116. | On April 16, 2019, Pro Management Company filed its Initial/Annual List of Officers and Directors for the period April 2019 to April 2020, listing Jesse Carrillo as President and Director, Chris Dumayas, as Secretary, and Ryan Lui, as Treasurer.  Scott Steven Brown was not listed as an officer or director of the corporation. | Compendium Exhibit 8 at p. 4 (ECF 60-8). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 117. | Pro Management Company, Inc. filed an Annual or Amended List of Officers with the Nevada Secretary of State on February 5, 2000, January 31, 2021, December 14, 2021, and January 31, 2022. None lists Scott Steven Brown as an officer of the corporation. | Compendium Exhibit 8 at pp. 6-13 (ECF 60-8). |
| 118. | Pro Management Company, Inc. has filed two Statements of Information with the California Secretary of State doing business as Pro Management Company XIV, Inc. Its April 28, 2020 statement lists Chris Dunayas, Jesse Carrillo, and Michael Brown as corporate officers; its December 15, 2021 statement lists Michael Brown as the sole officer. Neither statement identifies Scott Steven Brown as an officer of the corporation. | Compendium Exhibit 28 (ECF 60-28). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|-----|-----------------|----------|
| 119. | On August 22, 2019, the California DRE issued a corporate real estate license to Pro Management Company XIV, Inc. listing its designated licensed corporate officer as Scott Steven Brown and its main office as 4900 Santa Anita Ave., 2C, El Monte, CA 91731. | Compendium Exhibit 27 (ECF 60-27). |
| | **Regency Management Inc.** | |
| 120. | On April 16, 2019, Regency Management Inc. filed its articles of incorporation with the Nevada Secretary of State. | Compendium Exhibit 46 (ECF 60-46). |
| 121. | Since its incorporation in Nevada, Regency Management Inc. has listed its corporate officers in filings with the Nevada Secretary of State as Jesse Carrillo, Chris Dumayas, and Michael Brown. Scott Steven Brown has never been listed as an officer of the corporation. | Compendium Exhibit 46 (ECF 60-46). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 122. | Regency Management Inc. has filed two Corporate Statements of Information with the California Secretary of State doing business as Regency Management Inc. 49.  Its April 22, 2020 statement lists Chris Dumayas, Jesse Carrillo, and Michael Brown as officers; its December 15, 2021 statement lists Jesse Carrillo as the sole officer. Neither statement identifies Scott Steven Brown as an officer of the corporation. | Compendium Exhibit 47 (ECF 60-47). |
| 123. | On August 28, 2019, the California DRE issued a corporate real estate license to Regency Management Inc. 49, listing its designated licensed corporate officer as Scott Steven Brown. | Compendium Exhibit 48 (ECF 60-48). |
| | **Equity Management Inc** | |
| 124. | On April 16, 2019, Equity Management Inc. filed its articles of incorporation with the Nevada Secretary of State. | Compendium Exhibit 49 (ECF 60-49). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 125. | Since its incorporation in Nevada, Equity Management Inc. has listed its corporate officers in filings with the Nevada Secretary of State as Jesse Carrillo, Chris Dumayas, Michael Brown, Ryan Lui, Jiahong Liu and Michael Nijjar.  Scott Steven Brown has never been listed as an officer of the corporation. | Compendium Exhibit 49 at pp. 2-8 (ECF 60-49). |
| 126. | Equity Management Inc. has filed two Corporate Statements of Information with the California Secretary of State.   Its January 10, 2023 statement lists Michael Brown as the sole officer; its February 27, 2023 statement lists Jesse Carrillo as the sole officer.   Neither statement identifies Scott Steven Brown as an officer of the corporation. | Compendium Exhibit 50 (ECF 60-50). |
| 127. | On August 20, 2019, DRE issued a corporate real estate license to Equity Management Inc., listing its designated licensed corporate officer as Scott Steven Brown. | Compendium Exhibit 51 (ECF 60-51). |
| | **Legacy Management Services Inc.** | |

-52-

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 128. | On April 16, 2019, Legacy Management Services Inc. filed its articles of incorporation with the Nevada Secretary of State. | Compendium Exhibit 52 (ECF 60-52). |
| 129. | Since its incorporation in Nevada, Legacy Management Services, Inc. has listed its corporate officers in filings with the Nevada Secretary of State as Jesse Carrillo, Michael Brown, and Ryan Lui.  Scott Steven Brown has never been listed as an officer of the corporation. | Compendium Exhibit 52 at pp. 2-8 (ECF 60-52). |
| 130. | Legacy Management Services Inc. has filed two Corporate Statements of Information with the California Secretary of State, doing business as Legacy Management Services Inc. XLVII.  Its February 4, 2020 statement listed Jesse Carrillo, Michael Brown, and Ryan Lui as officers; its December 15, 2021 statement lists Michael Brown as the sole officer.  Neither statement identifies Scott Steven Brown as an officer of the corporation. | Compendium Exhibit 53 (ECF 60-53). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 131. | On August 19, 2019, DRE issued a corporate real estate license to Legacy Management Services Inc. XLVII, listing its designated licensed corporate officer as Scott Steven Brown. | Compendium Exhibit 54 (ECF 60-54). |
| | **Hightower Management Inc** | |
| 132. | On April 16, 2019, Hightower Management Inc. filed its articles of incorporation with the Nevada Secretary of State. | Compendium Exhibit 55 (ECF 60-55). |
| 133. | Since its incorporation in Nevada, Hightower Management Inc. has listed its corporate officers in filings with the Nevada Secretary of State as Jesse Carrillo, Chris Dumayas, Michael Brown, and Ryan Lui.   Scott Steven Brown has never been listed as an officer of the corporation. | Compendium Exhibit 55 at pp. 1-5 (ECF 60-55). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 134. | Hightower Management Inc. has filed two Corporate Statements of Information with the California Secretary of State.  Both were filed on January 10, 2023; one lists Jesse Carrillo as the sole officer; the other lists Michael Brown as the sole officer.  Neither statement identifies Scott Steven Brown as an officer of the corporation. | Compendium Exhibit 56 (ECF 60-56). |
| 135. | On August 20, 2019, DRE issued a corporate real estate license to Hightower Management Inc., listing its designated licensed corporate officer as Scott Steven Brown. | Compendium Exhibit 57 (ECF 60-57). |
|  | **Mobile Management Services Inc.** |  |
| 136. | On April 16, 2019, Mobile Management Services Inc. filed its articles of incorporation with the Nevada Secretary of State. | Compendium Exhibit 58 (ECF 60-58). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 137. | Since its incorporation in Nevada, Mobile Management Services Inc. has listed its corporate officers in filings with the Nevada Secretary of State as Jesse Carrillo, Chris Dumayas, Michael Brown, and Ryan Lui.   Scott Steven Brown has never been listed as an officer of the corporation. | Compendium Exhibit 58 at pp. 3-5 (ECF 60-58.) |
| 138. | Mobile Management Services Inc. has filed two Corporate Statements of Information with the California Secretary of State.  Both were filed on January 10, 2023; one lists Jesse Carrillo as the sole officer; the other lists Michael Brown as the sole officer.  Neither statement identifies Scott Steven Brown as an officer of the corporation. | Compendium Exhibit 59 (ECF 60-59). |
| 139. | On August 20, 2019, DRE issued a corporate real estate license to Mobile Management Services Inc., listing its designated licensed corporate officer as Scott Steven Brown. | Compendium Exhibit 60 (ECF 60-60.) |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| | **Bridge Management Inc.** | |
| 140. | On April 16, 2019, Bridge Management Inc. filed its articles of incorporation with the Nevada Secretary of State. | Compendium Exhibit 61 (ECF 60-61). |
| 141. | Since its incorporation in Nevada, Bridge Management Inc. has listed its corporate officers in filings with the Nevada Secretary of State as Jesse Carrillo, Michael Brown, Chris Dumayas, and Ryan Lui. Scott Steven Brown has never been listed as an officer of the corporation. | Compendium Exhibit 61 (ECF 60-61). |
| 142. | Bridge Management Inc. has filed two Corporate Statements of Information with the California Secretary of State, doing business as Bridge Management XIII. Its December 15, 2021 statement listed Michael Brown as the sole officer; its December 20, 2021 statement also lists Michael Brown as the sole officer.  Neither statement identifies Scott Steven Brown as an officer of the corporation. | Compendium Exhibit 62 (ECF 60-62). |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 143. | On August 22, 2019, DRE issued a corporate real estate license to Bridge Management XIII, listing its designated licensed corporate officer as Scott Steven Brown. | Compendium Exhibit 63 (ECF 60-63). |
| | **Golden Management Services Inc** | |
| 144. | On April 16, 2019, Golden Management Services Inc. filed its articles of incorporation with the Nevada Secretary of State. | Compendium Exhibit 64 (ECF 60-64). |
| 145. | Since its incorporation in Nevada, Golden Management Services has listed its corporate officers in filings with the Nevada Secretary of State as Jesse Carrillo, Chris Dumayas, Michael Brown, Ryan Lui, and Michael Nijjar.  Scott Steven Brown has never been listed as an officer of the corporation. | Compendium Exhibit 64 at pp. 2-9 (ECF 60-64). |
| 146. | Golden Management Services Inc. does business in California as Golden Managment Sevices XLIX, Inc. | Compendium Exhibit 65 (ECF 60- |
| | | |

| NO. | ADDITIONAL FACT | EVIDENCE |
|-----|-----------------|----------|
|  | **Complaints to the Fair Housing Council of Riverside County** |  |
| 147. | The Fair Housing Council of Riverside has received a multitude of complaints or requests for services from tenants or rental applicants regarding properties managed by Pro Management Company, Pama Management and I E Rental Homes. | Declaration of Sarah Tellez filed herewith, ¶¶ 1-7. |
| 148. | In the years 2019, 2020, 2021 and 2022, the Fair Housing Council received 366 such calls, 17 of which concerned complaints of housing discrimination. | Declaration of Sara Tellez, ¶¶ 4-7. |
|  |  |  |
| 149. | Defendants Nijjar and Kler have for years relied on their positions as corporate officers to deflect liability. | See, e.g., Declaration of Everet Miller attached as Compendium Exhibit 6 at ¶¶ 9-10 (ECF 60-6), and declarations filed in this action, ECF 51-1 and 51-2. |

| NO. | ADDITIONAL FACT | EVIDENCE |
|---|---|---|
| 150. | That argument has been successful. | See, e.g., *In the matter of the Accusation of:  Nijjar Realty Inc, etc. et al.*, California Department of Real Estate Decision in case No. H-41000 LA, OAH No. 2018050393, attached as Compendium Exhibit 45 at pp. 2-4, 29-30 (ECF 60-45); Order re Motion for Preliminary Injunction in *State v. Group IX BP Properties, LP*, LA Superior Court No. 22STCV05624, attached as Compendium Exhibit 42 at pp. 8, 13, 14 (ECF 60-42). |
| 151 | In 2017, FHCRC entered into a settlement agreement with I E Rental Homes, signed by Sherri Wilson, to resolve a fair housing complaint filed with the Department of Fair Employment and Housing. | Exhibit B to Declaration of Elizabeth Brancart filed herewith. |
| 152 | In that agreement I E Rental Homes acknowledged it "affirmative duty under the Fair Employment and Housing Act (FEHA) not to discriminate. | Exhibit B, Agreement, p. 3. |

1   Dated:  March 27, 2023.

2                           BRANCART & BRANCART

3                           */s/ Elizabeth Brancart*
                            Elizabeth Brancart
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

    Pursuant to Rule 5 of the Federal Rules of Civil Procedure, on March 27, 2023, I served by email via ECF a copy of the attached document –**PLAINTIFFS'**

3

**STATEMENT OF GENUINE DISPUTES AND ADDITIONAL MATERIAL FACTS IN OPPOSITION TO DEFENDANTS NIJJAR AND KLER'S**

4

**MOTION FOR SUMMARY JUDGMENT** – on the following attorneys:

5

6

Wayne Leech
Law Office of Wayne D. Leech

7

11001 Main Street, Suite 200
El Monte, CA 91731

8

*wayne@leechlaw.com*

Stephen Larson
Jerry Behnke
Jane Davidson
Larson LLP
555 S. Flower Street, Suite 4400
Los Angeles, CA 90071

9

*slarson@larsonllp.com*
*jbehnke@larsonllp.com*

10

*jdavidson@larsonllp.com*

11

12

*/s/Elizabeth Brancart*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28