Stephen G. Larson (SBN 145225)
slarson@larsonllp.com
Jerry A. Behnke (SBN 180462)
jbehnke@larsonllp.com
Andrew Beshai (SBN 308030)
abeshai@larsonllp.com
Jane Davidson (SBN 326547)
jdavidson@larsonllp.com
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Attorneys for Defendants SWARANJIT
(MIKE) NIJJAR and DALJIT KLER

Wayne Leech (SBN 97676)
wayne@leechlaw.com
LAW OFFICE OF D. WAYNE LEECH, APC
11001 Main Street, Suite 200
El Monte, California 91731
Telephone: (66) 443-0061
Fax: (626) 443-1165

Attorneys for Defendants SWARANJIT
(MIKE) NIJJAR and DALJIT KLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| FAIR HOUSING COUNCIL OF RIVERSIDE COUNTY, INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> GROUP XIII PROPERTIES L.P., et al., <br><br> Defendants. | Case No. 5:21-cv-00941 JGB (KKx) <br><br> **DEFENDANTS SWARANJIT (MIKE) NIJJAR AND DALJIT KLER'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** <br><br> [*Filed concurrently with Response to Plaintiffs' Additional Material Facts; Evidentiary Objections to Plaintiffs' Compendium of Exhibits and Declarations; Opposition to Plaintiffs' RJN*] <br><br> Date: April 17, 2023 <br> Time: 9:00 a.m. <br> Crtrm.: Riverside, Courtroom 1 <br> Judge: Jesus G. Bernal <br> Trial Date: September 19, 2023 |

LARSON
LOS ANGELES

DEFENDANTS' REPLY ISO MOTION FOR SUMMARY JUDGMENT

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT ........................................................................................................2

    A.    Plaintiffs Do Not Dispute That Defendants Nijjar and Kler Never Participated In or Ratified the Alleged Conduct .............................................2

    B.    Individual Defendants Nijjar and Kler Cannot Be Held Personally Liable Under A Joint Venture Or Enterprise Theory of Liability .............................4

    C.    Defendants Nijjar and Kler Are Not Directly Liable Under a Pattern or Practice Theory of Liability..............................................................................6

    D.    Defendants Nijjar and Kler Are Not Vicariously Liable As Alter Egos ........8

    E.    Defendants Nijjar and Kler Are Not Liable for Punitive Damages................9

III. CONCLUSION ..................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Orr v. Bank of Am., NT & SA*,
　285 F. 3d 764 (9th Cir. 2002) ............................................................................. 7

*Akhtarshad v. City of Corona*,
　No. EDCV 08–290–VAP, 2009 WL 362130 (C.D. Cal. Feb. 10,
　2009) .................................................................................................................. 4

*Blackfoot v. Mijares*,
　No. CV 07–6044–JVS (PJW), 2011 WL 3477024 (C.D. Cal. June
　27, 2011) ............................................................................................................ 4

*Celotex Corp. v. Catrett*,
　477 U.S. 317 (1986) ....................................................................................... 4, 9

*Doe I v. Unocal Corp.*,
　395 F. 3d 932 (9th Cir. 2002) ............................................................................. 6

*Doe I v. Unocal Corp.*,
　395 F. 3d 978 (9th Cir. 2003) ............................................................................. 6

*F.T.C. v. Network Servs. Depot, Inc.*,
　617 F. 3d 1127 (9th Cir. 2010) ........................................................................... 5

*Fed. Trade Comm'n v. Cardiff*,
　No. EDCV-18- 2104-DMG-PLAx, 2020 WL 6540509 (C.D. Cal.
　Oct. 9, 2020) ...................................................................................................... 5

*Harris v. Vanderburg*,
　584 F. Supp. 3d 82 (E.D.N.C. 2022) .................................................................. 7

*Johnson v. City of Los Angeles*,
　No. CV 14-5848 DMG (Ex), 2015 WL 12806460 (C.D. Cal. Oct.
　13, 2014) ............................................................................................................ 8

*Lopez v. Pama Management, Inc.*,
　No. 2:16-CV-9390-ODW-JCx (C.D. Cal.) ........................................................ 8

*Marez v. Bassett*,
  No. CV 06-0118 ABC (RCX), 2011 WL 13213813 (C.D. Cal. Oct. 3, 2011) ................................................................................................................. 8

*Meyer v. Holley*,
  537 U.S. 280 ............................................................................................................. 2

*Miller v. Apartments & Homes of New Jersey, Inc.*,
  646 F. 2d 101 (3d Cir. 1981) ................................................................................. 10

*Nichia Am. Corp. v. Seoul Semiconductor Co., Ltd.*,
  No. CV 07-8354 PA, 2008 WL 11342571 (C.D. Cal. Oct. 7, 2008) ................... 7

*Shanghai Automation Instrument Co. v. Kuei*,
  194 F. Supp. 2d 995 (N.D. Cal. 2001) .................................................................... 9

**California Cases**

*Filet Menu, Inc. v. C.C.L. & G., Inc.*,
  79 Cal. App. 4th 852 (2000) ............................................................................. 2, 3

*Highland Springs Conf. & Training Ctr. v. City of Banning*,
  244 Cal. App. 4th 267 (2016) ................................................................................. 9

**Other State Cases**

*Charles v. Mountain View Mobile Home Estates*,
  SB No. CIVDS 1004144 ........................................................................................ 8

*Reina v. Group XIII Properties LP*,
  SB No. CIVDS 1706045 ........................................................................................ 8

**Federal Statutes**

15 U.S.C.
  § 45(a) ..................................................................................................................... 5

42 U.S.C.
  § 1982 ...................................................................................................................... 2

Fair Housing Act ........................................................................................................ 7

Federal Trade Commission Act ................................................................................. 5

FTC Act ...................................................................................................................... 5

**California Statutes**

Cal. Code Regs.
 § 12010(a)(1)(B) ................................................................................... 1, 6, 8

**Other Authorities**

24 C.F.R. § 100.7(a)(1)(ii) ........................................................................... 1, 6

DEFENDANTS' REPLY ISO MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Defendants Swaranjit (Mike) Nijjar and Daljit Kler moved for summary judgment on a very narrow issue: as a matter of law, Nijjar and Kler are not liable for Elisa Valerio's alleged discriminatory conduct because neither personally participated in, directed, authorized, or ratified Valerio's conduct. Plaintiffs do not dispute this.

Instead, Plaintiffs put forth a series of arguments—premised on a summary of irrelevant corporate structures—none of which respond to the issues raised in Defendants' Motion, and all of which are legally and factually flawed. First, Plaintiffs spend the majority of their Opposition discussing general principles of joint venture/enterprise liability in a half-hearted attempt to establish that the defendant *entities* were part of a joint enterprise. But that argument fails from the start because it has nothing to do with whether the *individual* defendants could ever be liable for Valerio's conduct.

Next, Plaintiffs argue in the alternative that Nijjar and Kler are directly liable pursuant to regulations 24 C.F.R. § 100.7(a)(1)(ii) and 2 Cal. Code Regs. § 12010(a)(1)(B), both of which require an agency relationship. However, that argument also fails because Plaintiffs fail to submit any evidence of an agency relationship between Nijjar and Kler and Valerio.

Finally, Plaintiffs unsuccessfully try to establish liability based on an alter ego theory. Plaintiffs claim that Nijjar and Kler are liable for Valerio's conduct because they are alter egos of Group XIII Properties, LP and DHA Opportunity 1, LP. That argument is completely misplaced. It is undisputed that Valerio is an employee of Pro Management, a completely separate entity. Thus, any alter ego theory would need to be based on a showing that Nijjar and Kler are the alter egos of Pro Management— an argument entirely absent from Plaintiffs' Opposition.

In short, the undisputed facts show that Nijjar and Kler had never met or communicated with Valerio. It is also undisputed that neither Nijjar nor Kler ever communicated with or provided direction to Valerio related to Plaintiff Beasley and,

in fact, were never even aware of his rental application. There is simply no basis to hold Nijjar and Kler individually liable for Valerio's conduct. Accordingly, and as stated in more detail below, each of Plaintiffs' arguments should be rejected and Defendants' Motion for Summary Judgment should be granted.

## II. ARGUMENT

### A. Plaintiffs Do Not Dispute That Defendants Nijjar and Kler Never Participated In or Ratified the Alleged Conduct

As an initial matter, Plaintiffs wholly fail to put forth any evidence that Nijjar and Kler personally participated in, directed, authorized, or ratified any of the alleged conduct. It is well established that "[d]irectors and officers of a corporation are not rendered personally liable for its torts merely because of their official positions, but may become liable if they directly ordered, authorized, or participated in the tortious conduct." *Filet Menu, Inc. v. C.C.L. & G., Inc.*, 79 Cal. App. 4th 852, 866 (2000). Plaintiffs do not challenge this well-settled law or that it applies to each of the claims brought in this lawsuit. ECF No. 51 [Mot.] at 13-15 (summarizing caselaw holding that traditional common law vicarious liability principles apply to the FHA, FEHA, 42 U.S.C. § 1982, and negligence); ECF No. 61 [Opp.] at 9-10. Indeed, none of the cases discussed in Defendants' Motion are addressed, let alone cited, in Plaintiffs' Opposition (other than a fleeting reference to *Meyer v. Holley*). Here, Plaintiffs offer no evidence that the companies in which Nijjar and Kler hold positions (Group XIII Properties, LP and DHA Opportunity 1, LP) committed any tortious act, much less evidence that Nijjar and Kler should be individually liable.

As Defendants explained in their Motion, Plaintiffs' entire case attributes the alleged discrimination to a sole employee, Valerio, who worked for Pro Management—a company where neither defendant serves as an officer or director. ECF No. 51 [Mot.] at 16. Rather, Nijjar and Kler's companies entered into a contract with Pro Management, in which Pro Management would provide property management services to various properties. Neither Group XIII Properties, LP or

DHA Opportunity 1, LP provide management services, including to the property at issue. *Id.* In addition, both Nijjar and Kler's sworn declarations provide that neither has ever communicated with or provided direction to Valerio related to Plaintiff Beasley or his rental application. *Id.* In fact, neither defendant was even aware of Plaintiff Beasley's rental application. *Id.* Valerio confirmed the same in her sworn declaration. *Id.*

Plaintiffs do not dispute any of these material facts, and in fact, concede them as true in their Opposition to Defendants' Motion. *See* ECF No. 61 [Opp.] at 9 ("Pro Management employed defendant Elisa Valerio as the resident manager of the Villa La Paz Apartments."); *id.* at 21 (admitting Nijjar and Kler "are not the designated officers" of Pro Management); ECF No. 62 [DSUF] at 1 ("***undisputed***" that Valerio was employed by Pro Management); *id.* at 6 ("***undisputed***" that "Defendant Valerio never communicated with or received direction from Defendant Swaranjit (Mike) Nijjar or Defendant Daljit Kler related to Plaintiff Beasley or Plaintiff Beasley's application to rent a unit at Villa La Paz."); *id.* at 7 ("***undisputed***" that "Neither Defendant Nijjar nor Defendant Kler were aware of Plaintiff Beasley's application for a rental unit at the Villa La Paz apartments at the time it was filed or reviewed.").[1]

Nor do Plaintiffs cite to any other evidence that suggests that Nijjar and Kler had any involvement in the alleged discrimination. In describing the events giving rise to this lawsuit, Plaintiffs nowhere mention any participation or involvement (or even knowledge) by Kler or Nijjar of Valerio's actions. ECF No. 61 [Opp.] at 8-9. The reason for that is very simple: both have been dragged into this lawsuit solely because they are the corporate officers of companies that currently own or previously owned the Villa La Paz apartments. That is insufficient to make them vicariously liable for Valerio's actions (an employee who is not even employed by any of the entities owned by defendants). *Filet Menu, Inc.*, 79 Cal. App. 4th at 866. In short,

---

[1] All emphasis is added and internal citations are omitted, unless stated otherwise.

there is no evidence linking either defendant to the alleged conduct. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[T]here can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

Ultimately, Plaintiffs bear the burden of proving that Kler and Nijjar are liable for the acts of Valerio. *Akhtarshad v. City of Corona*, No. EDCV 08–290–VAP (JCRx), 2009 WL 362130, at *5 (C.D. Cal. Feb. 10, 2009) ("Since Plaintiffs have the burden of proof at trial, Defendants meet their burden by pointing out that there is an absence of evidence supporting Plaintiffs' case."). "Plaintiffs' failure to oppose Defendants' motion for summary judgment with admissible evidence establishing the essential elements of [their] case [here, the elements for vicarious liability] mandates summary judgment in Defendants' favor." *Blackfoot v. Mijares*, No. CV 07–6044–JVS (PJW), 2011 WL 3477024, at *5 (C.D. Cal. June 27, 2011); *Akhtarshad*, 2009 WL 362130, at *5 ("Plaintiffs do not rebut Defendants' assertion with any admissible evidence. Thus, Defendants are entitled to summary judgment on Plaintiffs' second claim.").[2] Accordingly, this ends the inquiry and the Court need not consider Plaintiffs' alternative arguments—none of which respond to the issues raised in Defendants' Motion. Regardless, Plaintiffs' other arguments have no merit.

### B. Individual Defendants Nijjar and Kler Cannot Be Held Personally Liable Under A Joint Venture Or Enterprise Theory of Liability

Plaintiffs' main argument is that Nijjar and Kler may be held liable because the

---

[2] Plaintiffs argue that they have been unable to obtain certain discovery, namely the depositions of Kler, Nijjar, and Valerio and certain documents. ECF No. 61 [Opp.] at 7. First, Defendants have not refused to produce any of these witnesses for deposition. Second, at no point have Plaintiffs attempted to move to compel any of the foregoing discovery. Finally, and most importantly, Plaintiffs concede all of the material facts related to Nijjar and Kler's lack of involvement in this litigation. Discovery, therefore, is not necessary to decide the narrow issue of vicarious liability raised in Defendants' Motion because there are no disputes of material fact. *Celotex Corp*, 477 U.S. at 323-24.

entity defendants that currently own or previously owned the Villa La Paz apartments are part of a joint venture or enterprise. ECF No. 61 [Opp.] at 9-21. That is both inaccurate and inapposite to Defendants' Motion. Defendants' Motion concerns the liability of individual defendants Nijjar and Kler, not the entities. Yet, Plaintiffs devote most of their Opposition to establishing a purported joint venture/enterprise among the entity defendants. But even if there was a joint venture or enterprise between the entity defendants (there is none),[3] any such finding does not, in and of itself, impose liability upon the *individual* officers, directors, or owners of those entities. Indeed, none of the cases cited in Plaintiffs' Opposition stand for the proposition that individual officers, directors, and/or owners of a corporation are liable for acts of entities that are part of a joint venture or enterprise by virtue of their positions. Nor have Defendants found the same in reviewing the caselaw.

For example, Plaintiffs rely heavily on two cases in which individuals were found liable under the Federal Trade Commission Act ("FTC Act"): *F.T.C. v. Network Servs. Depot, Inc.*, 617 F. 3d 1127 (9th Cir. 2010) and *Fed. Trade Comm'n v. Cardiff*, No. EDCV-18- 2104-DMG-PLAx, 2020 WL 6540509 (C.D. Cal. Oct. 9, 2020). Both of those cases are inapposite. In *FTC v. Network Servs. Depot, Inc.*, the issue was whether there was individual liability under FTC statute 15 U.S.C. § 45(a), a statute that is not at issue in this case. 617 F. 3d at 1138-1139. Moreover, the court discussed common enterprise liability solely for purposes of imposing a constructive trust, not to impose liability on any corporate officer or director. The same is true for *F.T.C. v. Cardiff*. There, the court was tasked with determining individual liability under the FTC Act, an issue that is completely irrelevant to this case. *Cardiff*, 2020 WL 6540509, at *13.

---

[3] The entity defendants dispute all liability and dispute the existence of any alleged joint enterprise/venture as outlined in Plaintiffs' Opposition. Regardless, the subject of Defendants' Motion concerns the liability of *individual* defendants Nijjar and Kler. Any decision by the Court regarding the liability of the *entity* defendants would be improper.

Plaintiffs' reliance on *Doe I v. Unocal Corp.*, 395 F. 3d 932 (9th Cir. 2002) is likewise misplaced. The Ninth Circuit expressly held that the 2002 decision "shall not be cited as precedent by or to this court or any district court of the Ninth Circuit." *Doe I v. Unocal Corp.*, 395 F. 3d 978, 979 (9th Cir. 2003). Regardless, the case alleged a "joint venture" gas pipeline project involving an American corporation and did not involve individual liability.

Thus, none of the cases cited in Plaintiffs' Opposition found individuals liable based on a joint enterprise theory of liability, and Defendants have yet to find cases finding the same. Plaintiffs' arguments regarding enterprise liability are simply inapplicable to the individual defendants and should be disregarded in their entirety.

### C. Defendants Nijjar and Kler Are Not Directly Liable Under a Pattern or Practice Theory of Liability

Defendants are also not liable under a theory that Defendants engaged in a purported "discriminatory housing practice." Plaintiffs argue that Nijjar and Kler are directly liable for discriminatory housing practices pursuant to regulations 24 C.F.R. § 100.7(a)(1)(ii) and 2 Cal. Code Regs. § 12010(a)(1)(B). ECF No. 61 [Opp.] at 22-26. However, Plaintiffs have failed to submit any evidence that either regulation applies. At their core, both require two elements: the existence of an agency relationship between a principal and an agent, and evidence of a discriminatory housing practice by the principal's agent or employee. 24 C.F.R. § 100.7(a)(1)(ii) ("A person is directly liable for failing to take prompt action to correct and end a discriminatory housing practice by that person's employee or agent, where the person knew or should have known of the discriminatory conduct."); 2 Cal. Code Regs. § 12010(a)(1)(B) ("A person is directly liable for failing to take prompt action as determined on a case-by-case basis to correct and end a discriminatory housing practice by that person's employee or agent, where the person knew or should have known of the discriminatory conduct, including because supervisors, managers, or principals of the person had or should have had such knowledge.").

As to the first element, there is no evidence of an agency relationship between defendants and Valerio (the employee who purportedly engaged in the discriminatory conduct). ECF No. 61 [Opp.] at 23-24. In fact, Plaintiffs altogether fail to address this element in their Opposition. That alone is dispositive in Defendants' favor. *Harris v. Vanderburg*, 584 F. Supp. 3d 82, 94-95 (E.D.N.C. 2022) (no liability for discriminatory housing practice under Fair Housing Act because tenant did not work for landlord and was not otherwise her agent); *see also id.* at 94 (citing *Meyer v. Holley*, 537 U.S. 280, 287-88) ("When a collective entity is involved, the FHA imposes liability on the collective entity but not on its officers or owners.").

Second, even if Plaintiffs had offered evidence of an agency relationship (they have not), there is no evidence that Kler or Nijjar engaged in a discriminatory housing practice. Plaintiffs rely on two pieces of "evidence" to establish this element: a declaration submitted by Joaquin Rodriguez and reference to complaints filed in other cases. The Rodriquez declaration merely states that "[d]uring [his] employment with Pro Management," an unrelated employee (Arlene) instructed him "to discourage African American rental applications and to favor Latino or white applicants." ECF No. 61-6 [Rodriquez Decl.], ¶ 5; ECF No. 61 [Opp.] at 23. This testimony is inadmissible hearsay and insufficient to create a disputed fact. *Orr v. Bank of Am., NT & SA*, 285 F. 3d 764, 779 (9th Cir. 2002) (declining to consider hearsay statement in a deposition attached as an exhibit to a summary judgment motion); *Nichia Am. Corp. v. Seoul Semiconductor Co., Ltd.*, No. CV 07-8354 PA (CWx), 2008 WL 11342571, at *6 (C.D. Cal. Oct. 7, 2008) (granting summary judgment because plaintiff failed to offer admissible evidence, finding *inter alia* declaration inadmissible hearsay). But even if it were admissible, this lone statement does not establish a widespread discriminatory housing practice, much less with respect to Plaintiff Beasley.

The same is true for the complaints cited on pages 24 and 25 of Plaintiffs' Opposition. Plaintiffs insinuate that because other lawsuits have been filed against

entities owned by Kler and Nijjar, this somehow demonstrates a discriminatory housing practice. ECF No. 61 [Opp.] at 24-25. However, those complaints are irrelevant, ranging from a bicycle injury to habitability claims. *See Charles v. Mountain View Mobile Home Estates*, SB No. CIVDS 1004144 (claim involving a child on his bike who fell on a ravine adjacent to property; *Jimenez v. Nijjar Realty, Inc., et al.*, Riverside No. RIC1116447 (habitability lawsuit); *Reina v. Group XIII Properties LP*, SB No. CIVDS 1706045 (habitability lawsuit); *Lopez v. Pama Management, Inc.*, No. 2:16-CV-9390-ODW-JCx, 2017 WL 4685009 (C.D. Cal. Oct. 17, 2017) (disability discrimination lawsuit); *see, e.g.*, *Johnson v. City of Los Angeles*, No. CV 14-5848 DMG (Ex), 2015 WL 12806460, at *3 (C.D. Cal. Oct. 13, 2014) (granting motion *in limine* to exclude evidence of other lawsuits involving the City of Los Angeles, the LAPD, or any of the involved officers as irrelevant).

And to the extent there are prior cases involving discrimination, none of those complaints would establish that defendants engaged in a discriminatory housing practice *in this case*. By its terms, liability under 2 Cal. Code Regs. § 12010(a)(1)(B) is determined on a "***case-by-case basis***," demonstrating that other allegations involving other parties has no bearing on whether a discriminatory practice exists in this case. *Marez v. Bassett*, No. CV 06-0118 ABC (RCX), 2011 WL 13213813, at *2 (C.D. Cal. Oct. 3, 2011) (excluding evidence of other lawsuits where juries found no discrimination because, *inter alia*, they are "simply not probative of what happened with this Plaintiff").

### D. Defendants Nijjar and Kler Are Not Vicariously Liable As Alter Egos

Plaintiffs' alter ego argument also fails. Plaintiffs argue that Nijjar and Kler are liable for Valerio's actions because Nijjar and Kler are the alter egos of Group XIII Properties, LP and DHA Opportunity 1, LP. ECF No. 61 [Opp.] at 27. That argument is fundamentally flawed. Whether or not Nijjar and Kler are alter egos of Group XIII Properties or DHA Opportunity 1 is completely irrelevant because Valerio

is an employee of **Pro Management**, a separate entity. ECF No. 61 [Opp.] at 9 ("Pro Management employed defendant Elisa Valerio as the resident manager of the Villa La Paz Apartments."); *id.* at 21 (admitting Nijjar and Kler "are not the designated officers" of Pro Management); ECF No. 62 [DSUF] at 1 ("undisputed" that Valerio was employed by Pro Management). Thus, Plaintiffs would need to show that Nijjar and Kler are the alter egos of Pro Management to make them vicariously liable for Valerio's actions. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1001 (N.D. Cal. Nov. 19, 2001) (holding that a "corporation may be deemed an alter ego of an individual where: [i] a unity of interest and ownership exists between the personality of the corporation and the individual owner; and [ii] failure to disregard their separate identities would result in an inequitable result").

Plaintiffs fail to make this showing. ECF No. 61 [Opp.] at 26-27. Nor could they, as it is undisputed that Nijjar and Kler hold no corporate positions at Pro Management. Thus, there is no evidence of alter ego liability and therefore, "there can be 'no genuine issue as to any material fact.'" *Celotex Corp.*, 477 U.S. at 323 ("there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial").[4]

### E.     Defendants Nijjar and Kler Are Not Liable for Punitive Damages

Finally, Plaintiffs have offered no evidence showing that Nijjar and Kler are

---

[4] In addition, the property transfers between Group XIII Properties, LP and DHA Opportunity 1, LP do not establish an alter ego relationship between those entities and Nijjar and Kler. ECF No. 61 [Opp.] at 27. "Alter ego 'is an extreme remedy, sparingly used'" and "is to be exercised reluctantly and cautiously." *Highland Springs Conf. & Training Ctr. v. City of Banning*, 244 Cal. App. 4th 267, 281 (2016). Given this high standard, courts demand a multitude of factors to be present before imposing such liability. *Shanghai Automation Instrument Co.*, 194 F. Supp. 2d at 1001 ("In determining whether there exists an unity of interest and ownership between corporation and individual, the Court must look to a totality of circumstances, where no one factor is conclusive…"). Plaintiffs have clearly failed to meet this high burden.

liable for punitive damages. To recover punitive damages, Plaintiffs must establish the existence of an agency relationship between Valerio (the alleged discriminatory actor) and Nijjar and Kler. *Miller v. Apartments & Homes of New Jersey, Inc.*, 646 F. 2d 101, 111 (3d Cir. 1981). As discussed above, Plaintiffs fail to make this showing, and have conceded that Nijjar and Kler had zero knowledge and participation in the alleged conduct. Therefore, the undisputed material facts establish that Nijjar and Kler are not vicariously liable for Valerio's conduct and as a matter of law cannot be held liable for punitive damages.

## III. CONCLUSION

Accordingly, for the foregoing reasons, the Court should reject Plaintiffs' arguments in opposition and grant summary judgment in favor of Defendants Nijjar and Kler on all claims.

Dated: April 3, 2023　　　　　　　　　LARSON LLP

By: /s/ S. G. Larson
　　　Stephen G. Larson
　　　Jerry A. Behnke
　　　Andrew Beshai
　　　Jane Davidson
Attorneys for Defendants SWARANJIT (MIKE) NIJJAR and DALJIT KLER

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Swaranjit (Mike) Nijjar and Daljit Kler, certifies that this brief contains 3,283 words, which complies with the word limit of L.R. 11-6.1.

_____
Stephen G. Larson