Stephen G. Larson (SBN 145225)
slarson@larsonllp.com
Jerry A. Behnke (SBN 180462)
jbehnke@larsonllp.com
Andrew Beshai (SBN 308030)
abeshai@larsonllp.com
Jane Davidson (SBN 326547)
jdavidson@larsonllp.com
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone:(213) 436-4888
Facsimile: (213) 623-2000

Attorneys for Defendants SWARANJIT
(MIKE) NIJJAR and DALJIT KLER

Wayne Leech (SBN 97676)
wayne@leechlaw.com
LAW OFFICE OF D. WAYNE LEECH, APC
11001 Main Street, Suite 200
El Monte, California 91731
Telephone:  (66) 443-0061
Fax:  (626) 443-1165

Attorneys for Defendants SWARANJIT
(MIKE) NIJJAR and DALJIT KLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| FAIR HOUSING COUNCIL OF RIVERSIDE COUNTY, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>GROUP XIII PROPERTIES L.P., et al.,<br><br>Defendants. | Case No. 5:21-cv-00941 JGB (KKx)<br><br>**DEFENDANTS' SWARANJIT (MIKE) NIJJAR AND DALJIT KLER'S OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>[*Filed concurrently with Reply ISO Summary Judgment; Response to Plaintiffs' Additional Material Facts; Evidentiary Objections to Plaintiffs' Compendium of Exhibits and Declarations*]<br><br>Date:        April 17, 2023<br>Time:       9:00 a.m.<br>Crtrm.:     Riverside, Courtroom 1<br>Judge:      Jesus G. Bernal<br>Trial Date: September 19, 2023 |

## I. INTRODUCTION

Defendants Swaranjit (Mike) Nijjar and Daljit Kler (collectively "Defendants"), object to Plaintiffs' Request for Judicial Notice ("RJN") filed in support of their Opposition to Defendants' Motion for Summary Judgment.

This Court should deny Plaintiffs' request for judicial notice of court records (Exhibits 33, 41, 42, 79, 36, 37, 38, and 78). Not a single one of these court records are a proper subject for judicial notice. Plaintiffs use these court records as a Trojan Horse designed to admit evidence that should never be considered by the Court—irrelevant documents, hearsay statements, and unrelated lawsuits.

## II. ARGUMENT

A court may take judicial notice of facts that are "not subject to reasonable dispute" if the facts: "1) [are] generally known within the trial court's territorial jurisdiction; or 2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

"Judicial notice of adjudicative facts must be approached cautiously because it dispenses 'with traditional methods of proof' and removes the fact noticed from the province of the jury. Fed. R. Evid. 201, *advisory committee notes to subdivision (b)*. "[J]udicial notice is appropriate only when the matter is established 'beyond reasonable controversy.'" *United States v. Jaimes*, 297 F. Supp. 2d 1254, 1256 (D. Haw. 2003).

Courts have repeatedly held that it is improper to take judicial notice of irrelevant documents, hearsay statements, and unrelated lawsuits—all the reasons that Plaintiffs have asked this Court to consider their court records. This Court should, therefore, deny Plaintiffs' requests for judicial notice as to all court records (Exhibits 33, 41, 42, 79, 36, 37, 38, and 78).

### A. The Court Should Not Take Judicial Notice of Exhibit 33, As It Does Not Contain the Adjudicative Fact Plaintiffs' Claim and Is Offered for an Improper Hearsay Purpose

Plaintiffs ask this Court to take judicial notice of Sherri Wilson's declaration (Exhibit 33)—from an entirely unrelated case—for the proposition that "[Defendant] Kler gives performance evaluations of supervisors with input from Sherri Wilson, Director of Human Resources for Pama Management, Inc. and I E Rental Homes, Inc." (ECF No. 62, PAMF 39.)

The Court should decline this request for two reasons. First the adjudicative fact that this exhibit supposedly proves—that Defendant Kler gives performance evaluations—does not exist anywhere in the Declaration. (ECF No. 60, Ex. 33.) In fact, Daljit Kler is not mentioned *a single time* in the declaration. (*Id.*)

Second, "the court may take judicial notice that documents were filed in a lawsuit *but not the contents of the documents or the truth of the contents*." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1032 (C.D. Cal. 2015) (emphasis added). The declaration of Sherri Wilson is hearsay, and it does not fall into any exception; therefore, the Court cannot take judicial notice of the truth of its contents. *In re Esquerra*, No. BAP CC-18-1257-LSTA, 2019 WL 2762938, at *5 (B.A.P. 9th Cir. June 28, 2019) (declining to take judicial notice of documents filed in court because "none of the documents in the RJN were authenticated or explained as exceptions to hearsay").

### B. The Court Should Not Take Judicial Notice of Exhibit 41, As it is Offered for an Improper Hearsay Purpose

Plaintiffs ask this Court to judicially notice Carol Sawamura's declaration (Exhibit 41)—from an entirely unrelated case—for the proposition that "Properties once managed by Pama Management are now managed by companies with different names, although ownership and operation remains the same." (ECF No. 62 at PAMF 39.) Sawamura's knowledge, however, is based on nothing more than hearsay. (ECF

No. 60, Ex. 33.) The statements in her declaration are based entirely on what "the on-site manager informed [her]" and "based on [her] communications with the [] ownership." (ECF No. 60, Ex. 33.) As explained, the Court should not take judicial notice of hearsay statements in a filed declaration. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 779 (9th Cir. 2002) (declining to consider hearsay statement in a deposition attached as an exhibit to a summary judgment motion).

### C. The Court Should Not Take Judicial Notice of Exhibit 42, As Plaintiffs Offer the Exhibit for a Legal Conclusion—Not a Fact

Plaintiffs ask this Court to take judicial notice of the court order in *State v. Group IX BP Properties, LP*, LA Superior Court No. 22STCV05624 (Exhibit 42), an entirely unrelated case, for the proposition that, "That argument has been successful." (ECF No. 62 at PAMF 150.) It is unclear what "[t]hat argument" means. Presumably, the "argument" at issue is that "Defendants Nijjar and Kler have for years relied on their positions as corporate officers to deflect liability." (ECF No. 62 at PAMF 149.)

Taking judicial notice of Exhibit 42 for the purpose Plaintiffs intend is improper. Plaintiffs are not asking the Court to judicially notice a fact. Rather, Plaintiffs ask this Court to observe a conclusion in an order from another case and speculate as to what argument the party must have made that ultimately resulted in that order. The purpose of Federal Rule of Evidence 201 is not for courts to read tea leaves scattered throughout judicial opinions, it is to judicially notice *facts*. Plaintiffs have not pointed to any *facts* for the Court to judicially notice from Exhibit 42. *Bird v. Globus Med., Inc.*, No. 19-CV-1024-KJM-CKD, 2020 WL 5366300, at *1 (E.D. Cal. Sept. 8, 2020) ("The court declines to take judicial notice of anything in the exhibits that may be construed as a legal conclusion . . . ").

### D. The Court Should Not Take Judicial Notice of Exhibit 79, As It is Irrelevant and Highly Prejudicial

Plaintiffs ask this Court to take judicial notice of the complaint in *Bouzane v. Nijjar, et al.,* LA Superior Court No. 22STCV38447 (Exhibit 79)—an entirely

unrelated case—for the proposition that "the complaint filed against Nijjar, Kler and related individuals and companies by their unpaid lawyer identifying pages and pages of eviction and civil actions he had filed on their behalf with respect to hundreds of their real properties." (Opp. to Mot. for Summ. J. at 6, fn.1.)

This complaint is highly prejudicial and irrelevant. The *Bouzane* case is a contract dispute between Defendants and an unrelated third party—none of which pertains to the claims at issue here. The request undermines Federal Rule of Evidence 201, which states that judicial notice may be taken of "adjudicative facts." Such facts are those "which have a tendency in reason to prove or disprove some material issue in the case." 10 Moore's *Federal Practice* § 200.10. This complaint does not have a tendency to prove or disprove any material issue in the case; rather, it is a transparent attempt to sully Defendants' reputation by invoking their "unpaid lawyer" and "pages of eviction and civil actions."

### E. The Court Should Not Take Judicial Notice of Exhibits 36-38 and 78, As These Are Irrelevant Complaints from Unrelated Lawsuits

Plaintiffs ask this Court to take judicial notice of the complaints in *Lamkin, et al. v. Group III SGV Properties and Group III Properties LP*, No. MCC1700449 (Exhibit 36); *Cluck, et al. v. IE Rentals, LLC and Pama Management, Inc.*, No. 19CIVDS 1924730 (Exhibit 37); and *Brown v. Starlite Mgmt - VI, LP, Pama Management, Inc. and IE Rental Homes*, No. 19CIVDS 1924481 (Exhibit 38). (ECF No. 62 at PAMF 87.) None of these cases are proper subjects of judicial notice, as each one is an unrelated habitability case involving an entirely different ownership and management entity than the ones at issue in this lawsuit.

Equally inadmissible is the complaint in *Lopez v. Pama Management, Inc., No. 2:16-CV-9390-ODW-JCx* (Exhibit 78), an entirely unrelated case, which Plaintiffs cite for the proposition that "[i]n 2016, a disabled man sued Pama Management, Inc., Nijjar Realty, Inc., and Group XIII Properties, LP for violating the Fair Housing Act by willfully refusing to make a reasonable accommodation." (ECF No. 62 at PAMF

87.)

None of these lawsuits involve a claim of race discrimination, which is the only claim at issue in this case. It is not proper, therefore, for this Court to take judicial notice of these lawsuits. *U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1382 (C.D. Cal. 2014), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017) (declining to consider unrelated lawsuits in which the parties alleged a different claim that the proponents "do not allege here").

## III. CONCLUSION

Because every court record Plaintiffs have offered for judicial notice (Exhibits 33, 41, 42, 79, 36, 37, 38, and 78) are introduced for an improper purpose, this Court should deny Plaintiffs' request for judicial notice as it pertains to court records.

Dated: April 3, 2023         LARSON LLP

By: /s/ Stephen G. Larson
Stephen G. Larson
Jerry A. Behnke
Andrew Beshai
Jane Davidson
Attorneys for Defendants SWARANJIT (MIKE) NIJJAR and DALJIT KLER