BRANCART & BRANCART
 Christopher Brancart (SBN 128475)
 *cbrancart@brancart.com*
 Elizabeth Brancart (SBN 122092)
 *ebrancart@brancart.com*
P.O. Box 686
Pescadero, CA 94060
Tel:   (650) 879-0141
Fax:   (650) 879-1103

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FAIR HOUSING COUNCIL OF RIVERSIDE COUNTY, INC., and JAMES BEASLEY,**<br><br>Plaintiffs,<br><br>vs.<br><br>**GROUP XIII PROPERTIES LP, GROUP XIII PROPERTIES, INC., SWARANJIT (MIKE) NIJJAR, ELISA VALERIO, DHA OPPORTUNITY 1, LP, DHA OPPORTUNITY 1, INC., and DALJIT KLER**<br><br>Defendants. | Case 5:21-cv-00941-JGB-KK<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' COMPENDIUM OF EXHIBITS AND DECLARATIONS AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing:<br>Date: April 17, 2023<br>Time: 9:00 a.m.<br>Ctrm: Riverside, Courtroom 1<br><br>Judge: Jesus G. Bernal |

Defendants Swaranjit (Mike) Nijjar and Daljit Kler have objected to evidence offered by plaintiffs in opposition to defendants' motion for summary judgment. (ECF 67.)  They also object to plaintiffs' request for judicial notice of court records

//
//
//
//

(Exhibits 33, 41, 42, 36, 37, 39, 78 and 79). (ECF 66.).[1]

## I. Response to objections to request for judicial notice

Defendants' primary objection to plaintiffs' request for judicial notice of court records is that the contents of the documents are not appropriate for judicial notice because they are hearsay and/or irrelevant. (ECF 66.) As described below, however, the contents of those court records are not offered for their truth but for the fact that they were filed, putting defendants' on notice of malfeasance in the operation of their rental properties. The fact that those documents were filed is certain judicially noticeable and the contents are separately admissible for a nonhearsay purpose. Defendants' objections to plaintiffs' Request for Judicial Notice should be overruled.[2]

## II. Response to objections to exhibits

### A. General principles

In considering summary judgment motions, the Court does "'not focus on the admissibility of the evidence's form,'" but "'on the admissibility of its contents.'" *Sandoval v. Cty. of San Diego*, 985 F.3d 657, 666 (9th Cir.), cert. denied sub nom. *San Diego Cty. v. Sandoval*, 142 S. Ct. 711 (2021) (quoting *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) and citing Fed. R. Civ. P. 56(c)(2)); *S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 926 (9th Cir. 2014) (same). The Court need not scrutinize or give a full analysis to objections that are "boilerplate recitations of

---

[1] Once the defendants object to evidence plaintiffs seek to admit, "the onus [is] on Plaintiffs to direct the district court's attention to authenticating documents, deposition testimony bearing on attribution, hearsay exceptions and exemptions, or other evidentiary principles under which the evidence in question could be deemed admissible by the district court." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385–86 (9th Cir. 2010).

[2] To clarify, the Declaration of Sherri Wilson is not offered to prove that Daljit Kler gave performance evaluations with input from Ms. Wilson, but to prove that Ms. Wilson has stated that she is the Director of Human Resources for Pama Management, Inc. and I E Rental Homes, Inc. (ECF 66 at 3; ECF 62, PAMF 39.)

-2-

evidentiary principles . . . without analysis applied to specific items of evidence." *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (internal quotation omitted).

### B.   Relevance objections

Defendants make relevance objections to the deposition transcript excerpts, declarations, court filings and administrative filings from cases other than this one, (Exhibits 3-5, 9, 33-34, 36-38, 41-43, 45, 75, 78-79), to recorded grant deeds, deeds of trust, and liens regarding properties other than the Villa La Paz Apartments, (Exhibits 14-20, 39-40, 66), and to corporate and real estate licensing documents filed by or regarding entities other than the four corporate entities named in this action (Exhibits 7, 21-26, 46-65, 67-68, 72-74, 76-77).

But an "'objection to evidence on the ground that it is irrelevant' is 'duplicative of the summary judgment standard itself' and is thus 'redundant' upon a motion for summary judgment.'" *Jackson v. Cnty. of San Bernardino*, 191 F. Supp. 3d 1100, 1104 (C.D. Cal. 2016) (quoting *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal.2006)).  This is because facts that are irrelevant do not create a disputed issue of material fact. *Burch*, 433 F. Supp. 2d at 1119.  Therefore the Court need not rule on defendants' relevance objections.  *See, e.g., Patterson v. Reliance Standard Life Ins. Co.*, 986 F. Supp. 2d 1140, 1144 (C.D. Cal. 2013).

In any event, the information that defendants deem irrelevant is in fact aimed at the heart of defendants' motion.  The evidence is offered by plaintiffs to show, *inter alia*, that defendants are not entitled to the protection usually accorded to corporate owners or officers because they themselves are the controlling participants in the joint venture or enterprise that is the Nijjar family's business.  (See ECF 61 at 9-28.)

### C.   Prejudice objections

Defendants object that information contained in the complaints and liens filed against them and/or other of their related corporations regarding properties other than

the Villa La Paz should be excluded under Fed. R. Evid. 403 because it is unduly prejudicial. (Exhibits 36-40, 43, 78-79.) But the Court "need not exclude evidence at the summary judgment stage for danger of unfair prejudice, confusion of the issues, or any other grounds outlined in Rule 403." *Montoya v. Orange Cnty. Sheriff's Dep't*, 987 F. Supp. 2d 981, 994 (C.D. Cal. 2013). A Rule 403 objection is unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues. *Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019).

**D.     Hearsay objections**

Defendants object that the allegations contained in the prior civil actions and HUD complaints filed by plaintiffs (Exhibits 36-38, 53, and 78) constitute inadmissible hearsay. But the content of those prior complaints is not offered for the truth of the matter but to establish that Nijjar, Kler, and their close associates Sherri Wilson, Jesse Castillo and Everet Miller, were on notice of repeated allegations of misconduct and malfeasance in the operation of their rental properties. *Calmat Co. v. U.S. Dep't of Labor*, 364 F.3d 1117, 1124 (9th Cir.2004) ("[T]he testimony was not admitted to prove the truth of Sengle's out-of-court statement to supervisors, but as evidence that CalMat supervisors were aware that Lewis threatened him and made racially-offensive comments."). That notice, coupled with Nijjar and Kler's failure to take remedial action, is strong evidence that Nijjar and Kler maintain a policy of not responding to complaints or of willful blindness which, in turn, may establish liability for both compensatory and punitive damages.

**E.     Objections to specific exhibits**

       1.     <u>Deposition and Declaration of Everet Miller (Exhibits 5-6)</u>

Defendants object that the excerpts of the deposition of Everet Miller and the declaration of Everet Miller (used to support plaintiffs' additional material facts 25-32, 35-36, 86) is inadmissible hearsay. (ECF 67 at p. 3.) However, defendants fail to identify any specific hearsay statements. In his deposition Miller testifies

-4-

regarding the structure of the Nijjar family's real estate holdings based on personal knowledge as the CEO and Chairman of the Board of Pama Management, Inc. – an entity in which Nijjar has controlling ownership and which historically managed the Nijjar family properties. (ECF 62, Plaintiffs' Additional Material Facts ["PAMF"] 22, 25-26.) He also describes Daljit Kler's role at Pama Management and elements of Nijjar's property ownership/corporate structure in his declaration which he states is based on his personal knowledge. (ECF 50-6 at ¶¶ 2-4, 9-10.) Miller's testimony is unlike the hearsay excluded in *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 779 (9th Cir. 2002), cited by defendants. In that case the deposition testimony excluded recounted the statements of a third party, not information from the deponent's personal knowledge. Plaintiffs may be able to elicit the same testimony from Nijjar and Kler at trial and, if they refuse to answer or claim ignorance, plaintiffs may be able to use the deposition or declaration of Miller for impeachment purposes or possibly for another purpose. Defendants' relevance objection is addressed above.

2. <u>Declaration of LAPD Officer Carol Sawamura (Exhibit 41)</u>

Defendants make a hearsay objection to the Declaration of LAPD officer Carol Sawamura (used to support plaintiffs' additional material facts 45 and 89.) (ECF 62 at 23, 89.) But Officer Sawamura is describing her own assessment – that based on her interactions the changes in ownership/management at the Vanowen property are in name only. Officer Sawamura also lays the foundation that her testimony comes from her personal knowledge. Fed. R. Evid. 901. She describes at length her 20+ years of experience and interaction with the Vanown Street property and meetings with the representatives of the property's owners over 10+ years. (ECF 60-41, ¶ 10, 29, 30, 35, 43-51, 72-77.) Plaintiffs may be able to elicit the same testimony regarding ownership and management from Nijjar and Kler at trial and, if they refuse to answer or claim ignorance, use the Officer Sawamura's declaration for impeachment purposes or possibly for another purpose. Defendants' relevance objection is addressed above.

|   |   |
|---|---|
| 1 | 3.   <u>Documents produced by defendants in discover (Exhibits 10-11,</u> |
| 2 |        <u>29, 31-32)</u> |

Defendants object that the limited partnership agreements for Group XIII Properties, LP and DHA Opportunity1, LP, and the property management agreement between DHA Opportunity 1, LP and Pro Management Company, (Exhibits 10-11, 29), are unauthenticated and constitute inadmissible hearsay. They make the same objection to documents from the employment file of defendant Elise Valerio, (Exhibits 31-32). Those objections should be overruled. First, documents produced by a party opponent in discovery are deemed authentic when used by the opposing party. *See, e.g., In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004). Nor do defendants contend that the limited partnership agreements they produced in response to Magistrate Judge Kato's discovery order lack authenticity. (ECF 41 at 9-11.) Nijjar signed the Group XIII, LP Limited Partnership Agreement and Kler signed the DHA Opportunity 1, LP Limited Partnership Agreement as well as the property management agreement. Defendants make no claim that the property management agreement for the Villa La Paz apartments or the documents from Valerio's employment file are inauthentic. *See Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996) (overruling authenticity objection where the plaintiff produced the documents to the defendant, many of the documents were on the plaintiff's letterhead and the plaintiff did not contest their authenticity).

None of the agreements are offered for a hearsay purpose. "[A] written contract that memorializes the fact of a legal agreement" falls outside the definition of hearsay because it is not offered for the truth. *United States v. Bellucci*, 995 F.2d 157, 161 (9th Cir. 1993). Here the significance of the agreements lies in that fact that they were made and their terms agreed upon. Those agreements and their terms are offered to show that Nijjar and Kler are the owners of the limited partnerships and the management agreement establishes Kler's control. The terms of the management

agreement are separately stated in Daljit Kler's responses to plaintiffs' requests for admission to which defendants do not object. (ECF 67 at 2.)

The documents from Valerio's employment file are not hearsay because they are not offered for their truth. Instead, they are offered to show that Pro Management was using the same forms as did its predecessors I E Rental Homes and Pama Management, that Pro Management succeeded I E Rental Homes, and that Sherri Wilson represented herself as "Human Resources" for Pro Management. (ECF 60-31, 60-32.) These facts are offered not for their truth but to raise the inference that the change in management at the Villa La Paz apartments was in name only and that control remained with Nijjar and Kler.

4. Lexis/Nexis Accurint database printout (Exhibit 35)

Defendants contend that the printout of Lexis/Nexis Accurint database search results seeking all business entities with the address 4900 Santa Anita Avenue, El Monte, CA 91731, # 2B or #2C is inadmissible hearsay. (ECF 67 at 12.) It is not. The printout is offered to show, under plaintiffs' theory that Nijjar and Kler are controlling participants in the family joint venture, that they have authorized over 188 active limited partnerships, limited liability companies, and corporations to represent that they do business from Nijjar and Kler's business office at 4900 Santa Anita Boulevard in El Monte. Plaintiffs may be able to elicit the same testimony regarding these businesses from Nijjar and Kler at trial and, if they refuse to answer or claim ignorance, use the printout for impeachment purposes or possibly for another purpose. Defendants' relevance objection is addressed above.

5. Declaration of Sara Tellez

Defendants object to the declaration of Sara Tellez (ECF 61-5) on hearsay, relevance and Rule 403 grounds. They assert that paragraph 8 is inadmissible hearsay where she relates that Joaquin Rodriguez "contacted FHCRC for the first time to report a complaint of misconduct by Pro Management Company." (ECF 67 at 26.) Regardless whether that portion of her statement is hearsay, Mr. Rodriguez himself

states that he "contacted the Fair Housing Council last Friday to complain about my treatment by Pro Management and to learn about my fair housing rights." (ECF 61-1, ¶ 7.) Her entire declaration is relevant because it describes the Fair Housing Council's knowledge regarding the number of complaints it has received regarding properties owned or managed by Nijjar, Kler or their affiliated companies. Defendants' Rule 403 objection is addressed above.

### 6. Declaration of Joaquin Rodriguez

Defendants object the declaration of Joaquin Rodriguez (ECF 61-6) on hearsay, relevance and Rule 403 grounds. They contend that Rodriguez alleges hearsay statements made by Arleen (last name unknown). Those statements are not offered for their truth, but for the fact that the statements were made by a person working for Pro Management. Defendants do not dispute that Rodriguez worked for Pro Management as resident manager of a property owned by a Nijjar family member. (Defendants' Response to PAMF 91, 94-95.) Rodriguez's declaration provides relevant information because it shows that Daljit Kler and Sherri Wilson continued to be involved in Pro Management operations in a way similar to the way that Ms. Kler described regarding their involvement with Pama Management. (See ECF 61 at 23-24.)

Dated: April 7, 2023.

          Respectfully submitted,

          BRANCART & BRANCART

          */s/ Elizabeth Brancart*
          Elizabeth Brancart

          Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, on April 7, 2023, I served by email via ECF a copy of the attached document – **PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' COMPENDIUM OF EXHIBITS AND DECLARATIONS AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** – on the following attorneys:

Wayne Leech
Law Office of Wayne D. Leech
11001 Main Street, Suite 200
El Monte, CA 91731
*wayne@leechlaw.com*

Stephen Larson
Jerry Behnke
Andrew Beshai
Jane Davidson
Larson LLP
555 S. Flower Street, Suite 4400
Los Angeles, CA 90071
*slarson@larsonllp.com*
*jbehnke@larsonllp.com*
*abeshai@larsonllp.com*
*jdavidson@larsonllp.com*

 */s/Elizabeth Brancart*